United State District Court
For the District of Columbia

| | | |
|---|---|---|
| John D. Black, Pro Se | ) | No 1:07CV01644 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V | ) | CIVIL ACTION |
| | ) | |
| State of New Jersey Government/ | ) | |
| | ) | |
| City of Newark Etc. ET. Al. | ) | |
| | ) | |
| Defendants, | ) | |

## MOTION FOR SUMMARY JUDGMENT

Please take notice that on a      date      set by the court the undersign plaintiff

John D Black Pro Se Shall Move on a motion before the HORNORABLE_____ U S D J

In The United State District Court District of  Columbia on a Motion for a Summary

JUDGMENT
PLEASE TAKE FUTHER NOTICE THE MOVENT SHALL RELY ON THE

AFFIDVIT WITH THE ATTACHED RECORD.

October 19, 2007

Respectfully submitted,
*John D. Black*
John D. Black Pro Se
216 Scotland Avenue
Raeford N. C 28376

# RECEIVED

OCT 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CERTIFICATION OF MAILING

I certify that on10/19 20 07 I mail a copy of  this Motion for a Summary judgment to

All the defendant at the following address State of New Jersey / Ronald Rice N J

Attorney General P O Box 808 Trenton New Jersey /City of Newark Corporation

Counsel 920 Broad Street Newark 07102 N . . . J Home deplore 339  Springfield Ave

Newark, N J.07103

Date_10/12/07

_John D. Black_

John D. Black pro se
216 Scotland Avenue
Raeford N C 28376

**United State District Court**
**For The District of Columbia**

JOHN D BLACK Pro Se                )
                                   )
Plaintiff,                         )
                                   )          Docket No1:07cv01644
                                   )
     V                             )          CIVIL ACTION
                                   )          RM C
                                   )
NEW JERSEY GOVERNMENT,             )
                                   )
  City of Newark a municipal       )
                                   )
Corporation  of the state of       )
                                   )
New Jersey Et al. etc.             )
                                   )
Defendants,                        )

### AFFIDVIT- MEMORANDUM BRIEF

I -John D Black being duly sworn on my oath
Say

1--I am the last legal deed owner of the property located in the city of Newark at 59

Magnolia Street also known as block_____ Lot    my family and I lived in the two
families

House for more than seven years.  I paid all of the real property tax due to be paid to the

City of Newark alone with all of the money due to be paid to the city of Newark for water

And sewer service for more than seven years

2 - -Christopher C Evans a family member donated the Property to me by word of
mouth /

Hand shake/ certification/ power of Attorney and Deed with all of all interest in order for

My family and I to have a place to reside after the fact that the same defendants had

Already taken all of the other properties that I owned in the city of Newark with out due

Process as provided under the 14th amendment of the U. S. constitution and. refused to pay

Plaintiff any or just compensation as provided under the 5th amendment of the us

Constitution at the following address

- Properties located in Newark at 519 South 16th street also known as Block 334 lots

20and property located at 313 -315 South Orange avenue Newark also Known as block

1779 lot 42

3---Further more I am the last legal deed owner of the property located in the city at 519

South 16th Street also Known AS Block_334 Lot_20____I lived in the house for more

Than 26 years

4- I paid to the city of Newark all of the tax due to be paid to the city for real

Property tax I also paid all the money due to be paid to the city for water and sewers bills

For more than 26 years          Exhibit- Attached

5- On      or About   October 1, 1991 the defendant knowing that a proceeding was

Pending created physical evidence to IN REM TAX FORECLOSURE Docket No

F-14695- 91 and IN REM TAX FORECLOSURE Docket N0 -F-13454-98 AND IN

REM TAX FORECLOSURE Docket NO –F14694-91-Knowing it to be false and with the

Purpose to mislead a public servant who is engaged in such proceeding or investigation

1978C: 95E2C286EFFSeptember 1, 19792C: 28-7

6- The defendant use false Documents in the court of law DATED October 1, 1991 and

With out due process
                         Exhibit Attached

Deprived me of my constitutional right to due process as provided under the united state

Constitution use the Essex county police with force took Possession of my home of 26

Years 18th month after I paid the last payment on my

Home and sold the property to another person for a great price and refuse to pay me any

Money or just compensation for my home as provided under the 5th amendment of the us

Constitution

7-  I am also the last legal deed La-oniki Inc owner of the property located in the city of

Newark at 313-315 South Orange Avenue also known as Block 1779   Lot 42 my income

Property

  8-0N or about the defendant uses a fraudulent tax foreclosure and deprive plaintiff of his

Constitution and without due process took possession of plaintiff property with

Police force and sold it to another group of people/ person for a great price to build five

Hundred thousands Dollars home and refuse to pay me any money or just compensation

For my income property Laoniki Inc

9---- The Defendants State of New Jersey government  Alleged (4)   legal actions

 That they took in the taken in the superior court of New Jersey Law Division to take

Possession of my property by way of law and the court of law property located in the

City of Newark at 59-magnolia street N J

(1) The defendants alleged that the property was being taken by the way of IN REM

TAX FORECLOSURE EXIBIT ATTACHED

(2) The defendants alleged the property was being taken by the way of EMENT

DOMAIN

(3) The defendants alleged the property was being taken by the way of In Condemnation

(4) The defendants alleged that my home property was being taken because my house it was

ABANDANDED while I was living in my House. And the property.

The fact of this Matter the defendants did not take any legal action according to law to acquire my

Property located at 59 Magnolia Street or any of the other properties at the other

Location in Newark New Jersey willing and willfully with the intent to deprive

Me plaintiff of my constitutional

Right and did   deprive plaintiff of life liberty an properties with out due process of the

Law

10    -0N    OR ABOUT     2003 Two Newark police to take possession of

My property home at 59-magnolia street Newark N J   on a date and time in the year of

2003 two Newark police came to my house alone with about 15 other people described as

Special building inspector and began beating on my windows and door when I went to

The Front door of my house the two Newark police was standing in the front of my glass

Screen door the one on the right side of me told me to open the door I ask if you have a

Warrant? And Police told me if I did not open the door he was going to shoot me thou the door,

11- I than open the door and the two Newark police order me to sat down in the living room on my first

Floor as the group of people went from the first to the third floor punching hole in the

Wall and ceiling of my house when the group was finish damaging the property they

Posted signed on the walls of each room of my house and on the out side of my house

That said the city of Newark will be BOADING UP THIS   ABANDANT unite on

Wednesday August 25, 2004

## EXIBIT ATTACHED

11-ON OR   about November 19, 2004 The Essex county police came to my home 59

Magnolia Street and give me a blank superior court of New Jersey Writ of possession

From the Law Department with a court docket E S X-L1947-04 that cannot be certified as a court record Document.

 And The Essex County police order me to leave my house within two hours or I would

Be arrested for trespassing on the city of Newark property

12- And the city of Newark had a group of people standing by waiting to board up my

And the did board up my property 59 magnolia street Newark N J

With in the two hours and the city of Newark sold my property to home depot top build a

Store for a great price and the defendant refuse to pay me any or just compensation for

My property.
13-On    and 2006    about   after the defendants had taken possession of plaintiff property 59

Magnolia street and sold it to home depore and home depore had build a store and open it

For businesses the defendant  State of New Jersey  Government alleged   another of

Taking way of taking possession of

Plaintiff property by the way of the court 59 Magnolia Street Newark N J

Plaintiff property by allege that in the superior court of New Jersey on or   2006 the

Court of New Jersey the AMENDED VERIFIED COMPLAINT and that the property home

Located at 59 Magnolia my home was not taken away from me and that it was taken

Away from another concern known as a said church by the name Of Greater St.  Joseph

Missionary Baptist Church (Another untrue statement document record)

St. Joseph Missionary Baptist Church does not have any interest in my property 59

Magnolia Street Newark N J 07103

EXIBIT ATTACHED

11-As a matter of facts the real property matter in the state of New Jersey are filed and

Determine in the superior court of New Jersey Chancery Division and NOT IN the Law

Division of Superior court of New Jersey and I certify that no part of this AFFIDVIT IS

FRIVOLOUS

**12- The Defendants the state of New Government have a history** of using the state of

State Superior court of New Jersey Essex county law division and for alleger purpose
criminal division to

Deprive plaintiff of his constitution rights to life liberty and property with out due process

Of law and did

On or about the Dept.Attorney General Robert L. Cerfice willfully knowing fabucated

The attached indictment with a presented date of April 29, 1990 with the true Bill Forman

James Fuppell with out a complaining witness against me knowing it to be false with

The following charges 1-Third   Degree Thief/2-Third Degree Burglary/ Third degree

Aggravate Assault/Third Degree possession of a weapon for unlawful purpose

EXIBIT ATTACHED

The defendant use the created record document physical substance knowing it to be false

With the purpose to mislead a public servant who is engaged in such proceeding

13-The State of New Jersey government inaccurate plaintiff (me} in the state of New
Jersey

Prison to keep plaintiff from obeying a ferdal court order to reduce a complaint to a

Judgment pending in the united state district court there plaintiff was treated very bad

Inhumane not allowed to have a pin or pinnacle not allowed food on many of days not

Given medication to relieve tooth ache pains .force to walk around on cold cement floors

With out shoes and to live in the mist of people that did not have control of the minds and

There body waste as some used the floors

Another fact that plaintiff would like for the court to consider after the defendant took

Possession of plaintiff home 519 south 16th street and my income property locates at

313-315 South Orange ON March 19, 1993   plaintiff went to the Division of Motor

Vehicles located in Trenton N J upgraded my regular auto to a C D LP in order to find a

Job to provide and income for my family   and did quality with a score of 8-PASS

The date was March 19    1993 plaintiff up graded his auto driving License to a C D LP in order

To provided and income for his family about two week later plaintiff found Employment

With Leisure Line Bus Co. located in Mahwah New Jersey there [plaintiff operated as a

Couch operated in and out of the state of New Jersey. After 9 month plaintiff resigned

And there after plaintiff found employment with another couch Bus CO Olympia trail

Located in Elizabeth New Jersey there plaintiff operated couch buses in and out of the

State of New Jersey and later began driving school buses transporting school children

From the date and time that file an action against the plaintiff the matter surrounding my

Real property locate at 313-315 South Orange Avenue and 519 South 16TH street the

Defendant have created record and suspended all or some part of N J Driving License

From 1991 –Until 2004 the Defendant state of New Jersey motor Department of

Transportation suspended my complete commercial C D L P and would not allow plaintiff

To operate couch or school on Frivolous charges made against me by people working in

The Department of Transportation Shoran Harrington/ and Kathy Hingham Benton with

The intent to deprive plaintiff of his constitutional rights keep plaintiff from making not

Less than 50,000 dollars a year from 1991 until 2006

The Defendant New Jersey Government willfully suspended my complete C D L P driving

License for a COMPLET life time with fraud and false willfully with the intent to deprive

Plaintiff of his constitutional rights to life liberty and property and did

The state of New Jersey government made it impossible for me to do and kind of work

In the state of New Jersey for the past 28 years  because of the damages done unto me

Plaintiff By the defendant fabricateted criminal charges made with the creates indictment

Done on plaintiff without a Complaintion, witness willing willfully with the intent to

Deprive (me) Plaintiff of my constitutional rights

### EXIBIT ATTACHED

All of the records regarding my New Jersey driving C D L P l disqualification

Records created by the defendants Are fraudulent false done willing and willfully with

The intent to deprive me of my Constitutional right to life liberty and properties

CONCLUSION:  Base on the clear and overwhelming Evidenance  plaintiff  presented in

this court that show proof the defendant IGNORED the laws of the united state

constitution and did in fact Knowingly Willingly  Wilfully deprive plaintiff of life

Liberty  and Property without due   process.And just compensation as provided.

 I Therefore make this AFFIDVIT to support A SUMMARY JUDGMENT in the above capital matter

Dated_10/19/ 2007

Respectfully Submitted

_John D. Black_

John D Black Pro Se
216 Scotland Avenue
Raeford N C 28376

## CERTIFICATION OF MAILING SERVICE

I certify that on 10  19  2007   I mail a true copy of this Affidavit was

Mail to all of the defendants at the following addresses The City of Newark Corporation

Counsel 920 Broad Street Newark New Jersey Attorney General P O BOX 808 Trenton

N J /state senator Ronald Rice same/ and to Home deport 399 Springfield Ave

Newark New Jersey 07103

Date_10_19_2007

John D. Black Pro Se
216 Scotland Avenue
Raeford, North Carolina 28376

# Newark

Municipal Court of the City of Newark
Brennan Marshall Justice Complex
31 Green Street
Newark, New Jersey 07102
(973) 733-3894

Shaka Taylor
Chief Judge

EXiBIT
D1

April 12 2006

John D Black
31 Willam St
East Orange NJ 07017

RE: Same as Above

Complaint No: A3 733410

Charge    : 393-16 2F

Dear Sir/Madam:

This is in response to your recent inquiry. After reviewing your information, we have found that you have an outstanding warrant(s) in this jurisdiction.

In order to have this matter resolved, you must either post bail or come in person to request a hearing.

If your matter is traffic related please report to Room 105, all other matters please report to Room 207. A Customer Service representative will further assist you when you report to this court.

Feel free to contact the court if further assistance is required.

Respectfully,

Lillian J. Davis
Municipal Court Director

LJD:bl



**Motor Vehicle Commission**

STATE OF NEW JERSEY
MOTOR VEHICLE COMMISSION
225 EAST STATE STREET
TRENTON, NEW JERSEY  08666
(609)292-7500

EXIBIT-2

## ORDER OF SUSPENSION

*COURT REFUSE TO FIE THIS*

JOHN     D BLACK
31 WILLIAM   STREET
EAST ORANGE   NJ 07017-5140

D.L. NUMBER   B5009 40764 03412

Your New Jersey driving privilege is suspended
as of 04/07/2006 indefinitely.

By authority of N.J.S.A. 39:5-30, Motor Vehicle Commission has suspended the
above New Jersey privilege(s) because you failed to answer a summons(es) in
the following court:

CT NAME: NEWARK MUNICIPAL COURT       CITY: NEWARK       ST: NJ  ZIP: 07102
CITY HALL ANNEX
BLDG 3
31 GREEN ST

Details of your unanswered summons(es) are shown on the back of this
notice.
You must surrender your current New Jersey driver license to Motor Vehicle
Commission immediately. You may not drive until you receive written notice
of restoration from the Chief Administrator of Motor Vehicle Commission. If
you continue to drive while suspended, you could face up to five years in
jail.

| SUMMONS NUMBER DETAILS OF | JOHN | D BLACK | D.L.NUMBER: B5009 40764 03412 | |
| --- | --- | --- | --- | --- |
| DATE | DESCRIPTION | | SUMMONS NO. | DOCKET NO. |
| 11/03/2005 | FAILURE TO APPEAR | | AS 733410 | NOT AVAIL |

*Sharon A. Harrington*
Sharon A. Harrington, Chief Administrator

Please visit us at www.njmvc.gov

- - - - - Detach And Return This Part - - - - -

JOHN     D BLACK
31 WILLIAM   STREET
EAST ORANGE   NJ 07017-5140

D.L. B5009 40764 03412

G21 O FSFA

Restoration Fee Due:    $100.00

Return this part with your current New Jersey driver license and your $100
restoration fee check or money order, made payable to N.J. Motor Vehicle
Commission. Please use the enclosed return envelope.
Court receipts showing that you satisfied your unanswered summons(es)
should be enclosed with this part and your restoration fee payment.

VF/B50094076403412U0000000001000006097EDHFPAIDEDH0015206L130000005

SUMMONS NUMBER DETAILS OF   JOHN   D BLACK

D.L.NUMBER: B5009 40764 03412

| DATE | DESCRIPTION | SUMMONS NO. | DOCKET NO. |
|------|-------------|-------------|------------|
| 11/03/2005 | FAILURE TO APPEAR | AS 733410 | NOT AVAIL |





EX.B.T. A-5



FILED
OCT 24 2006
IN THIS OFFICE
Clerk, U. S. District Court
Greensboro, N. C.
By _____

| **Deed** | Record and return to: |
|---|---|
| Christopher Evans | |
| *to* | John D. Black |
| | 59 Magnolia Street |
| John D. Black | Newark, New Jersey 07103 |

15

N 912—Quitclaim deed, statutory deed language.
Ind. or corp., 5-83

© 1981 by Julius Blumberg, Inc., Publisher, NYC 10013

Consult your Lawyer before signing this deed — it has important legal consequences.

# Deed

**Date**          This Deed is made on **September 15, 2004**   between

**Parties**

**Grantor**
*Full name(s)*
*and post*
*office address*

CHRISTOPHER C. EVANS
2090 MC NEIL FARM ROAD
RAEFORD, NC 28326                    Grantor, and

**Grantee**
*Full name(s)*
*and post*
*office address*

JOHN D. BLACK
59 MAGNOLIA STREET
NEWARK NEW JERSEY 07103                    Grantee.

(The words "Grantor" and "Grantee" include all Grantors and all Grantees under this Deed.)

**Consideration**          In return for the payment to them of
                              One          Dollars ($ 1.00          ),

**Conveyance**          the Grantor grants and releases to the Grantee all of the claims of the Grantor
upon the land located in the City of Newark   Essex          County
of          and State of New Jersey, specifically described
as follows:

**Description**          Tax Map Reference  (N.I.S.A.46;15-2.1) Municipality of Newark
**of Land**          Block No. 2607          Lot No. 30          Account No.
No property tax identification number is avaible on the date of
this deed. (Check box if applicable)
PROPERTY. The property consists of the land and all the building
and structures on the land in
the   CITY   of   NEWARK
COUNTY of   ESSEX   and State of New Jersey. The legal
description is;

BEGINNING at a point in the southwesterly line of Magnolia Street
distant 38.65 feet northwesterly from the intersection of the same
with the northeasterly line of 18th Avenue, the said beginning
point being also no the northerly side of the frame house standing
on the adjoining premises on the south; from thence running

(1) along the aforesaid line of Magnolia Street North 32 degrees
46 minutes West 25.16 feet to the Northerly side of the frame house
standing on the premises herein described; thence
(2) along the said side of the house and in continuation thereof
South 57 degrees 31 minutes West 38.90 feet to the northerly side
of the frame building adjoining; thence
(3) along the same south 75 degrees 24 minutes East 4.61 feet
thence running
(4) along the easterly side of the said building South 18 degrees
23 minutes West 3.58 feet; thence
(5) still along the easterly side of the said building South 0
degrees 41 minutes West 10.14 feet to the northwesterly line of
18th Avenue; thence
(6) along the same South 74 degrees 16 minutes east 19.18 feet to
the westerly side of the frame house adjoining the premises herein
described; thence
(7) along the same North 15 degrees 5 minutes East 5.00 feet to an
angle in the same; thence
(8) still along the westerly side of the said building North 57
degrees 45 minutes East 27.74 feet to the southwesterly line of
Magnolia Street and the point and place of BEGINNING.
BEING the same premises conveyed to grantor herein as follows;
(a) Under Deed from Rose Bertino, married; Mary Everly, married
Jennie Bitale, married; James Lordi, married; Carol Starkey, married
and Robert Lordi, married, dated March 28, 1984 recorded December 2
1984 in book 4857 page 186;(b)Under Deed from Dorothy Lordi, single
Ruth le Boutillier, married and Helen Montgomery, married date March
28, 1984 recorded December 28,1984 in book4857 page 192; (c) Under
Deed from Almerica Parente, married; Jeanette Lavore, married; Pete
Parenty, married; Thomas Parenty, married; and Louis Parenty, married
dated March 28, 1984 recorded December 28, 1984 in Deed Book4857
page 196;(d)Under Deed from LUCY Linney, unmarried;   (SEE OTHER SIDE)

This Deed was prepared by

Patricia Walker          *Patricia Walker*
                              *Print of type name*          *Signature*

Consideration:          1.00
County:          0.50
State:          1.25
N.P.R.F.:          0.00
Realty Tax:          2.00
Fees:          80.00

Carole A. Graves   1
Essex County Register
Pg 506 #Pge 5
Bk 6117

Instr# 1109428
Recorded/Filed LJ   1
10/18/2004 12:53:0

16

**Municipal Lot and Block or Account Number**

The land is now designated as Lot _____ in Block _____ on the municipal tax map (or as Account No. _____ ).

*Check box if applicable* ☐ No property tax identification number for the land is available at the time of this conveyance.

**Receipt of Consideration**

The Grantor has received the full payment from the Grantee.

**Signature of Grantor**

The Grantor signs this Deed on the first date above. If the Grantor is a corporation this Deed is signed by its corporate officers and its corporate seal is affixed.

Signed, sealed and delivered in the presence of or attested by:

_____    _____ (SEAL)
Christopher Evans

_____    _____ (SEAL)

## CERTIFICATE OF ACKNOWLEDGMENT BY INDIVIDUAL

State of New Jersey, County of **Essex**

I am a **Notary Republic** an officer authorized to take acknowledgments and proofs in this State. I sign this acknowledgment below to certify that it was made before me.

On **September 15, 2004**

**CHRISTOPHER EVANS**

appeared before me in person. (If more than one person appears, the words "this person" shall include all persons named who appeared before the officer and made this acknowledgment). I am satisfied that this person is the person named in and who signed this Deed. This person acknowledged signing, sealing and delivering this Deed as this person's act and deed for the uses and purposes expressed in this Deed.

This person also acknowledged that the full and actual consideration paid or to be paid for the transfer of title to realty evidenced by this Deed, as such consideration is defined in P.L. 1968, c. 49, §1(c), is **$1.00 (one Dollar)**

EDWARD S. LEWIS          *Edward S Lewis*
NOTARY PUBLIC OF NEW JERSEY    _____
My Commission Expires July 25, 2006    Edward Lewis    *Officer's signature. Print, stamp or type name and title directly beneath.*

## CORPORATE PROOF BY THE SUBSCRIBING WITNESS

State of New Jersey, County of _____

I am a _____ an officer authorized to take acknowledgments and proofs in this State.

On _____ (from now on called the "Witness") appeared before me in person. The Witness was duly sworn by me according to law under oath and stated and proved to my satisfaction that:

1. The Witness is the _____Secretary of the Corporation which is the Grantor in this Deed.

2. _____the officer who signed this Deed, is the _____President of the Corporation (from now on called the "Corporate Officer").

3. The making, signing, sealing, and delivery of this Deed have been duly authorized by a proper resolution of the Board of Directors of the Corporation.

4. The Witness knows the corporate seal of the Corporation. The seal affixed to this Deed is the corporate seal of the Corporation. The seal was affixed to this Deed by the Corporate Officer. The Corporate Officer signed and delivered this Deed as and for the voluntary act and deed of the Corporation. All this was done in the presence of the Witness who signed this Deed as attesting witness. The Witness signs this proof to attest to the truth of these facts.

The Witness also acknowledged that the full and actual consideration paid or to be paid for the transfer of title to realty evidenced by this Deed, as such consideration is defined in P.L. 1968, c. 49, §1(c), is $_____

Sworn to and signed before me on the date written above.

_____    _____
*Witness: sign above and print or type name below.*

_____
*Officer's signature. Print, stamp or type name and title directly beneath.*

*17*

(d) UNDER Deed from Lucy Lippey, unmarried; Julia Lordi, widow and Peter
Lordi, married dated date March 28. 1984 recorded January 10,1985
in book 4858 , page 491.
SUBJECT TO EASEMENTS, RESTRICTIONS OF RECORD, IF ANY AND THE
ZONING ORDINANCES OF THE CITY OF NEWARK, NEW JERSEY.

This Deed was prepared by...............................    ..................
                      print or type name           signiture
                    Patricia Walker

19

UNITED STATES POSTAGE **$ 00.37⁰**

MAILED FROM ZIPCODE 07:

110428
JOHN D. BLACK
59 MAGNOLIA STREET
NEWARK NJ 07103

ESSEX COUNTY REGISTER'S OFFICE
HALL OF RECORDS
ROOM 130
NEWARK, N. J. 07102

19

# POWER OF ATTORNEY

B-2

FILED
OCT 24 2006

TO ALL PERSONS, be it known, that I,     Christopher C. Evans     of

C Neil Farm Road Raeford. N.C, as Grantor, do hereby grant a limited and

fic power of attorney to          John D. Black          , of

31 William Street East Orange N. J , as my attorney-in-fact.

My named attorney-in-fact shall have full power and authority to undertake and

**To collect the sum of money estimated by plaintiff to be just compensation For the taking**
**of property located in the city of Newark known as block 2607          lot 30 said to be**
**deposit with the clerk of the Court on April 2, 2004 by An 0RDER of Superior Court judge**
**Honorable Joseph Falcone, AJSC in the Amount of 72, 000.00**
**Dollars an or other act including deposing the said or other money into his personal Bank account.**
**So far as I am concern the money is his**

The authority granted shall include such incidental acts as are reasonably required

or necessary to carry out and perform the specific authorities and duties stated herein.

My attorney-in-fact agrees to accept this appointment subject to its terms, and

agrees to act and perform in said fiduciary capacity consistent with my best interests as he

in his discretion deems advisable, and I ratify all acts so carried out.

This power of attorney may be revoked by me at any time, and shall automatically

be revoked upon my death, provided any person relying on this power of attorney before

or after my death shall have full rights to accept the authority of my attorney-in-fact con-

sistent with the powers granted until in receipt of actual notice of revocation.

Signed under seal this          day of          , 19

_____
Grantor

_____
Attorney-in-Fact     John D. Black

State of

County of          ,SS.          , 19

Then personally appeared     John D. Black/Dave and _____

, who acknowledged the foregoing, before me.

_____
Notary Public     Ronald Aronces, ESe,
My Commission Expires:     Attorney at Law
          State of N. J.

# POWER OF ATTORNEY

TO ALL PERSONS, be it known, that I,     Christopher C. Evans        , of

N/C Neil Farm Road Raeford, N.C, as Grantor, do hereby grant a limited and

ctific power of attorney to        John D. Black             , of

31 William Street East Orange N. J , as my attorney-in-fact.

My named attorney-in-fact shall have full power and authority to undertake and

**To collect the sum of money estimated by plaintiff to be just compensation For the taking
of property located in the city of Newark known as block 2607      lot 30 said to be
deposit with the clerk of the Court on April 2, 2004 by An 0RDER of Superior Court judge
Honorable Joseph Falcone, AJSC in the Amount of72, 000.00
Dollars an or other act including deposing the said or other money into his personal Bank account.
So far as I am concern the money is his**

The authority granted shall include such incidental acts as are reasonably required

or necessary to carry out and perform the specific authorities and duties stated herein.

My attorney-in-fact agrees to accept this appointment subject to its terms, and

agrees to act and perform in said fiduciary capacity consistent with my best interests as he

in his discretion deems advisable, and I ratify all acts so carried out.

This power of attorney may be revoked by me at any time, and shall automatically

be revoked upon my death, provided any person relying on this power of attorney before

or after my death shall have full rights to accept the authority of my attorney-in-fact con-

sistent with the powers granted until in receipt of actual notice of revocation.

Signed under seal this            day of            , 19

_____
Grantor

_____
Attorney-in-Fact      John D. Black

State of

County of            .SS.            , 19

Then personally appeared CHRISTOPHER C EVANS        and JOHN D. BLACK

, who acknowledged the foregoing, before me.

_____
Notary Public  OWeki Black ESS

My Commission Expires: Attorney at Law
State of N.C

Name: JOHN D. BLACK POWER OF ATTORNEY PRO SE
Address: 2990 MC Neil FARM ROAd
  City
  State: RAeFORd NORTH CAROliNA 28376 9789
  Zip
Tel. No.: 973-444 2957

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CITY OF NEWARK, a municipal corporation
of the State of New Jersey,

                                        :    SUPERIOR COURT OF NEW JERSEY
                                             LAW _____ DIVISION
                                             ESSEX _____ COUNTY
                          Plaintiff     :    DOCKET NO. ESXL-1949-04
    vs.
                                        :
  Christopher C. Evans
  (Dave)John D. Black                   :        CIVIL ACTION

                          Defendant     :        CERTIFICATION

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .


     CHRISTOPHER EVANS,
hereby certify as follows: _____ (name), of full age, upon my oath,


On  September 15, 2004 Christopher C. Evans conveyed to the John D.Black plaintiff the
following Described

Land/property/ in the city of Newark Essex New Jersey
Legal description is

 BEGINNING at the point on the southwesterly line of magnolia street distant 38.65
northwesterly front the

Intersection of the same the northeasterly line of 18th Avenue the said beginning point
being also an the

Northerly side the frame house standing on the adjoining premise on the south from thence
running  ·

1 alone the aforesaid line of magnolia street north 32 degrees 46 minutes west 25.16 to the
northerly side of the

Frame house standing on the premises herein described thence

1

Together with all and singular houses, buildings, trees, ways, waters, profits, privileges, and Advantages, with the appurtenances, to the same or in anywise appertaining:

ALSO, all of the estate right title, interest, property, claim, and demand whatsoever, of the said

Party of the first part, of, in and to every part and parcel thereof,

(3) Plaintiff had been in peaceable possession of such land sense the recording the recording of

Such deed and thereafter has always claimed to be the owner of the same.

(4) Plaintiff's title to such land or part thereof is denied or disputed by the defendants who Claims to own some or part, thereof, or some interest therein or to hold some lien or Encumbrance thereon...

WHEREFORE, Plaintiff demands
A  That the defendants has no title to nor interest in nor encumbrance upon such lands.

(B) That the plaintiff has a good and valid title to such land and promises insofar as the claim of the defendant is concerned.

Cc John  D. Black Power of Attorney
Cc –Judge DONALD W MERKELBACH JSC

JOHN D. BLACK, POWER OF ATTORNEY
c/o P. STEWART
194 So. 7TH STREET
NEWARK, NEW JERSEY 07103
(973) 444-2957

SEP ? 8 2005

FINANCE DIVISION
RECEIVED/FILED

|  |  |
|---|---|
|  | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: ESSEX COUNTY**<br>**DOCKET NO. ESXL41947** |
| **CITY OF NEWARK**, a municipal corporation<br>of the State of New Jersey, )<br> ) | **CIVIL ACTION** |
| Plaintiff ) | |
| vs. ) | **CERTIFICATION** |
| **CHRISTOPHER G. EVANS /**<br>**(DAVE) JOHN D. BLACK** )<br> ) | |
| Defendant ) | |

JOHN D. BLACK_____, of full age, upon my oath, hereby certify as follows:

1.  I am the Power of Attorney in fact. I am the tenant and Last Registered Deed Owner. I am truly with the matters surrounding the property, 59 Magnolia Street, also known as Block 2607 Lot 23.

2.  Christopher Evans and John D. Black (Nick Name: Dave) are family members. They share their concerns. After may years in business, Mr. Evans retired and sold his business to move south out of concern for John D. Black, Evans gave this property known as 59 Magnolia to his cousin to do whatever he chose to do with the property. Take advantages of the said property, known as Block 2607 Lot 23,

3.  After the fact that the Plaintiff had taken my home located at 519 So. 16th Street without due process / and Black Corporation property located at 313-315 South Orange Avenue without due process and destroyed it and gave it to other to build houses Five Hundred Thousand Dollars ($500,000.00)

4.      I chose to live in the house and paid the tax on the property at 59 Magnolia until I was told the City was going to take the property.   Assuming that I was a tenant and Eminent Domain / In Condemnation was in action or otherwise taken of the said properties, as stated above.   The Plaintiff did not offer me the replacement service or relocation service of any type.   I did not have any reason to change the deed, until it became clear to me that the Plaintiff, The City of Newark, was working around me and taking the property donated to me by my cousin, Christopher Evans. (See exhibit A & B)

5.      On November 19, 2004, the Essex County Police Team forced my family and I away from the property and from that day, we do not have a home to reside in.   I further certify that I have worked fifty-one (51) years of my life and the City of Newark has taken all the property that I own without due process.   I need the money direct so that at least I can find somewhere to live.

I hereby certify that the above statements made by me are true.   I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Date: _Act 28 2005_     (Signed): _Ahm D. Black_
                                                                (Name)

9

Name JOHN D. BLACK, POWER OF ATTORNEY
&/o P. STEWART
Address: 194 SOUTH 7th STREET
City
State NEWARK NEW JERSEY 07103
Zip
Tel. No.:

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CITY OF NEWARK, a municipal
CORPORATION of THE STAT OF NEW JERSEY
                                          Plaintiff

vs.

CHRISTOPHER C. EVANS/(DAVE)
JOHN D. BLACK
                                          Defendant

SUPERIOR COURT OF NEW JERSEY

____LAW____ DIVISION

ESSEX____ COUNTY

DOCKET NO. ESXL 41947

CIVIL ACTION
PROOF OF MAILING

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

JOHN D. BLACK_____(your name), of full age, certify
that all parties with an interest in this action were given notice of my
Notice of Motion for withdrawal of funds on deposit with the Clerk of the
Superior Court as follows:

[List the name and address of each person that you sent a copy of the
motion papers to.]

1. Motions Clerk
   ESSEX____ County Courthouse
   SUPERIOR COURT OF NEW JERSEY
   50 WEST MARKET ST
   NEWARK NEW JERSEY 07102

2. Superior Court Trust Fund Unit
   P.O. Box 971
   Trenton, New Jersey 08625



Office of the Superior Court Clerk
By Deputy Clerk of the Superior Court

NOV - M 2005

RECEIVED
ESSEX

(over)

Department of Health And Human Service
ANN KLEIN FORENSIC CENTER, TRENTON NJ
Peter Harvey Attorney General Department
of Law and Public Safety Hughes Justice Complex
P O Box 080 25 West Market Street TRENTON NJ.

4. (Dave) JOHN D. BLACK c/o D Stewart
194 So 7th Street Newark NJ.
NEWARK  NEW JERSEY

1008

5. Christopher Evans/
2070 Mc Neil FARM Rd
RAEFORD North Carolina

NONE

6.

7.

I hereby certify that the above statements made by me are true.
I am aware that if any of the statements made by me are willfully false,
I am subject to punishment.

Date: Sept 28, 2005

(Signed): _____
(Name)

Christopher C Evans
2090 MC Neil FORM Road
Raeford North Carolina 28376-9709

Notice to the Superior Court Trust Fund Unit
Richard J Hughes Justice Complex
P O BOX 971
25 West Market Street
Trenton N. J 08625

## Notice to court to Change mailing Address

TO THE COURT CLERK

PLEASE BE advise that as of this date December 3, 2005  I want you to pay ,all the money **ordered**

To be paid sign and Verified by you as 72.,.000.00.and Sign  and order on November 2.2005  BY

DONALD W MERKELBACH J SC to be paid even the check in my name to John D Black, the

fact of this matter if the court wish to  the fact that Mr Black  has already agreed to pay the tax

and have already had the search done I have no problem with the court paying the  money to

MR Black the power of attorney am trying  to help my family I do not wish to have the check

mail to 2090 MC Neil farm road Raeford ,N. C. you may  mail the check to John D Black c/o P.

Stewart  194 South 7th Street Newark , N.J 07103 973 444 2957

December 3,2005
Cc John  D. Black Power of Attorney
Cc –Judge DONALD W MERKELBACH JSC

## SUPERIOR COURT OF NEW JERSEY



DONALD F. PHELAN
CLERK

OFFICE OF THE CLERK
PO BOX 971
TRENTON, NEW JERSEY 08625-0971

## IMPORTANT NOTICE

Enclosed is the verified proposed order to pay funds from the Superior Court Trust fund. Please review the order to note any changes made. If you have a problem with any corrections or additions made to your proposed form of order please call (609) 292-3937.

YOU MUST FORWARD THIS VERIFIED PROPOSED FORM OF ORDER TO THE COURT AT THE COUNTY COURTHOUSE WHERE THE CASE STARTED. Please note that some judges will not sign a proposed order unless it is verified.

You may also have received a W-9 form and/or a Notice regarding Child Support Judgment Debtor Status. If you received a W-9 form you must complete and return it to us. If you received the Notice Regarding Child Support Judgment Debtor Status, you must provide a certification from a private judgment search company showing that the recipient of the funds is not a child support judgment debtor. Since we will need these to process the signed payout orders, you should submit them to this office as soon as possible.

**FAILURE TO COMPLY WITH ANY OF THE ABOVE WILL DELAY PAYMENT.**

## Letter to the Court

-TO Court Clerk

Dear Mr. Phelan

Thank you, for the IMPORTANT NOTICE that you sent to me Regarding Delay Of payment of Money out of your court, I John D. Black, Power of Attorney certify that I did comply with all the Requirements that you made not limit to the Certification of Myself In Order to collect the relief payment money in my name according To the authority given to me by my cousin Me Chirstopher C Evans. As of this date December 13, 2005 your court refuse to relies the Money to me. By Court ORDER

December 13, 2005                    John D. Black

JOHN D.BLACK Power of Attorney
C/O P. Stewart
194 South 7th Street
Newark New Jersey 07103
Phone NO.973-444-2957

**SUPERIOR COURT OF NEW JERSEY**
CIVIL LAW DIVISION
ESSEX          COUNTY
DOCKET          ESXL11947-04

THE CITY OF NEWARK a municipal
Corporation of New Jersey
                    Plaintiff

VS

CHRISTOPHER EVANS

              Defendant

**F I L E D**

OCT 2 1 2005

DONALD W MERKELBACH J.S.C

**CIVIL ACTION**

**Denied**

**ORDER TO PAY**

It appearing that there is on deposit money available for distribution in the

above action

In addition, proof having been establishes that 72,000.00 are due to Christopher Evans.

It is this            day of -----------------20005

ORDER that the Clerk of the Superior court pay the sum of $-------------------------

Plus accrued interest to ----------------------------------------------------- subject to the payment by
the clerk

Of any sums due in satisfaction of any outstanding child support judgments as by certified to by Affidavit
of the

Vicinage Chief probation officer. The clerk shell pay said sum to the appropriate probation Division of this
state. See Rule 1:6-6 and NJSQ 46:14-2.1.

DATED: 10/21/05

DONALD W. MERKELBACH-J.S.C

Verified as the amount
On deposit $

-------------------------------
Donald F. Phelan, Clerk
Superior Court of New Jersey

Approved  or Payment

-------------------------------
Donald Phelan, Clerk
Superior Court of New Jersey

TAX FORECLOSURE
LIST FOR
NOV 3, 2001
59 MAGNOLIA
STREET
NEWARK, NJ

STAR LEDGER NOV 3, 2001 7 PAGES S1-S13 PAPER



Exibit

C

JOHN D BLACK
C/O PINCEL M.STEWART
194 SO. 7th.STREET
NEWARK NEW JERSEY 07103

October3, 003

The City of Newark Corporation Counsel
JOANNE WAISON ESQ
Director of Redevelopment
DIANE PATTERSON
920 Broad Street
NEWARK NEW JERSEY 07102

Re: 59 Magnolia Street Block 2607, Lot 20

Dear Ms Patterson;
I am in receipt of a number documents from your department including a contract For
Sale to the Owner on record for the property locate in Newark known as 59 Magnolia
Street also known as Block 2607, Lot 20 I have the power of attorney for Mr Evans I
am the owner not on record please forward all action to me surrounding Eminent
Domain to the above address above to the care of Ms Stewart.
Thank you

Sincerely,

_John D. Black_

CERTIFIED MAIL™    7002 2030 0007  1414 9875

# Newark

Sharpe James
Mayor

**Department of Law**

920 Broad Street
Newark, New Jersey 07102
973-733-3880
Fax 973-733-5394

JoAnne Y. Watson
Corporation Counsel

RECEIVED
In This Office

OCT 3 0 2006

CLERK, U. S. DISTRICT COURT
GREENSBORO, N. C.

March 22, 2006

Honorable Patricia K. Costello, A.J.S.C.
Superior Court of New Jersey
465 Dr. Martin Luther King Jr. Blvd.
New Courts Building, Chambers 618
Newark, New Jersey 07102

Re:    *City of Newark v. Christopher Evans*
       ESX-L-1947-04

Dear Judge Costello:

Please accept this letter in lieu of a more formal submittal related to the above-captioned matter. I am writing to advise that this office has been served with a pleading titled "Motion to consolidate this motions Motion to quit title With the IN LIEU to be hearted on March 31, 2006 or at At the time according to law should Hearted what ever date come first" filed by Mr. John D. Black. I have appended a copy of Mr. Black's motion hereto as Exhibit A for your review and convenience. Based upon my review of Mr. Black's motion, it is unclear and uncertain whether he has filed a separate action to Quiet Title or has merely filed a motion seeking permission to file a separate action which he will then later seek to have consolidated with the above-captioned matter.

This confusion is the basis for the undersigned writing this instant letter so as not to waste the Court's time by filing pleadings to respond to blatantly defective motions which the Court may reject *sub judice*. In the event that my assessment is incorrect, the undersigned opposes Mr. Black's newest filed motion on the grounds that it is procedurally defective in that he should have filed his proposed Complaint in the Chancery Division, received a Chancery Division docket number, and served the City of Newark with a Summons and "filed" Complaint. At which time, the City of Newark would be afforded a period of thirty five days in which to answer or otherwise defend against the Complaint. At that point, Mr. Black, would be in a position to file his motion to consolidate the actions pursuant to R. 4:38-1, *et seq.*

In the alternative, Mr. Black inappropriately captions his proposed Complaint as a complaint to quiet title when it should more accurately be pled as a complaint for declaratory judgment seeking a determination as to the entitlement of the funds that were deposited with the Clerk of the Court by the City of Newark in connection with the instant condemnation action. The City of Newark, by filing its Declaration of

51

Honorable Patricia K. Costello, A.J.S.C.
Superior Court of New Jersey
March 22, 2006
Page 2

Title, has quieted title as a matter of law. No statutory violations were committed with respect to the City of Newark's filing of its Declaration of Taking which converted the subject property from Mr. Evans to the City of Newark. Even *assuming arguendo* that Mr. Black should have been identified as the property owner despite his failure to record his Deed prior to the filing of the Declaration of Taking (the City of Newark had no notice of his ownership interest since it was not recorded as a matter of record), such failure does not disturb the legal effect of the Declaration of Taking. It is for these reasons that Mr. Black's complaint should be more appropriately drafted to seek entitlement to the funds on deposit with the Court.

Again, the City reiterates that it has satisfied its statutory obligations with respect to this condemnation matter by depositing funds in Court pursuant to a Court Order for Deposit of Funds, and, as such, the dispute regarding entitlement to those funds is between Messrs. Black and Evans. Respectfully, the City has no further interest in any participation in this litigation in that it has satisfied its mandated statutory obligations relative to this condemnation action and the remaining dispute expressly concerns rights of entitlement to funds deposited in Court by the City of Newark.

If Your Honor has any questions or requests any additional information, please do not hesitate to contact me at telephone number (908) 757-4977. Thank you for your time and consideration.

Respectfully submitted,

JOANNE Y. WATSON
CORPORATION COUNSEL

By: _____
Frederick Coles, III
Assistant Corporation Counsel

FC/
cc:    Mr. John D. Black (Via Reg. Mail)         Mr. John D. Black (Via Reg. Mail)
       31 William Street                          950 South Orange Avenue
       East Orange, New Jersey 07017              Newark, New Jersey 07106

       Mr. John D. Black (Via Reg. Mail)         Mr. Christopher Evans (Via Reg. Mail)
       c/o P. Stewart                             2090 McNeil Farm Road
       194 South 7th Street                       Raeford, North Carolina 28376-9709
       Newark, New Jersey 07103

JOANNE Y. WATSON, CORPORATION COUNSEL
BY: FREDERICK COLES, III, ASSISTANT CORPORATION COUNSEL
920 BROAD STREET, NEWARK, NEW JERSEY 07102
(973) 733-3880
ATTORNEY FOR PLAINTIFF, CITY OF NEWARK

|  |  |
|---|---|
| CITY OF NEWARK, a municipal corporation of the State of New Jersey, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO. ESX-L-1947-04 |
| Plaintiff, | CIVIL ACTION |
| vs. | (IN CONDEMNATION) |
| CHRISTOPHER EVANS, (BLOCK 2607, LOT 30), | DECLARATION OF TAKING |
| Defendant. | |

Instr# 1042286                                      Carole A. Graves
Recorded/Filed  KPJ  1               Essex County Register
06/18/2004  15:51:0  Bk 6077 Pg 725 #Pgs 6   EV.

Plaintiff, City of Newark, hereby declares that:

1.    Possession of the land and premises described in the Verified Complaint filed in the within matter, is hereby taken by and for the use of the City of Newark.

2.    The City of Newark is entitled to the exclusive possession and use of the premises aforesaid and will forthwith enter into and take possession of them pursuant to the provisions of N.J.S.A. 20:3-17, *et seq.,* and N.J.S.A. 40:1B-20 and N.J.S.A. 40:14B-34.

3.    The land and other property hereby taken are described and shown in Exhibits "A" and "B" annexed hereto.

4.    The estate and interest is either a fee simple absolute, or such lesser interests, or both, as are set forth in Exhibits "A" and "B" annexed hereto.

5.    The sum of money estimated by the plaintiff to be just compensation for the taking is $153,000.00, which sum is deposited with the Clerk of the Superior Court.

| | | |
|---|---|---|
| Consideration: | 0.00 | G |
| County: | 0.00 | |
| State: | 0.00 | |
| N.P.R.F.: | 0.00 | |
| Realty Tax: | 0.00 | |

JOANNE Y. WATSON, CORPORATION COUNSEL
BY: FREDERICK COLES, III, ASSISTANT CORPORATION COUNSEL
920 BROAD STREET, NEWARK, NEW JERSEY 07102
(973) 733-3880
ATTORNEY FOR PLAINTIFF, CITY OF NEWARK

|  |  |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: ESSEX COUNTY |
| | DOCKET NO. ESX-L-1947-04 |
| CITY OF NEWARK, a municipal corporation of the State of New Jersey, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | (IN CONDEMNATION) |
| vs. ) ) | |
| CHRISTOPHER EVANS, (BLOCK 2607, LOT 30), ) ) | WRIT OF POSSESSION |
| ) | |
| Defendant. ) | |

**STATE OF NEW JERSEY**                    :SS

**THE STATE OF NEW JERSEY TO THE SHERIFF OF ESSEX COUNTY**

**GREETINGS:**

**WHEREAS,** on the _____ day of _____, 2004 by a certain

Order for Possession of the Superior Court of New Jersey, Law Division, 465 Dr. Martin Luther

King, Jr., Boulevard, Newark, New Jersey in a case therein pending, wherein plaintiff, City of

Newark, and the Occupant(s), defendants, Christopher Evans and "Dave" (last name unknown),

have hitherto unlawfully deprived the Plaintiff, City of Newark as appeared to us of record.

**THEREFORE,** you are hereby commanded that without delay, you cause the

said City of Newark, Plaintiff herein, to have possession of said land and premises aforesaid. In

what manner you shall execute this Writ and make known to the Court at Newark aforesaid

within three (3) months, and have you then and there this Writ.



Occupant ("Dave")
July 22, 2004
Page 2

telephone number (973) 642-4200.  Thank you for your time and cooperation.

Very truly yours

JOANNE Y. WATSON
CORPORATION COUNSEL

By: Frederick Coles, III

Frederick Coles, III
Assistant Corporation Counsel

FC/
Encls.





**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A ☐
C ☐
S ☐

☐ INSUFFICIENT ADDRESS
☐ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/ STREET
☐ NOT DELIVERABLE AS ADDRESSED
- UNABLE TO FORWARD

☐ OTHER

**RTS**
RETURN TO SENDER

7003 1010 0002 4700 9804

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE



CERTIFIED MAIL

7003 1010 0002 4700 9804

UNITED STATES POSTAGE
PITNEY BOWES
$ 04.42⁰
02 1A
0004333655    JUN 28 2004
MAILED FROM ZIP CODE 07102

RTS
RETURN TO SENDER

A ☐ INSUFFICIENT ADDRESS
  ☐ ATTEMPTED NOT KNOWN
C ☐ NO SUCH NUMBER/ STREET
  ☐ NOT DELIVERABLE AS ADDRESSED
S ☐ - UNABLE TO FORWARD
  ☐ OTHER

Dave & Christopher Evans
59 Magnolia Street
Newark, New Jersey 07103

**Newark**
Department of Economic and Housing Development
Division of Property Management

7003 1010 0002 4700 9804

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com₀

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage | |

Postmark
Here

Sent To
Dave & Christopher Evans
Street, Apt. No.
or PO Box No.  59 Magnolia Street
City, State, ZIP+4  Newark, New Jersey 07103

PS Form 3800, June 2002                See Reverse for Instructions



# OFFICE OF THE SHERIFF
## ARMANDO B. FONTOURA, SHERIFF
ESSEX COUNTY COURTS BUILDING
NEWARK, NEW JERSEY
www.essexsheriff.com
(973) 621-4081

**UNDERSHERIFFS**
LEONARD P. McGHEE
NICHOLAS ROSAMILIA
JESUS A. PADILLA

CHIEF
JOHN D. DOUGH

November 10, 2004

Refer to Sheriff File#    04 013610

ALL OCCUPANTS
0000000059  MAGNOLIA ST
NEWARK NJ 07103

Re: CITY OF NEWARK, A MUNICIPAL CORP. OF THE STATE OF NJ
        vs
    CHRISTOPHER EVANS

Dear ALL OCCUPANTS:

We have been commanded, by virtue of a Writ of Possession, issuing out of the Superior Court of New Jersey, Chancery Division, Essex County, in the above entitled cause, to give possession of lands and premises now occupied by you, and any others therein, known as 0000000059  MAGNOLIA ST NEWARK NJ 07103 to the above named plaintiff.

Therefore, we hereby inform you that you must vacate said premises on or before November 18 2004.

Should you fail to do so, we shall be there on November 19 2004 at 11:00 am with a van to remove you and your possessions from said premises.

In the event that further information is required, please contact detective ROBERT MERCURO of this department at 621-4119.

If you are represented by a Financial Consultant or Attorney, please notify us immediately.

Very truly yours,

ARMANDO B. FONTOURA, SHERIFF

38.

JOANNE Y. WATSON, CORPORATION COUNSEL
BY: FREDERICK COLES, III, ASSISTANT CORPORATION COUNSEL
920 BROAD STREET, NEWARK, NEW JERSEY 07102
(973) 733-3880
ATTORNEY FOR PLAINTIFF, CITY OF NEWARK

|  | SUPERIOR COURT OF NEW JERSEY |
|---|---|
|  | LAW DIVISION: ESSEX COUNTY |
|  | DOCKET NO. ESX-L-1947-04 |
| CITY OF NEWARK, a municipal corporation of the State of New Jersey, | |
|  | CIVIL ACTION |
| Plaintiff, | (IN CONDEMNATION) |
| vs. | |
| CHRISTOPHER EVANS, (BLOCK 2607, LOT 30), | AMENDED VERIFIED COMPLAINT |
| Defendant. | |

Plaintiff, City of Newark, a municipal corporation in the County of Essex, State of New Jersey, with its principal place of business located at 920 Broad Street, Newark, New Jersey, by way of Complaint, says:

1.    Plaintiff is duly authorized and empowered to take lands and property for public use by virtue of N.J.S.A. 40A:12-5(a)(1) and N.J.S.A. 20:30-1, *et seq.*, ("Eminent Domain Act of 1971").

2.    It is authorized to proceed with clearance, replanning, development and redevelopment of an area in need of redevelopment after the same has been determined as such by the governing body of the City of Newark.

3.    On August 20, 2003, Ordinance 6S&FA was duly adopted by plaintiff, City of Newark, determining that the lands and premises hereinafter described should be acquired for the plaintiff's use in connection with the Home Depot Redevelopment Project.  A true copy of said Ordinance is annexed hereto as Exhibit A.

4.    The interest in the land and premise sought to be condemned are described the Tax Assessment Map of the City of Newark as Block 2607, Lot 30, also known as 59 Magnolia Street, Newark, New Jersey.

5.    The lands and premises were appraised and the record owner was given an opportunity to accompany the appraiser during the inspection of the lands and premises. Pursuant to R. 4:73-1, a copy of the approved Appraisal and Addendum are attached hereto as Exhibit B.

6.    Pursuant to an Ordinance adopted by plaintiff, a value was determined fixing the just compensation to be paid for the taking of fee simple title to the lands and premises, including any improvements thereto, to be the total sum of Seventy Two Thousand Dollars ($72,000.00), which said value was the result of an appraisal by a competent appraiser. Said value was subject to the right of plaintiff's Director of Redevelopment to increase said offer.

7.    Subsequent to said appraisal, an offer was made in writing to the record owner of the lands and premises setting forth the property and interest to be acquired, the compensation offered, and a reasonable disclosure of the manner in which said offer was calculated. Said offer of Seventy Two Thousand Dollars ($72,000.00), being an amount not less than the plaintiff's approved appraisal of the fair market value, was served on the record owner.

8.    Christopher Evans is the owner of said lands and premises. The defendant, Christopher Evans, acquired title to the property from Lee Lordi, unmarried, by Deed dated September 26, 1985, recorded October 3, 1985 in Deed Book 4891 at Page 907 the Essex County Register's Office.

9.    Other persons appearing of record to have any interest in the property are follows:

A.    Judgment Holder, State of New Jersey, Department of Health and Human Services, Ann Klein Forensic Center, Trenton, New Jersey 08608 c/o Peter Harvey, Attorney General, Office of the Attorney General, Department of Law and Public Safety, Hughes Justice Complex, 25 West Market Street, P.O. Box 080, Trenton, New Jersey 08625, who by reason of a State-County Institution Lien Claim Against Patient bearing Instrument Number 603647 filed in Essex County may have or may claim to have an interest therein.

B.    City of Newark, c/o Clerk, City of Newark, 920 Broad Street, Newark, New Jersey 07102 which by reason of certain taxes, water charges, sewer charges, or assessments, duly levied and assess, has or may claim to have an interest therein.

C.    Tenant ("Dave" last name unknown to plaintiff) residing at the property which is located at 59 Magnolia Street, Newark, New Jersey, who, by reason of being a tenant or occupant at the subject premises may have or may claim to have an interest therein.

D.    Judgment holders who are known to plaintiff, City of Newark, who may have or may claim to have an interest therein are specifically set forth and identified in Exhibit C (Judgment and Lien portion of title binder relating to subject property prepared by Property Transfer Services, Inc.) which is appended hereto.

10.    Plaintiff, City of Newark, has been unable to acquire said land from the owner of record, Christopher Evans, through *bona fide* negotiations.

11.    Pursuant to R. 4:73-1, the amount of the compensation offered to the owner of record and the manner in which the amount has been calculated and a description of the property to be acquired is more specifically explained in Exhibit B which is appended hereto.

3

WHEREFORE, plaintiff demands judgment against defendant, Greater St. Joseph Missionary Baptist Church:

A.     Determining that plaintiff, City of Newark, is authorized to and has duly exercised its power of eminent domain;

B.     Appointing three (3) disinterested condemnation commissioners to make a just and equitable appraisement of the value of said lands and premises and to fix the compensation to be paid for the taking thereof and to assess the damage, if any, to remaining property of defendant, resulting from such taking, and such additional compensation as may be provided by law, in accordance with N.J.S.A. 20:3-12; and

C.     Directing notice to be given to defendant pursuant to law.

JOANNE Y. WATSON
CORPORATION COUNSEL
ATTORNEY FOR CITY OF NEWARK

By:     _____
Frederick Coles, III
Assistant Corporation Counsel

Dated: July 12, 2004

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Frederick Coles, III, Assistant Corporation Counsel, is

4

# NOTICE

## 59 MAGNOLIA STREET, NEWARK

THE CITY OF NEWARK WILL BE BOARDING UP THIS
VACANT UNIT ON WEDNESDAY, AUGUST 25, 2004

IF YOU HAVE ANY QUESTIONS PLEASE CALL:

THE CITY OF NEWARK
DIVISION OF PROPERTY MANAGEMENT
MAINTENANCE UNIT AT (973) 733-3667

Exibits–A

JOHN D. BLACK
194 SOUTH 7TH STREET
NEWARK, NEW JERSEY O7103

August 21, 2004

JOANNE WATSON/ALEST JOANN Y. WATSON CORPORATION COUNSEL
FREDERICK COLES, III ASSESTANT CORPORATION COUNSEL
920 BROAD STREET NEWARK NEW JERSEY07202

Dear Ms Watson:

On  October 3, 003 I wrote you a letter and made it clear to you that I am in fact the owner of the property
located in Newark at 59 magnolia  street in enclose see the top copy of the deed copy that have been  not been
registered for personal reason . I also made it known to you that I have the power of attorney over the said
property and mail you a copy of power of attorney form sign and seal by Mr. Evans. .to do what ever I choose
with the property THE PROPERTY IS NOT **ABANDANT, VACATED, or LEFT UNATTENDED**, over the
years I have paid the taxes on the property ,ON or about August 1/8 your department have had  A state police
come to the property  two Sunday and  harass my family, . On August 18,24  A  person  Working for the City
of Newark  plate number--------   came to 59 magnolia and posted a blue and white sign on the property located
at 59magnilia street  That read this PROPERTY IS OWEN BY THE CITY I have a picture of the blue and
white sign on the property , I am  also in receipt of all the paper work mail to  Mr .Evans and delivered to the
property, I am not were of  any  legal action  taken  against me, or the property none  warrant  of  removers I
repeat are any legal action  against the said property in any court of law, I  would like to call your attention to
booklet  Number 2  of your record page (sale 1) As the city of Newark corporation counsels  I am sure you are
aware that I am the owner  the property located at 519 so 16th  street  that you the city of Newark  was took
without due process away from me, I intend to take all legal action according to law in this matter. Including the
/and criminal action  against  all person that consperiacy to deprive me of my constitutional (right against all),
Please note that the other day I also watch and heard workers for the city of Newark in the blue and white trucks
talking about burning the house down at 59 Magnolia Street down to clear the land, be sure that if we leave the
property we are only leaving because I we are afraid of the dirty things people working in the city new jersey
government do,  because  someone burn  my  house burn  down located  at 266 south 7th street men was seen
that got out of a blue  and white city owened truck in the year of 1992  Your  city  workers in the blue trucks
have posted signs on the property that you are going to board up the vacant property  located at 59 magnolia
street on August 26,2004 you have no right to board up the property ,**THE PROPERTY IS NOT VACANT** . I
would like for you to keep your workers away from my property,
There is an underline fact surrounding the property   located at 59 magnolia street Newark the house is available
for sale. And can be cleared very shortly after the money is paid, 150,000.oo.if am force to sue the city and all
persons I am going to request punitive

Very truly yours
*John D. Black*
CC U.S .President George Bush
CC Attorney General John Ashcroft
CC State Attorney General
CC New Jersey U. S Attorney
CC 108 U S CONGRESS
OTHERS.                                           Served by hand delivery

# *Believed it or not*

## SUPERIOR *COURT OF NEW JERSEY* Consperiacy

Donate 17.99
To New Jersey
Government made
homeless.
THINK YOU
Reverend J. D. Black

*Court Clerk Donald F Phelan refuses to pay court order money.*

*To be paid out of court to property owner for property taken by City of Newark*

*to **build** the New HOME DEPOT turn out to be the same clerk that sign the*

*Fraudulent Docket No.F-13454-98 f=Final Judgment of in REM TAX*

*FORECLOSURE use to take the property owner property 1998 back dated*

*To 1998*



BOOK **4142** PAGE **545**

# This Indenture,

UNITED STATE DISTRICT COURT REFUSE TO FILE THIS PLAINTIFF EXHIBIT— (Z-7)

Made the **3rd** day of **January**
One Thousand Nine Hundred and **Sixty-six** in the year of our Lord

**Between**

PAULINE BECK, Widow

in the **City** of **Newark** County of **Essex**
and State of **New Jersey** party of the first part;

**And**

JOHN D. BLACK and BERMA D. BLACK, his wife
about to reside at 519 South Sixteenth Street

in the **City** of **Newark** County of **Essex**
and State of **New Jersey** party of the second part;

**Witnesseth,** That the said party of the first part, for and in consideration of the sum of
One ($1.00) Dollar and other good and valuable consideration
lawful money of the United States of America, to **her** in hand well and truly paid by the said
party of the second part, at or before the sealing and delivery of these presents, the receipt whereof is
hereby acknowledged, and the said party of the first part being therewith fully satisfied, contented and
paid, ha **s** given, granted, bargained, sold, aliened, released, enfeoffed, conveyed and confirmed and by
these presents does give, grant, bargain, sell, alien, release, enfeoff, convey and confirm unto the said
party of the second part, and to **their heirs**
and assigns, forever,

**All** that certain
tract or parcel of land and premises, hereinafter particularly described, situate, lying and being
in the **City** of **Newark** County of **Essex**
and State of **New Jersey**

BEGINNING at a point in the westerly line of South 16th Street distant
225 feet Southerly from the intersection of the same with the Southerly
line of 15th Avenue, thence

(1) Southerly along the Westerly line of South 16th Street
South 23 degrees 00 minutes West 25 feet, thence
(2) North 67 degrees 00 minutes West 100 feet, thence
(3) North 23 degrees 00 minutes East 25 feet, thence
(4) South 67 degrees 00 minutes East 100 feet to the
Westerly line of South 16th Street and the point or
place of BEGINNING.

BEING known and designated as 519 South Sixteenth Street, Newark, N. J.

BEING the same premises conveyed to the party of the first part by Deed
dated November 20, 1957 and recorded in the Essex County Register's
Office on November 25, 1957 in Book 3529 of Deeds for said County on
Page 281.

**Together** with all and singular the houses, buildings, improvements, ways, waters, trees, woods, fences, advantages, with the appurtenances to the same belonging or in anywise appertaining:

**Also,** all the estate, right, title, interest, property, claim and demand whatsoever, of the said party of the first part, of, in and to the same, and of, in and to every part and parcel thereof,

**To have and to Hold** all and singular the above described land and premises, with the appurtenances, unto the said party of the second part,    **their** heirs and assigns, to the only proper use, benefit and behoof of the said party of the second part,    **their**    heirs, and assigns forever:

**And** the said        PAULINE BECK, Widow

for    herself, her                heirs, executors and administrators, do**es**  covenant, promise and agree to and with the said party of the second part,    **their heirs** and assigns that **she** ha **s** not made, done, committed, executed or suffered any act or acts, thing or things whatsoever, whereby or by means whereof the above mentioned and described premises, or **any** part or parcel thereof, now are, or at any time hereafter shall or may be impeached, charged or encumbered, in any manner or way whatsoever.

**In Witness Whereof,** the part **y** ' of the first part ha **s**  set  **her** hand  and seal  or caused these presents to be signed by its proper corporate officers and caused its proper corporate seal to be hereunto affixed, the day and year first above written.

**Signed, Sealed and Delivered** }
    in the Presence of }

_William J. Tamburri_                    _Pauline Beck_            (L.S.)
WILLIAM J. / TAMBURRI                    PAULINE BECK

   

John D. Black
Eurma D. Black ʰⁱʷ   - from 1-2-66   to   date

5249-755 Redemption

<u>Deeds</u>

Mtg's run on separate sheet

① 4176-542 ✓ Beverly St.
⑧ 4313 - 678 ✓ Blfd.
⑨ 4393 - 767 ✓ E.O.
  4413 - 1064 ✓  "
  4422 - 960  ✓ .
  4429 - 512 ✓  "
  4460 - 825 ✓ Mtd.
  4525 - 586 ✓ fw.
  4568 - 955 ✓ C. H.
  4611 - 30  ✓ n.C.
  4613 - 267 ✓ Richlieu Ter.
  4664 - 152 ✓ E.O.
  4669 - 630 ✓ 3rd St.
  4943 - 822 ✓ E.O.
⑬ 5185 - ⑨⑲ Foreclosure City
  5209 - 387 ✓ Org.
  5256 - 901 ✓ E.O.
  5118 - 93 ✓ C. H.
  5291 - 58 ✓ Blh

<u>Lis Pendens</u> ✓ ✓
  29 - 295 ✓ fw.
  33 - 175 ✓ Vassar Ave.
  36 - 346 ✓ 3rd St.
  52 - 952 ✓ Disch. 9-16-86 PQ. #55901
  5352 ✓ No 13th St.

5

Mtgs.

⑦ 4200 - ⟨132⟩ Asst. 472 - 133 LP. # 55901    Discharged 9-16-86
   4310 - 314 ✓ C. H.                          R- 7-15-86

⑧ 4360 - 984 ✓ E O.

⑨ 4515 - 191 ✓ "

   4637 - 766 ✓ Richelieu Ter.

   4719 - 591 ✓ Pine Grove Ter.

   5048 - 727 ✓ R. H.

   5174 - 592 ✓ E O.

   5252 - 690 ✓ "

   5325 - 845 ✓ E O.

   5352 - 846 ✓ C. H.

   5579 - 486 ✓ Ong.

   5590 - 284 ✓ Blfd

C.S. 5918 - ⟨507⟩ See Deed Bk. 5185 - ⟨919⟩ Redeemed 5249 - ⟨755⟩
                                    P - 396 - R-8-14-91 Disch

To date    John D. Black
"   "      Berma D. Black
To         ...

(12-15-93)

LP.    78-241 ✓ 2D.
P-396 Open
74-288 ✓ Boylan St.          FL. 123-(213)
67-921 ✓ Pw.

Power 26-713 ⟩ John C. Black
"   -715              RA#(60901) Johnnie

5918-(507) ✓
TSC ✓
Block 334    Lot 20
Newark

Emerson International LTD.

8/25/93 To Date

Deeds Only
None

8

102—DEED - BARGAIN AND SALE
CORP. TO IND. OR CORP. — Plain Language

BK 5281 PG 664
ADD VST—1

Copyright© 1982 By ALL-STATE LEGAL SUPPLY CO.
One Commerce Drive, Cranford, N.J. 07016

# DEED

This Deed is made on August 26, 1993.

Prepared by: (Print signer's name below signature)

*Ellen Michelle Harris*
ELLEN MICHELLE HARRIS, ESQ.
Ass't. Corporation Counsel

BETWEEN    CITY OF NEWARK

having its principal office at    a corporation of the state of    New Jersey
920 Broad Street, Newark, New Jersey 07102
referred to as the Grantor,

AND    EMERSON INTERNATIONAL, LTD.

whose post office address is  19 Elberta Road, Maplewood, NJ 07040
referred to as the Grantee.

The word "Grantee" shall mean all Grantees listed above.

**Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of  Fifteen Thousand Dollars and No Cents.....($15,000.00).

The Grantor acknowledges receipt of this money.

**Tax Map Reference.** (N.J.S.A. 46:15-2.1) Municipality of  Newark
Block No.  334
Lot No. 20
☐ No property tax identification number is available on the date of this Deed. (Check box if applicable.)
Account No.

**Property.** The property consists of the land and all the buildings and structures on the land in the
County of  Essex  City of  Newark  and State of New Jersey. The legal description is:

ALL that certain tract or parcel of land and premises, hereinafter particularly described, situate, lying and being in the City of Newark, County of Essex and State of New Jersey, being commonly known and described on the Official Tax Map and Tax Duplicate of the City of Newark as Block  334    Lot (s) 20 and being the same premises title to which vested in the Grantor by an In Rem Tax Foreclosure Judgment, recorded on the 2nd day of October, 1991 in Book 5185 of Deeds for Essex County on Page 919.

Also known and designated as Block 334
known as  519 South 16th Street    Lot(s)  20    (commonly
of Newark, NJ.    ) on Tax Map of the City

The Grantee promises, covenants and agrees with the Grantor that anyone claiming title from, through or under said Grantee shall be subject to the terms and conditions embraced in the Resolutions passed by the Municipal Council authorizing the sale as well as accepting the bid.

Received & Recorded
Register's Office
Essex County, NJ
OCT 18, 09:54 AM
Larrie K. Stalks
89300348910495637
Consideration: $1.
R. T. T.    $0.00

# Deed

| | |
|---|---|
| This Deed is made on **BETWEEN** | March 24, 2003 |
| | Henry Davis, LLC, A New Jersey Limited Liability Company |
| whose post office address is | 48 Broad Street, Red Bank, New Jersey 07701 |

referred to as the Grantor,
**AND**

| | |
|---|---|
| | Katheryn Siliverdis, Single |
| whose post office address is | 144 Walnut Street, North Plainfield, New Jersey 07960 |

referred to as the Grantee.
The words "Grantor" and "Grantee" shall mean all Grantors and all Grantees listed above.

**1. Transfer of Ownership.** The Grantor grants and conveys (transfers ownership of) the property (called the "Property") described below to the Grantee. This transfer is made for the sum of ONE HUNDRED NINETY THOUSAND and no/100 DOLLARS ($190,000.00) ———————————————————
The Grantor acknowledges receipt of this money. ————————————————

**2. Tax Map Reference.** (N.J.S.A. 46:15-1.1) Municipality of     City of Newark
Block No. 334          Lot No. 20          Qualifier No.          Account No.
☐ No lot and block or account number is available on the date of this Deed. (Check Box if Applicable.)

**3. Property.** The Property consists of the land and all the buildings and structures on the land in the      City         of      Newark
County of      Essex      and State of New Jersey. The legal description is:

☒ Please see attached Legal Description annexed hereto and made a part hereof. (Check Box if Applicable.)

Being the same premises conveyed to the grantor herein by Deed from Emerson International, Ltd, A Corporation of the State of New Jersey, dated February 19, 2003, which Deed is to be recorded simultaneously herewith.

Instr# 821816                    Carole A. Graves
Recorded/Filed  KPJ  1     Essex County Register
08/05/2003   14:34:1  Bk 5984 Pg 145 #Pgs  3    HE

| | |
|---|---|
| Consideration:—————190000.00————— R | |
| County: | 190.00 |
| State: | 475.00 |
| N.P.R.F.: | 60.00 |
| Realty Tax: | 725.00 |
| Fees: | 40.00 |

Prepared By: (print signer's name below signature)

(For Recorder's Use Only)

HOWARD M. VINK, ESQ.

103 - Deed - Bargain and Sale
Cov. to Grantor's Act - Ind. to Ind. or Corp.
Plain Language Rev. 7/01   P11/02

©2001 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510          Page 1

The street address of the Property is:    519 South 6th Street, Newark, New Jersey.

**4. Promises by Grantor.**    The Grantor promises that the Grantor has done no act to encumber the Property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the Property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**5. Signatures.**    The Grantor signs this Deed as of the date at the top of the first page. (Print name below each signature.)

Witnessed By:

_____
Edward M. Fink

_____    (Seal)
Earl Rusnak, Manager
Henry Davis, LLC

_____    (Seal)


STATE OF NEW JERSEY, COUNTY OF MIDDLESEX                SS:
I CERTIFY that on    March 24, 2003
            Earl Rusnak, Manager, Henry Davis, LLC

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a) was the maker of this Deed; and,
(b) executed this Deed as his or her own act.

| RECORD AND RETURN TO: |
| --- |
| Edward M. Fink, Esq.<br>51 Jamaica Street<br>Edison, New Jersey 08820 |

_____
EDWARD M. FINK
An Attorney at Law of New Jersey
*Print name and title below signature*


103 - Deed - Bargain and Sale
Cov. to Grantor's Act - Ind. to Ind. or Corp.
Plain Language Rev. 7/01   P11/02

©2001 by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510        Page 2

## LEGAL DESCRIPTION

All that certain lot, parcel or tract of land, situate and lying in the City of Newark, County of Essex, State of New Jersey, and being more particularly described as follows:

BEGINNING at a point in the westerly line of South 16th Street, distant 225 feet southerly from the intersection of the same with the southerly line of 15th Avenue, thence running

(1)    Southerly along the westerly line of South 16th Street, South 23 degrees 00 minutes West 25 feet to a point; thence

(2)    North 67 degrees 00 minutes West, 100 feet to a point; thence

(3)    North 23 degrees 00 minutes East 25 feet to a point; thence

(4)    South 67 degrees 00 minutes East, 100 feet to the said westerly line of South 16th Street and the point or place of BEGINNING.

Being also known as Lot 20 in Block 334 on the City of Newark Tax Map.

**J.I. KISLAK MORTGAGE CORPORATION**
Mortgage Banking Services
7900 Miami Lakes Drive West / Miami Lakes, Florida 33016-5897
Mailing Address: P.O. Box 025409, Miami, Florida 33102-5409
Telephone: (305) 364-4100

PAYOFFINS

August 22, 1989

J. D. BLACK
B. D. BLACK
519 SO 16TH ST
NEWARK, NJ  07103-1610

RE:   Kislak Loan No:          1137492
      Insurance Policy No:     TFS0925 0066
      Agent/Company:           TFS&C
                               AIT: ESTHER PALOTAI
                               DEPT 76126 /PAYMENTS ONLY
                               LOS ANGELES, CA 90088
      Maturity Date:           9/01/90

Dear J. D. BLACK,

Since the above referenced loan was paid in full on 8/22/89,
you must at your earliest convenience contact your insurance
Agent/Company regarding the disposition of the insurance policy
covering the property.  Your notification is required to effect
either cancellation or continuance of the policy's protection.

In the interim, by copy of this letter, we are requesting your
Agent/Company eliminate our Organization, J.I. Kislak Mortgage
Serving Corporation, from the mortgagee clause of the policy as we
no longer have an interest in the property.

We thank you for having given us the opportunity to be of service
to you.

Sincerely

Cynthia A Wells

Insurance Department

cc:   Vendor/Agent

TFS&C
AIT: ESTHER PALOTAI
DEPT 76126 /PAYMENTS ONLY
LOS ANGELES, CA 90088

67

### Richard L. Gruber
Counsellor at Law

1 Riverfront Place, Suite 500
Newark, New Jersey 07102

Member of N.J. & D.C. Bar
(201) 624-3999
Fax (201) 624-5932

June 17, 1992

Samuel H. Lohman
of Counsel

Mr. John Black
80 North Munn Avenue
East Orange, New Jersey 07108

Re:  La Oniki vs. City of Newark
     313-315 South Orange Avenue, Newark

     City of Newark vs. John D. Black
     519 South 16th Street, Newark

Dear Mr. Black:

Enclosed please find copies of documents I have filed on your behalf concerning the above-captioned matters.

Please contact me so that we may discuss these matters further.

Very truly yours,

RICHARD L. GRUBER

RLG:cm

**Richard L Gruber did not file any documents on my behalf concerning the above captioned matters ref. to blue book page numbers (19 & 20)**

26

63

forth in this Order; and it is further

ORDERED, that the Defendant shall have until _June 26_,
1992, to make an application the the Superior Court of New
Jersey, Chancery Division, to redeem the premises 519 South
16th Street, Newark, New Jersey.

_(signature)_

IRWIN I. IMMELMAN, J.S.C.

**FRAUD**

Consented to:

_(signature)_
AYESHA FREEMAN, ESQ.,
Assistant Corporation Counsel

_(signature)_
RICHARD L. GRUBER,
Attorney for
Defendant John D. Black

35

RICHARD L. GRUBER, ESC.
ONE RIVERFRONT PLAZA, SUITE 500
NEWARK, NEW JERSEY 07102
(201) 624-3999
ATTORNEY FOR DEFENDANT

*FILED*

JUN 1 7 1992

IRWIN I. KIMMELMAN
J.S.C.

*COMPLIED*

CITY OF NEWARK OF THE
COUNTY OF ESSEX,
A Municipal Corporation of
the State of New Jersey,

    Plaintiff,

As to Block 1779, Lot 42
313-315 South Orange Ave.
assessed to La Oniki, Inc.
as to Claim No. 306

    Defendant.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION: ESSEX COUNTY
DOCKET NO. F14694-91

    Civil Action

099

CONSENT ORDER *disquieting*
*proposed sale*

REC'D &
SUPERIOR COURT
OF NEW JERSEY

JUN 26 1992

**FRAUD**

*Donald F. Phelan*
CLERK

    This matter having been opened to the Court by Richard
L. Gruber, Esq., attorney for Defendant La Oniki, Inc., and
Michelle Hollar-Gregory, Esq., Acting Corporation Counsel,
(Ayesha Freeman, Esq., Assistant Corporation Counsel
appearing); and the parties having conferred with one another
and having mutually consented to the entering of this Order,
it is on this 17th day of June, 1992,

    ORDERED, that the City of Newark will be permitted to
proceed with the proposed sale of the premises 313-315 South
Orange Avenue, Newark, New Jersey, assessed to Defendant La
Oniki, Inc., subject to Defendant's right to make an
application to the Court to redeem; and it is further

    ORDERED, that the City shall announce at the
commencement of said sale that any sale of the aforesaid
premises shall be subject to the Defendant's rights as set

34

62

MICHELLE HOLLAR-GREGORY, ASSISTANT CORPORATION COUNSEL
BY:   AYESHA FREEMAN, ASSISTANT CORPORATION COUNSEL
920 BROAD STREET, ROOM 316, NEWARK, NEW JERSEY
(201) 733-8026
Attorney for CITY OF NEWARK
------------------------------------------------------

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION: ESSEX COUNTY
DOCKET NO. F-14695-91

CITY OF NEWARK, COUNTY OF
ESSEX, a Municipal
Corporation of the State
of New Jersey,

                  Plaintiff,

vs.

                                   :        CIVIL ACTION

                                   :

                                   :

BLOCK    1, LOT  1, et.als.        :        AFFIDAVIT
CLAIM NO.  118                              AS TO CLAIM NO. 118
BEING BLOCK:  334                  :
LOT(S)  20
ASS'D TO: JOHN D. and BERMA        :
D. BLACK
                                   :        **FRAUD**

        Defendants.                :
. . . . . . . . . . . . . . . . . . . :

STATE OF NEW JERSEY )
                          .SS
COUNTY OF ESSEX           )


        I,   MICHELLE R. JONES, being duly sworn on my oath,
say;

        1.   I am the Tax Collector for the City of Newark,
County of Essex and the State of New Jersey, and responsible for
the records belonging to the City of Newark that show and
maintain taxes paid and unpaid on Real Estate assessed for
taxation by said City.

        2.   I am familiar with the tax records pertaining to
property commonly known on the Official Tax Map of said City as
519 South 16th Street, Block 334, Lot 20.

40

65

3.    On or about October 1, 1991, the City of Newark acquired an In Rem Tax Foreclosure Judgment against the aforementioned properties under Docket No. F-14695-91, Claim No. 118.

4.    No attempt to tender the total amount due to redeem said properties was made of myself or any other employee of the Tax Collector's Office.

5.    I have reviewed the attached statement prepared under my supervision from the records of the Tax Office pertaining to said properties.    Said statement is true and correct and indicates that there is presently due to the City of Newark as unpaid taxes and tax liens, with interest to August 10, 1992, the sum $10,265.23 with a per diem rate of $1.82 thereafter.

6.    I hereby certify that the foregoing statements made by me are true to he best of my information and belief.    I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

MICHELLE R. JONES
TAX COLLECTOR
CITY OF NEWARK

SWORN AND SUBSCRIBED TO
BEFORE ME THIS _14th_ DAY
OF SEPTEMBER, 1992.                **FRAUD**

AYESHA FREEMAN
Attorney-At-Law
State of New Jersey

DK.#2A - 9-12-92

41

66

RICHARD L. GRUBER, ESQ.
ONE RIVERFRONT PLAZA, SUITE 500
NEWARK, NEW JERSEY 07102
(201) 624-3999
ATTORNEY FOR DEFENDANT

FILED

JUN 1 7 1992

IRWIN I. KIMMELMAN

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION: ESSEX COUNTY
DOCKET NO. F14694-91

---

CITY OF NEWARK OF THE
COUNTY OF ESSEX,
A Municipal Corporation of
the State of New Jersey,

        Plaintiff,

As to Block 1779, Lot 42
313-315 South Orange Ave.
assessed to La Oniki, Inc.
as to Claim No. 306

        Defendant.

---

Civil Action

CONSENT ORDER

This matter having been opened to the Court by Richard
L. Gruber, Esq., attorney for Defendant La Oniki, Inc., and
Michelle Hollar-Gregory, Esq., Acting Corporation Counsel,
(Ayesha Freeman, Esq., Assistant Corporation Counsel
appearing), and the parties having conferred with one another
and having mutually consented to the entering of this Order,
it is on this 17th day of June, 1992,

    ORDERED, that the City of Newark will be permitted to
proceed with the proposed sale of the premises 313-315 South
Orange Avenue, Newark, New Jersey, assessed to Defendant La
Oniki, Inc., subject to Defendant's right to make an
application to the Court to redeem; and it is further

    ORDERED, that the City shall announce at the
commencement of said sale that any sale of the aforesaid
premises shall be subject to the Defendant's rights as set

35

Newark taxes in the amount of $ _1̲0̲ ̲2̲6̲5̲.̲2̲3̲_, together with

water and sewer charges of $ _2̲9̲5̲2̲.̲2̲²̲_ to be paid by

Defendant John D. Black in a manner and fashion to be agreed

upon by Plaintiff and Defendant John D. Black, *together with $7.00*

*Clustering costs on Creation all of Said*

*Sums to paid to Judgment*

———————————————————

IRWIN I. KIMMELMAN, J.S.C.

*not later than*

*August 10, 1992*

-2-

31

# Superior Court of New Jersey

Please be advised that this

office could not find

F - 14695  91
F  14694  91

at the Justice Hughes Complex

in Trenton.

Jim Colasurdo

Office of Freeholders

68

F I L E D

SEP

IRWIN I. KIMMELMAN
J.S.C.

MICHELLE HOLLAR-GREGORY, CORPORATION COUNSEL
BY:  AYESHA FREEMAN, ASSISTANT CORPORATION COUNSEL
920 Broad Street, Newark, New Jersey 07102
(201) 733-8026
Attorney for CITY OF NEWARK
------------------+------------------

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION: ESSEX COUNTY
DOCKET NO. F-14695-91

CITY OF NEWARK OF THE COUNTY :
OF ESSEX, a Municipal
Corporation of the State of
New Jersey,                     :

      Plaintiff,              :

-vs-                            :

BLOCK   1, LOT  1, et als.      :
AS TO CLAIM NO. 118
BEING BLOCK:  334               :
LOT(S)  20
ASSESSED TO:  John D. and       :
Berma D. Black
PROPERTY LOCATION:              :
519 South 16th Street

      Defendant.              :
........................x

CIVIL ACTION

ORDER VACATING ORDER
OF JULY 31, 1992

Received & Recorded
Register's Office
Essex County NJ
FEB 24  01:21 PM'93
Larrie A. Stalks
By:000597110-17632

      This matter being brought before this Court by Michelle
Hollar-Gregory, Corporation Counsel; Ayesha Freeman, Assistant
Corporation Counsel appearing on behalf of the Plaintiff and it
appearing to the Court that a default judgment in favor of the
plaintiff has been entered in this action on or about the 1st
day of October 1991 against the defendant(s) in Claim No. 118,
thereof; and the former owners John D. and Berma Black made
application to the court for redemption of the subject property.
On July 31, 1992 the court allowed redemption subject to the

37

payment in full of all outstanding taxes, in the sum of $10,265.23 and water/sewer charges in the sum of $2,952.22, to be paid by August 10, 1992.

As said payment has not been (Tax Collectors Affidavit attached hereto).

IT IS THIS 35th DAY OF Sep-lember, 1992;

ORDERED that the order allowing redemption, dated July 31, 1992 (attached hereto) is hereby vacated.

IT IS FURTHER ORDERED that the City of Newark may convey title to the subject property to it's successful bidder.

A copy of this Order shall be served upon the counsel for the defendant within 7 day hereof.

_Irwin I. Kimmelman_
IRWIN I. KIMMELMAN, J.S.C.

I HEREBY CONSENT TO
THE FORM AND ENTRY OF
THIS ORDER

MICHELLE HOLLAR-GREGORY
CORPORATION COUNSEL
Attorney for CITY OF NEWARK

BY: _Ayesha Freeman_
AYESHA FREEMAN
ASSISTANT CORPORATION COUNSEL

PF12-92

DONALD
I, F. GHEZZO Clerk of the Superior Court of New Jersey,
the same being a Court of Record, do hereby certify that the foregoing
is a true copy of the ORDER VACATING ORDER OF 7/31/92.
now on the file of my office
IN TESTIMONY WHEREOF, I have hereunto set my hand and
affixed the seal of said Court at Trenton, this 28TH day of OCT.
Nineteen hundred and 92

ACTING CLERK

38

# GELBER AND KRUVANT

## COUNSELLORS AT LAW
392 Broad Street
Newark, New Jersey 07104
Phone: (201) 483-7220
FAX: (201) 482-0404

Martin Gelber, Esquire
Admitted NJ & NY

Beth Toni Kruvant, Esquire
Admitted NJ & NY

Dale L. Gelber
Admitted NJ & Fla.

December 30, 1992

John Black
80 No. Munn Avenue
East Orange, New Jersey   07108

Re:   519 South 16th Street, Newark, N.J.

Dear Mr. Black:

In regards to the above matter, I met with Ayesha
Freeman of the City of Newark-Law Department concerning the
above property.  I spoke with Ms. Freeman at length and she
confirmed Judge Kimmelman's order fixing an amount of
payment, but stated that she has never received payment from
yourself or Mr. Groover and that therefore, the City was
proceeding to transfer title of the property to the holder of
the tax lien certificate on the property.

In no uncertain terms she refused to provide me with a
payoff figure to redeem all liens held on the above property.

Very truly yours,

GELBER & KRUVANT

Dale L. Gelber

DLG:em
Our File #14,657

RECEIVED
In This Office

EX:B:+ B-1

JUL 1 8 2006

CLERK, U.S. DISTRICT COURT
GREENSBORO, N.C.

**Three of three
The fraud that
Tells it all
It All**

**1 of 3**

CITY OF NEWARK IN THE COUNTY
OF ESSEX, A MUNICIPAL CORPO-
RATION OF THE STATE OF NEW
JERSEY

Plaintiff,

vs-

(1)   OMIT

(2)   OMIT

(4)   OMIT

(5)   OMIT

(6)   OMIT

(7)   OMIT

(8)   OMIT

(9)   OMIT

(10)   OMIT

(11)   BLOCK 20, LOT 10
33 HALSEY STREET
ASS'D. TO: METRO CABLE
SERVICES INC.

(12)   OMIT

(13)   OMIT

(14)   OMIT

(15)   OMIT

Civil Action

FINAL JUDGMENT OF IN REM
TAX FORECLOSURE

**CONSPIRACY  2**

~~(107) BLOCK 327, LOT 9~~
~~495 SO. 17TH STREET~~
~~ASS'D. TO: HARRY ROTHWINCOT~~
~~ST. AL.~~

(107) BLOCK 327, LOT 8
318 - 14TH AVENUE
ASS'D. TO: CLAUDIS QUICK

(108) OMIT

(109) BLOCK 328, LOT 13
455-457 SO. 15TH STREET
ASS'D. TO: AMERICAN CUSTOM
HOMES CORP.

(110) OMIT

(111) ANSWER FILED

(112) ANSWER FILED

(113) ANSWER FILED

(114) BLOCK 331, LOT 38
514-516 SO. 14TH STREET
ASS'D. TO: PAULINE BERNABELA

(115) OMIT

(116) BLOCK 334, LOT 1
275-277 - 16TH AVENUE
ASS'D. TO: APPLING REALTY

(117) BLOCK 334, LOT 12
531-533 SO. 16TH STREET
ASS'D. TO: THOMAS & GENEVA
MITCHELL

(118) BLOCK 334, LOT 20
519 SO. 16TH STREET
ASS'D. TO: JOHN D. & BERMA D.
BLACK

(119) BLOCK 334, LOT 50
542 SO. 17TH STREET
ASS'D. TO: AMERICAN CUSTOM
HOMES CORP.

(120) BLOCK 337, LOT 6
513-515 SO. 19TH STREET
ASS'D. TO: DENNIS & LINDA BYNUM

3 of 3

FORMER ASS'D. OWNER(S)
TIDEWATER EXISTING CORP.

(394) OMITTED

(395) BLOCK 2530, LOT 12
ADDRESS: 661 M.L. KING BLVD.

FORMER ASS'D. OWNER(S)
BROWN, WILBUR

(396) OMITTED

(397) ANSWER

(398) BLOCK 2604, LOT 5
ADDRESS: 427 FAIRMOUNT AVENUE

FORMER ASS'D. OWNER(S)
HOWARD J. McKENZIE

(399) BLOCK 2604, LOT 36
ADDRESS: 334 18TH AVENUE

FORMER ASS'D. OWNER(S)
THOMAS, ARTHUR L. & EMMA

(400) BLOCK 2608, LOT 53
ADDRESS: 376 18TH AVENUE

FORMER ASS'D. OWNER(S)
HAMMONDS, VICTORIA & KERLISTER

Defendants.

This cause being opened to the Court by Michelle Hollar-Gregory, Corporation Counsel, (Ayesha Freeman, Assistant Corporation Counsel, appearing) attorney for plaintiff, City of Newark, and it appearing that plaintiff filed its Complaint pursuant to R.S. 54:5-104.29, as amended and supplemented, and the rules of the Court governing such practice and procedure to

21

*4 of 3*

that no answer has been filed in this cause by any person having or claiming to have a right, title or interest in or to, or lien upon any parcel of land described in the Complaint filed herein within the time fixed by said statute, and it appearing that the plaintiff has filed a copy of the Complaint in the Office of the Tax Collector of the City of Newark and in the Office of the Register of the County of Essex and in

the office of the Attorney General of the State of New Jersey, and the Court having read and considered the Verified Complaint filed herein, together with Proofs of Publication, Mailing and Posting of said Notice and the Affidavit showing that there has been no redemption of any of the tax sale certificates; and the Court being satisfied and having determined that there has been compliance with said statute;

It is on this 15 day of October, 1991

ORDERED AND ADJUDGED that in pursuance of R.S. 54:5-104.72, as amended and supplemented, all persons having a vested or contingent title or interest in or lien or claim upon or against lands more specifically identified in Claim Schedule , attached hereto and made a part hereof, including the State of New Jersey, and any agency and political subdivision thereof, and their heirs, devisees and personal representatives and their or any of their heirs, devisees, executors, administrators, grantees, assigns or successors in right, title or interest notwithstanding any infancy of incompetency of such person or persons, and all other persons

5of 3

their heirs, devisees and personal representatives and their or any of their heirs, devisees, executors, administrators; grantees, assigns or successors in right, title or interest be barred or the right of redemption and be foreclosed of all prior or subsequent alienations and descents of said lands and encumbrances thereon, and that an absolute and indefeasible estate of inheritance in fee simple in said lands be vested in the plaintiff, City of Newark, a municipal corporation of the State of New Jersey.



J. S. C.



I, Donald F. Phelan, Acting Clerk of the Superior Court of New Jersey, the same being a Court of Record, do hereby certify that the foregoing is a true copy of the *Final Judgment* now on file in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court at Trenton, this *15th* day of *October* Nineteen hundred and *ninety-one*

DONALD F. PHELAN

SIZE AND LOCATION NOT GUARANTEED - FOR INFORMATION ONLY
ALL PARCELS SHOULD BE PHYSICALLY INSPECTED AND THE TAX MAP CONSULTED
ALL PARCELS OFFERED FOR SALE IN "AS IS" PHYSICAL CONDITION

BLOCK: 334

LOT(S): 20

LOCATION:  519 So. 16th Street

ZONING:

SIZE OF PARCEL:  25x100

CONDITIONS OF SALE:  1-5 Inclusive, 7-24 Inclusive, 26,27 and 30-35 Inclusive

SITE DESCRIPTION:  2½ Story Frame Structure

MINIMUM PRICE:  $3,180.

EARNEST MONEY:  $318.

EARNEST MONEY MUST BE IN CASH, CASHIER'S CHECK OR MONEY ORDER. PERSONAL
CHECKS WILL BE ACCEPTED ONLY AS INDICATED IN CONDITION OF SALE NO. 2.



519 SO. 16TH STREET

34

# NEWARK

**DEPARTMENT OF DEVELOPMENT**
**DIVISION OF PROPERTY MANAGEMENT**
**32 GREEN STREET**
**NEWARK, NEW JERSEY**



# Super Sale

**IMPROVEMENTS and VACANT LOTS**

**QUALITY INN, CRYSTAL ROOM**
**50 PARK PLACE**
**NEWARK, N,J. 07102**

## JUNE 18, 1992 - 9:00 A.M.

For information, call (201) 733-3914



519 SOUTH 16th STREET
NEWARK NEW JRSEY 07102
OWNER JOHN D. BLACK

This Deed

Between ERNESTINE CHAMBERS, Unmarried,

residing or located at 380 North Walnut Street
in the City of East Orange in the County of
Essex and State of New Jersey herein designated as the Grantors,

And

LA ONIKI, INCORPORATED,

residing or located at 315 South Orange Avenue
in the City of Newark in the County of
Essex and State of New Jersey herein designated as the Grantees;

Witnesseth, that the Grantors, for and in consideration of

TWENTY THOUSAND and 00/XX - ($20,000.00) - - - - - - - - - - - -Dollars

lawful money of the United States of America, to the Grantors in hand well and truly paid by the Grantees, at or before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, and the Grantors being therewith fully satisfied, do by these presents remise, release and forever Quitclaim unto the Grantees forever,

All that tract or parcel of land and premises, situate, lying and being in the
City of Newark in the
County of Essex and State of New Jersey, more particularly described as follows:

BEGINNING at the northeast corner of South Orange Avenue and South Seventh Street; thence Easterly along the Northerly line of South Orange Avenue fifty five feet more or less to a point in line with the Westerly face of the frame building on the premises adjoining on the East; thence Northerly along the same fifty six feet and seventy five hundredths of a foot; thence Westerly one foot and forty five hundredths of a foot; thence north twenty one degrees thirty nine minutes east twenty six feet and twenty five hundredths of a foot; thence South sixty eight degrees twenty one minutes East twenty five feet and twenty four hundredths of a foot; thence north twenty one degrees thirty nine minutes east eleven feet and fifty eight hundredths of a foot; thence north sixty eight degrees twenty one minutes West thirty six feet and eighty five hundredths of a foot; thence North sixty one degrees sixteen minutes West twenty nine feet and forty five hundredths of a foot to the Easterly line of South Seventh Street and thence along the same south twenty eight degrees forty four minutes West one hundred feet and sixty four hundredths of a foot to the point and place of BEGINNING.

BEING known and designated as Lot 42, Block 1779, on the Tax Maps of the City of Newark, New Jersey.

BEING known and designated as 313-315 South Orange Avenue and 268 South 7th Street, Newark, New Jersey.

BEING the same premises conveyed to Arthur Chambers and Ernestine Chambers, his wife, by deed from Joseph William Smith and Beverly June Smith, his wife, dated February 18, 1972, and recorded March 2, 1972, at Deed Book 4401 Page 166 of the Register of Essex County, New Jersey.

Arthur Lee Chambers, husband of Ernestine Chambers, died on November 14, 1975, in East Orange, New Jersey, where a record of his death may be obtained.

SUBJECT, however, to the lien and operation of a certain mortgage executed and delivered by Arthur Chambers and Ernestine Chambers, his wife, to Joseph William Smith, dated March 1st, 1972, and recorded in the Essex County Register's Office on March 3rd, 1972, in Mortgage Book 4490 Page 801.

SUBJECT, however, to the lien and operation of a certain mortgage executed and delivered by Arthur Chambers and Ernestine Chambers, his wife, to General Investment Corp., dated December 14th, 1973, and recorded in the Essex County Register's Office on December 20th, 1973, in Mortgage Book 4574 Page 689.

SUBJECT, however, to the lien and operation of a certain mortgage executed and delivered by Ernestine Chambers to General Investment Co., dated April 2nd, 1979, and recorded in the Essex County Register's Office on April 4th, 1979, in Mortgage Book 4797 Page 314.

SUBJECT also to the lien and operation of a NOTICE OF FEDERAL TAX LIEN, dated January 28th, 1980, and recorded in the Essex County Register's Office on February 4th, 1980, in Federal Lien Book 74 Page 313.

SUBJECT Also to the operation and effect of unpaid taxes of the City Of Newark, New Jersey.

SUBJECT also to such state of facts as an accurate survey would disclose.

BOOK 4700 PAGE 408

**Together** with all and singular the rights, liberties, privileges, hereditaments and appurtenances thereunto belonging or in anywise appertaining; and the reversion and reversions, remainder and remainders, rents, issues and profits thereof, and of every part and parcel thereof; **And also** all the estate, right, title, interest, use, possession, property, claim and demand whatsoever, of the Grantors both in law and in equity, of, in and to the premises herein described, and every part and parcel thereof, with the appurtenances. **To Have** and to **Hold** all and singular, the premises herein described, together with the appurtenances, unto the Grantees and to Grantees' proper use and benefit forever.

In all references herein to any parties, persons, entities or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text of the within instrument may require.

Wherever in this instrument any party shall be designated or referred to by name or general reference, such designation is intended to and shall have the same effect as if the words "heirs, executors, administrators, personal or legal representatives, successors and assigns" had been inserted after each and every such designation.

In **Witness Whereof,** the Grantors have hereunto set their hands and seals, or if a corporation, it has caused these presents to be signed by its proper corporate officers and its corporate seal to be affixed hereto, the day and year first above written.

**Signed, Sealed and Delivered**
in the presence of
or Attested by

_____
Judson L. Levin

_____
ERNESTINE CHAMBERS,
Unmarried

_____

_____

**State of New Jersey, County of** ESSEX

that on **November 17th,** 19 80, before me, the subscriber, AN ATTORNEY AT LAW OF NEW JERSEY, } ss.: **Be it Remembered,** personally appeared Ernestine Chambers, Unmarried,

who, I am satisfied, is the person named in and who executed the within Instrument, and thereupon she acknowledged that she signed, sealed and delivered the same as her act and deed, for the uses and purposes therein expressed, and that the full and actual consideration paid or to be paid for the transfer of title to realty evidenced by the within deed, as such consideration is defined in P.L. 1968, c. 49, Sec. 1 (c), is $ 20,000.00.

_____
Judson L. Levin
AN ATTORNEY AT LAW OF NEW JERSEY

**State of New Jersey, County of**

that on 19 , before me, the subscriber, } ss.: **Be it Remembered,**

personally appeared

who, being by me duly sworn on h oath, deposes and makes proof to my satisfaction, that he is the Secretary of the Corporation named in the within Instrument; that is the President of said Corporation; that the execution, as well as the making of this Instrument, has been duly authorized by a proper resolution of the Board of Directors of the said Corporation; that deponent well knows the corporate seal of said Corporation; and that the seal affixed to said Instrument is the proper corporate seal and was thereto affixed and said Instrument signed and delivered by said President as and for the voluntary act and deed of said Corporation, in presence of deponent, who thereupon subscribed h name thereto as attesting witness. and that the full and actual consideration paid or to be paid for the transfer of title to realty evidenced by the within deed, as such consideration is defined in P.L.



vo of three
ne fraud that
ells it all
of 2

BK5105PG0874

FILED
SUPERIOR COURT OF N.J.

OCT 1 1991

D.F.P.

GLENN A. GRANT, CORPORATION COUNSEL
BY: AYESHA FREEMAN, ASSISTANT CORPORATION COUNSEL
920 BROAD STREET, NEWARK, NEW JERSEY 07102
(201) 733-8026
ATTORNEY FOR PLAINTIFF, CITY OF NEWARK

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
ESSEX COUNTY
DOCKET NO. F-14694-91

CITY OF NEWARK OF THE COUNTY
OF ESSEX, A MUNICIPAL CORPO-
RATION OF THE STATE OF NEW
JERSEY,

Plaintiff,

vs.

Civil Action

FINAL JUDGMENT OF IN REM
TAX FORECLOSURE

(201) BLOCK 575, LOT 34
308 BROADWAY
ASS'D. TO: MILADYS FAMILIA

(202) OMIT

Received & Recorded
Register's Office
Essex County NJ
OCT 02, 11:03 AM '91
Larrie K. Stalls
8910035121102032627

(203) BLOCK 581, LOT 11
300-33 14TH AVENUE &
WILLIAM ROX CHARLES & KATIE
HAYWOOD

(204) BLOCK 587, LOT 29
410 NORTH 13TH STREET
ASS'D. TO: CHARLES FLYNN &
CARL GARZIANO

(205) BLOCK 593, LOT 14
423 BLOOMFIELD AVENUE
ASS'D. TO: VS VENTURES
GENERAL PARTNERS

(206) BLOCK 596, LOT 28
403-409 BLOOMFIELD AVENUE
ASS'D. TO: FRANCESCO DI
PAOLO

(207) OMIT

(208) OMIT

# *CONSPIRACY* 3

~~(106) BLOCK 326, LOT 59~~
~~495 SO. 17TH STREET~~
~~ASS'D. TO: HARRY OSTERHAUDT,~~
~~SR UX~~

(107) BLOCK 327, LOT 8
318 - 14TH AVENUE
ASS'D. TO: CLAUDIS QUICK

(108) OMIT

(109) BLOCK 328, LOT 13
455-457 SO. 15TH STREET
ASS'D. TO: AMERICAN CUSTOM
HOMES CORP.

(110) OMIT

(111) ANSWER FILED

(112) ANSWER FILED

(113) ANSWER FILED

(114) BLOCK 331, LOT 38
514-516 SO. 14TH STREET
ASS'D. TO: PAULINE BERNABELA

(115) OMIT

(116) BLOCK 334, LOT 1
275-277 - 16TH AVENUE
ASS'D. TO: APPLING REALTY

(117) BLOCK 334, LOT 12
531-533 SO. 16TH STREET
ASS'D. TO: THOMAS & GENEVA
MITCHELL

(118) BLOCK 334, LOT 20
519 SO. 16TH STREET
ASS'D. TO: JOHN D. & BERMA D.
BLACK

(119) BLOCK 334, LOT 50
542 SO. 17TH STREET
ASS'D. TO: AMERICAN CUSTOM
HOMES CORP.

(120) BLOCK 337, LOT 6
513-515 SO. 19TH STREET
ASS'D. TO: DENNIS & LINDA BYNUM

*3 of 2*

(32) BLOCK 147.01, LOT 6.07CA6G:
111 MULBERRY STREET
ASS'D. TO: MICHAEL J. BEAURY

(33) BLOCK 147.01, LOT 9.02CA9B:
111 MULBERRY STREET
ASS'D. TO: CHIEFS PARTNERS LTD.

(34) OMIT

(35) OMIT

(36) OMIT

(37) BLOCK 191, LOT 51
128 PROSPECT STREET
ASS'D. TO: MANUEL CAAMANO, JR.

(38) ANSWER FILED

(39) BLOCK 232, LOT 59
40 - 13TH AVENUE
ASS'D. TO: CUCUZZA REALTY INC.

~~(40) BLOCK 248, LOT 3~~
~~196 SO. ORANGE AVENUE~~
~~ASS'D. TO: NEW COMMUNITY CORP.~~

~~(41) BLOCK 252, LOT 7~~
~~73 BEDFORD STREET~~
~~ASS'D. TO: NEW COMMUNITY CORP.~~

~~(42) BLOCK 260, LOT 2~~
~~100 - 12TH AVENUE~~
~~ASS'D. TO: NEW COMMUNITY CORP.~~

~~(43) BLOCK 260, LOT 4~~
~~104 - 12TH AVENUE~~
~~ASS'D. TO: NEW COMMUNITY CORP.~~

~~(44) BLOCK 260, LOT 7~~
~~90 - 12TH AVENUE~~
~~ASS'D. TO: NEW COMMUNITY CORP.~~

~~(45) BLOCK 260, LOT 10~~
~~114 CAMDEN STREET~~
~~ASS'D. TO: NEW COMMUNITY CORP.~~

~~(46) BLOCK 260, LOT 11~~
~~112 CAMDEN STREET~~
~~ASS'D. TO: NEW COMMUNITY CORP.~~

(195) BLOCK 522, LOT 41                    :
132 BROAD STREET
ASS'D. TO: TIME DEVELOPMENT              :
CORP. INC.

(196) OMIT                                :

(197) OMIT

~~(198) BLOCK 531, LOT 92~~
~~100 GARSIDE STREET~~
~~ASS'D. TO: ANGELO P. &~~               :
~~RUTH COCENSO~~

(199) BLOCK 540, LOT 43
269-271 LAKE STREET
ASS'D. TO: FRANCISCO CATARINO &
MICHELE OGONOWS                          :

(200) BLOCK 561, LOT 51
77 THIRD AVENUE
ASS'D. TO: RAMKISOON & JUANITA           :
NASDEO

                        Defendants.      :

————————————————————————————  x

        This cause being opened to the Court by Glenn A. Grant,
Corporation Counsel, (Ayesha Freeman, Assistant Corporation
Counsel, appearing) attorney for plaintiff, City of Newark,
and it appearing that plaintiff filed its Complaint Pursuant
to R.S. 54:5-104.72, as amended and supplemented, and the
rules of the Court governing such practice and procedure to
foreclose In Rem the lands as shown in the Claim Schedule
annexed hereto;

        That notice in the form prescribed by said statute was
published once in the Newark Star Ledger, a newspaper
circulating in the City of Newark, the municipality wherein
the lands to be affected are located, and it further appearing

that no answer has been filed in this cause by any person having or claiming to have a right, title or interest in or to, or lien upon any parcel of land described in the Complaint filed herein within the time fixed by said statute, and it appearing that the plaintiff has filed a copy of the Complaint in the Office of the Tax Collector of the City of Newark and in the Office of the Register of the County of Essex and in

the office of the Attorney General of the State of New Jersey, and the Court having read and considered the Verified Complaint filed herein, together with Proofs of Publication, Mailing and Posting of said Notice and the Affidavit showing that there has been no redemption of any of the tax sale certificates; and the Court being satisfied and having determined that there has been compliance with said statute;

It is on this 15th day of October, 1999

ORDERED AND ADJUDGED that in pursuance of R.S. 54:5-104.72, as amended and supplemented, all persons having a vested or contingent title or interest in or lien or claim upon or against lands more specifically identified in Claim Schedule , attached hereto and made a part hereof, including the State of New Jersey, and any agency and political subdivision thereof, and their heirs, devisees and personal representatives and their or any of their heirs, devisees, executors, administrators, grantees, assigns or successors in right, title or interest notwithstanding any infancy of incompetency of such person or persons, and all other persons

BK5185PG 933

BK5185 PG 934

**6 of 2**

their heirs, devisees and personal representatives and their

or, any of their heirs, devisees, executors, administrators;

grantees, assigns or successors in right, title or interest,

be barred or the right of redemption and be foreclosed of all

prior or subsequent alienations and descents of said lands and

encumbrances thereon, and that an absolute and indefeasible

estate of inheritance in fee simple in said lands be vested

in the plaintiff, City of Newark, a municipal corporation of

the State of New Jersey.

Respectfully recommended

R. 3:34 OFFICE OF FORECLOSURE

J.S.C.

Paul Levy, J.S.C.

I, Donald F. Phelan, Acting Clerk of the Superior Court of New Jersey,
the same being a Court of Record, do hereby certify that the foregoing
is a true copy of the *Final Judgment*
now on file in my office.
IN TESTIMONY WHEREOF, I have hereunto set my hand and
affixed the seal of said Court at Trenton, this *13* day of
*October* Nineteen hundred and *ninety-one*

DONALD F. PHELAN
Acting Clerk of Superior Court

Case 1:07-cv-00000-RMC   Document 123   Filed 10/22/2007   Page 1 of 13

# NEWARK

**DEPARTMENT OF DEVELOPMENT**
**DIVISION OF PROPERTY MANAGEMENT**
**32 GREEN STREET**
**NEWARK, NEW JERSEY**



## Super Sale

**IMPROVEMENTS and VACANT LOTS**

**QUALITY INN, CRYSTAL ROOM**
**50 PARK PLACE**
**NEWARK, N.J. 07102**

**JUNE 18, 1992 - 9:00 A.M.**

For information, call (201) 733-3914

BK5564PG0810

MICHELLE HOLLAR-GREGORY, CORPORATION COUNSEL
BY: AYESHA FREEMAN, ASSISTANT CORPORATION COUNSEL
920 BROAD STREET, NEWARK, NEW JERSEY 07102
(201) 733-8026
ATTORNEY FOR PLAINTIFF, CITY OF NEWARK

OCT 1 1

D.F.P.

*One of three*
*The fraud that*
*Tells it all*

*1 of 1*

CITY OF NEWARK OF THE COUNTY
OF ESSEX, a Municipal Corpora-
tion of the State of New
Jersey,

          Plaintiff,

vs.

(201) OMITTED

(202) OMITTED

(203) OMITTED

(204) BLOCK 571.01, LOT 1
ADDRESS: 2-24 MT. PLEASANT AVENUE

FORMER ASS'D. OWNER(S)
MUTUAL INVESTMENT ASSOC. INC.

SUPERIOR COURT OF NEW JERSE
CHANCERY DIVISION
ESSEX COUNTY
DOCKET NO. F-13454-98

              CIVIL ACTION

FINAL JUDGMENT OF
IN REM TAX FORECLOSURE

# CONSPIRACY 1

REMMINGTON REALTY INC.    *2 of 1*

(247) BLOCK 972, LOT 28
ADDRESS: 134 CLIFFORD STREET

FORMER ASS'D. OWNER(S)
REMMINGTON REALTY INC.

(248) OMITTED

(249) OMITTED

(250) OMITTED

(251) OMITTED

(252) OMITTED

(253) BLOCK 1163, LOT 16
ADDRESS: 175 SOUTH STREET

FORMER ASS'D. OWNER(S)
MOLINA, ROSENDO M. & R. DOMING

(254) OMITTED

(255) OMITTED

(256) OMITTED

(257) OMITTED

(258) OMITTED

(259) BLOCK 1275, LOT 6
ADDRESS: 86 AVENUE C

FORMER ASS'D. OWNER(S)
STACOR CORP.

(260) BLOCK 1275, LOT 7
ADDRESS: 78-84 AVENUE C

FORMER ASS'D. OWNER(S)
STACOR CORP.

(261) BLOCK 1779, LOT 42
ADDRESS: 313 ORANGE AVENUE

313-315

FORMER ASS'D. OWNER(S)
LA ONIKI, INC.
313-315 SOUTH ORANGE AVE
(262) BLOCK 1780, LOT 14
ADDRESS: 225 SEVENTH STREET

FORMER ASS'D. OWNER(S)
HOL-SHAW, INC.

~~(263) BLOCK 1780, LOT 38~~
~~ADDRESS: 323 SO. ORANGE AVENUE~~

~~FORMER ASS'D. OWNER(S)~~
~~CROUGHTER, BRENDA K.~~

(264) BLOCK 1780, LOT 42
ADDRESS: 331 SO. ORANGE AVENUE

FORMER ASS'D. OWNER(S)
TAX CERT. FUND/ FLEET FACTORS

(265) BLOCK 1781, LOT 13
ADDRESS: 251 EIGHTH STREET S

FORMER ASS'D. OWNER(S)
RUBIN, RIMON & HOWARD

(266) BLOCK 1782, LOT 13
ADDRESS: 283 NINTH STREET S

FORMER ASS'D. OWNER(S)
TAYLOR, MICHELLE A

(267) BLOCK 1783, LOT 18
ADDRESS: 321 SO. TENTH STREET S.

FORMER ASS'D. OWNER(S)
TILLMAN, MARVIN

(268) BLOCK 1784, LOT 8
ADDRESS: 335 11TH STREET S.

FORMER ASS'D. OWNER(S)
POMONA MORTGAGE CO.

(269) BLOCK 1785, LOT 24
ADDRESS: 369 12TH STREET S.

BK5561 PGU83U

~~FORMER ASS'D. OWNER(S)~~
~~TIDEWATER BAILING CORP.~~

*4 0f 1*

(394) OMITTED

(395) BLOCK 2530, LOT 12
ADDRESS: 661 M.L. KING BLVD.

FORMER ASS'D. OWNER(S)
BROWN, WILBUR

(396) OMITTED

(397) ANSWER

(398) BLOCK 2604, LOT 5
ADDRESS: 427 FAIRMOUNT AVENUE

FORMER ASS'D. OWNER(S)
HOWARD J. McKENZIE

(399) BLOCK 2604, LOT 36
ADDRESS: 334 18TH AVENUE

FORMER ASS'D. OWNER(S)
THOMAS, ARTHUR L. & EMMA

(400) BLOCK 2608, LOT 53
ADDRESS: 376 18TH AVENUE

FORMER ASS'D. OWNER(S)
HAMMONDS, VICTORIA & KERLISTER

Defendants.

This cause being opened to the Court by Michelle Hollar-Gregory, Corporation Counsel, (Ayesha Freeman, Assistant Corporation Counsel, appearing) attorney for plaintiff, City of Newark, and it appearing that plaintiff filed its Complaint pursuant to R.S. 54:5-104.29, as amended and supplemented, and the rules of the Court governing such practice and procedure to

21

foreclose In Rem the lands as shown in the Claims Sched annexed hereto.

That notice is form prescribed by said statute published once in the Star-Ledger, a newspaper circulating in City of Newark, the municipality wherein the lands to be affect are located, and it appearing that no Answer has been filed this cause by an person having or claiming to have a right, ti or interest in or to, or lien upon any parcel or land descrit in the Complaint filed herein within the time fixed by s statute, excepting those claims identified in the Noti Severance which is being filed simultaneously with this Judgme and it appearing that the plaintiff has filed a copy of th Complaint filed herein upon any parcel or land described in the complaint, in the Office of the Tax Collector of the City of Newark and in the Office of the Register of the County of Essex and in the Office of the Attorney General of the State of New Jersey, and the Court having read and considered the Verified Complaint filed herein, together with Proof of Publication, Mailing and Posting of said Notice and Affidavit showing that there has been no redemption of any of the tax sale certificates and the Court being satisfied and having determined that there has been compliance with said statute;

IT IS THEREUPON ON THIS ____ DAY OF OCTOBER, 1998; ORDERED AND ADJUDGED, that in pursuance of R.S. 54:5

104.29, as amended and supplemented, all persons having a ves
or contingent title or interest in or lien or claim upon
against land more specifically identified in the Schedu
attached hereto and made a part hereof, including the State
New Jersey, and any agency and political subdivision thereof, a
their heirs, devisees and personal representatives and their
any of their heirs, devisees, executors, administrator
grantees, assigns or successors in right, title or intere
notwithstanding any infancy or incompetency of such person o
persons, and all other persons their heirs, devisees and persona
representative and their or any of their heris, devisees
executors, administrators, grantees, assigns or successors i
right, title or interest, be barred on the right of redemptio
and be foreclosed of all prior or subsequent alienations and
descents of said lands and encumbrances thereon, and that an
absolute and indefeasible estate of inheritance in fee simple in
said lands be vested in the plaintiff, City of Newark, a
municipal corporation of the State of New Jersey.

Respectfully recommended
R. 4:34-6 OFFICE OF FORECLOSURE    Anthony J. Parillo, PJCh

I, Donald F. Phelan, Clerk of the Superior Court of New Jersey,
the same being a Court of Record, do hereby certify that the foregoing
is a true copy of the Final Judgment
now on file in my office.
IN TESTIMONY WHEREOF, I have hereunto set my hand and
affixed the seal of said Court at Trenton, this 1st day of
October Nineteen hundred and Ninety Eight

Donald Phelan
CLERK

PHOTO SUBMITTED ONLY AS AN AID

SIZE AND LOCATION NOT GUARANTEED - FOR INFORMATION ONLY
ALL PARCELS SHOULD BE PHYSICALLY INSPECTED AND THE TAX MAP CONSULTED
ALL PARCELS OFFERED FOR SALE IN "AS IS" PHYSICAL CONDITION

BLOCK:  1779

LOCATION:  313-315 So. Orange Avenue

LOT(S):  42

ZONING:

SIZE OF PARCEL:  54.9x97

CONDITIONS OF SALE:  1-5 Inclusive, 7-24 Inclusive, 26,27 and 30-35 Inclusive

SITE DESCRIPTION:  3 Story Brick Structure

MINIMUM PRICE:  $13,900.

EARNEST MONEY:  $1,398.

EARNEST MONEY MUST BE IN CASH, CASHIER'S CHECK OR MONEY ORDER. PERSONAL
CHECKS WILL BE ACCEPTED ONLY AS INDICATED IN CONDITION OF SALE NO. 2.



313-315 SO. ORANGE AVENUE

45



# NEWARK

**DEPARTMENT OF DEVELOPMENT
DIVISION OF PROPERTY MANAGEMENT
32 GREEN STREET
NEWARK, NEW JERSEY**

# Super Sale

**IMPROVEMENTS and VACANT LOTS**

**QUALITY INN, CRYSTAL ROOM
50 PARK PLACE
NEWARK, N,J. 07102**

## JUNE 18, 1992 - 9:00 A.M.

For information, call (201) 733-3914

BK 5450 PG 282

FILED
SUPERIOR COURT OF N.J.
OCT 4 1996
SMK

MICHELLE HOLLAR-GREGORY, CORPORATION COUNSEL
BY: AYESHA FREEMAN, ASSISTANT CORPORATION COUNSEL
920 BROAD STREET, NEWARK, NEW JERSEY 07102
(201) 733-8026
ATTORNEY FOR PLAINTIFF, CITY OF NEWARK

|  |  |
|---|---|
| CITY OF NEWARK OF THE COUNTY OF ESSEX, a Municipal Corporation of the State of New Jersey,<br><br>                    Plaintiff,<br><br>-vs-<br><br>BLOCK  575 , LOT  34 , et als., AS TO CLAIM NO. 306<br>BEING BLOCK   1779<br>LOT(S)        42<br>ASS'D. TO: LAONIKI, INC.<br><br>PROPERTY LOCATION:<br>313 SOUTH ORANGE AVENUE<br><br>                    Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION : ESSEX COUNTY<br>DOCKET NO. F-14694-91<br><br>          Civil Action<br><br>: ORDER VACATING DEFAULT JUDGMENT<br>: AND DISMISSING THE COMPLAINT<br>:   (IN REM TAX FORECLOSURE)<br>:     AS TO CLAIM NO. 306<br><br>Received & Recorded<br>Register's Office<br>Essex County, NJ<br>DEC 12, 02:08 PM '96<br>Carole A. Graves<br>B96004156I10854120 |

This matter being brought before this Court by Michelle Hollar-Gregory, Corporation Counsel; Ayesha Freeman, Assistant Corporation Counsel appearing on behalf of the plaintiff, and it appearing to the Court that default judgment in favor of the plaintiff has been entered in this action on or about the 2nd day of October, 1991, against the defendant in Claim No. 306

74

BK 5450 PG 283

thereof; and it appearing that said property was foreclosed in error as Tax Sale Certificate was never recorded and the Municipal Council of the City of Newark through Resolution 7RV adopted September 19, 1996, authorized the vacation of the within Foreclosure Complaint.

IT IS ON THIS 4th DAY OF October , 1996;

ORDERED that the judgment heretofore entered with respect to:

| Claim # | Block/Lot | Address | Name |
|---------|-----------|---------|------|
| 306 | 1779/42 | 313 So. Orange Ave. | Laoniki, Inc. |

be vacated and set aside and the Complaint be dismissed as to the above claim(s) or schedule(s), pursuant to Municipal Council Resolution #7Rv adopted September 18, 1996.

Judgment recorded in Book 5185, page 874, of Deeds in the Essex County Register's Office.

The Tax Sale Certificate No. 65587 was the basis of the within foreclosure action but inadvertently never recorded.

This Order effectively discharges Lis Pendens No. P-387 filed on August 14, 1991.

Respectfully recommended:          SAMUEL D. LENOX, JR., P.J.S.C.
P. M:84-6 OFFICE OF FORECLOSURE

MICHELLE HOLLAR-GREGORY, CORPORATION COUNSEL
BY: CHINA LADNER, ASSISTANT CORPORATION COUNSEL
920 BROAD STREET, ROOM 316, NEWARK, NEW JERSEY 07102
(973) 733-3880
ATTORNEY FOR DEFENDANTS, THE CITY OF NEWARK; SHARPE JAMES
(CL/3294)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | | |
|---|---|---|
| JOHN D. BLACK, | : | HONORABLE W. EARL BRITT |
| Plaintiff, | : | CIVIL ACTION<br>NO. 5:98-CV-696-BR(3) |
| v. | : | MEMORANDUM |
| THE CITY OF NEWARK, etc.;<br>et al., | : | IN OPPOSITION TO PLAINTIFF'S<br>MOTION TO DISMISS JUDGMENT IN<br>IN LIEU OF ANSWER |
| Defendants. | : | |

To:  Clerk of the Court

John D. Black
31 William Street
East Orange, New Jersey 07017


### STATEMENT OF FACTS

This case arises out of the City of Newark's In Rem Tax Foreclosure Proceeding against property located in Newark, New Jersey, at 313-315 South Orange Avenue, also known as Block 1779, Lot 42, and 519 South 16th Street, also known as Block 334, Lot 20, allegedly formerly owned by the plaintiff.

LAST
#64

The City of Newark foreclosed the property at 313-315 South Orange Avenue in 1998, and obtained a final judgment of In Rem Tax foreclosure against the former owner on or about October 1, 1998. Pursuant to the records of the City of Newark Tax Assessor, this property was formerly assessed to La Oniki, Inc.

The City of Newark foreclosed the property at 519 South 16th Street in 1991, and obtained a final judgment of In Rem Tax foreclosure against the former owner on or about October 1, 1991. Pursuant to the records of the City of Newark's Tax Assessor, this property was' formerly assessed to John and Bertha Black. Said property, however, was subsequently conveyed to Emerson International, Ltd., on or about August 26, 1993. (See **Defendant's Notice of Motion** and supporting documents filed June 7, 1999 attached hereto as **Exhibit A.**)

## PROCEDURAL HISTORY

On June 7, 1999, defendants, City of Newark and Sharpe James, Mayor, filed a motion to dismiss the plaintiff's complaint in lieu of an answer pursuant to F.R. Civ. P. 12(b) (1),' (2), (3), (5), (6), and (7). (**See attached Exhibit A.**) The Court granted defendants' motion, and entered an Order on July 15, 1999, dismissing plaintiff's complaint. (**See attached Exhibit B.**)

On October 5, 1999, this Court, sua sponte, filed and entered an Order, dismissing plaintiff's case with **prejudice**

65

pursuant to Rule 41(b), Fed. R. Civ. P. **(See attached Exhibit C.)** On or about March 10, 2000, plaintiff filed a Notice of Motion to Dismiss Judgment In Lieu of Answer. **(See attached Exhibit D.)** The defendants herein have not received a return date set by the Court.

## LEGAL ARGUMENT

In accordance with F.R. Civ. P. 60 (b), on motion and upon such terms as are just, the court may relieve a party from a final judgment, order, based upon certain grounds such as mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (3) fraud, misrepresentation, or other misconduct of an adverse party. As far as I am able to decipher from the plaintiff's papers, it appears that the plaintiff is asserting 60(b)(3) as the basis for having the Court vacate the prior orders. However, plaintiff has failed to provide any proof that indicates that there was any fraud, misrepresentation, or other misconduct, on the part of the defendants.

The City of Newark, through its employees, conducted an in rem tax foreclosure in accordance with the statutory requirements under N.J.S.A. 54:5-104.29 et seq. **(See Point V of Defendant's Brief attached hereto as Exhibit A.)** Additionally, all of the alleged fraudulent acts that plaintiff asserts in his motion papers, allegedly took place near or around the time of

*66*

the City of Newark's foreclosure. However, the plaintiff failed to exhaust his legal and equitable remedies at that time, and instead, wants this Court to entertain a motion, which is supported by stale, and irrelevant documents.

Moreover, even if the Court was to consider these allegations at this late stage, plaintiff's motion suffers from the same infirmities as his complaint, the Court lacks subject matter and personal jurisdiction, and has ultimately dismissed the plaintiff's case with prejudice for this reason, amongst other reasons. In fact, the Court's July 19, 1999 Order states that "this court cannot exercise personal jurisdiction over these defendants because to do so would violate defendants' due process." **(See p. 2, para. 2 of the July 19, 1999 Order attached hereto as Exhibit B.)**

Accordingly, it is blatantly clear that plaintiff's new allegations regarding fraud by the defendants, still does not cure the jurisdictional defect. Additionally, plaintiff fails to show that the Court's Orders should be vacated based upon any of the other grounds enumerated in Rule 60(b). Therefore, plaintiff's motion must be denied.

67

CONCLUSION

Based upon the foregoing, coupled with the brief, previously submitted by the defendants in support of its motion to dismiss plaintiff's complaint (see attached Exhibit A), plaintiff's motion should be denied.

Respectfully submitted,

Michelle Hollar-Gregory
Corporation Counsel

By: _China Ladner_
China Ladner
Assistant Corporation Counsel

Dated:  April 5, 2000

(p\blackmo2)

68

# Newark

Sharpe James
Mayor

Department of Law

920 Broad Street
Newark, New Jersey 07102
973-733-3880
Fax 973-733-5394

Michelle Hollar-Gregory
Corporation Counsel

LA Oniki, Inc.
313-315 So. Orange Avenue
Newark, NJ  07106

DATE: August 22, 1998
Re: 313 So. Orange Avenue
BLOCK 1779,  Lot 42
DOCKET NO. (see attached)
SCHEDULE NO. 261
AMOUNT TO REDEEM: $157, 296.97
(PLUS INTEREST, PENALTIES & COSTS)
ASS'D. TO: LA Oniki, Inc.
LIEN(S): Owner

## NOTICE OF IN REM TAX FORECLOSURE

TAKE NOTICE that an action In Rem has been commenced in the Superior Court of New Jersey to foreclose the lands herein described above pursuant to N.J.S.A. 54:5-104.29, et seq., as amended and supplemented by the filing of a Complaint on (see attached) to bar any outstanding right or redemption of the lands from the tax sale which resulted in the said Tax Certificates and to foreclose and forever bar any and all rights of redemption of the parcel of land described in the tax foreclosure list from plaintiff's tax lien titles. (See attached)

This action is brought against the land only and no personal judgment may be entered herein.

Any persons desiring to protect a right, title or interest in the described land, or any parcel thereof, by redemption, or to contest PLAINTIFF'S right to foreclose, must do so by paying the amount required to redeem, plus interest to the date of redemption and such other costs as the Court may allow prior to the entry or judgment therein, or by filing and serving an answer to the Complaint, setting forth defendant's defense, within forty-five (45) days after date of newspaper publication. (see attached)

In the event of failure to redeem, or answer, by any person having the right to redeem, or answer, such person shall be forever barred and foreclosed of all his rights, title and interest and equity of redemption in and to the parcels of land herein described.

Your lien is identified in the upper right hand corner of this notice.  You are either the owner, mortgage holder or judgment creditor.

## THEFT BY DECEPTION

Collection of Rents by you, or your designee after final judgment has been rendered, may constitute Fraud, pursuant to N.J.S.A. 2C:20-4.

CERTIFIED MAIL NO.  Z 393 484 433

69



70

MICHELLE HOLLAR-GREGORY, CORPORATION COUNSEL
BY:  AYESHA FREEMAN, ASSISTANT CORPORATION COUNSEL
920 BROAD STREET, NEWARK, NEW JERSEY 07102
(201) 733-8026
ATTORNEY FOR PLAINTIFF, CITY OF NEWARK

FILED

OCT 1 1998

D.F.P.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION
ESSEX COUNTY
DOCKET NO. F-13454-98

CITY OF NEWARK OF THE COUNTY
OF ESSEX, a Municipal Corpora-
tion of the State of New
Jersey,

          Plaintiff,

     vs.                                          CIVIL ACTION

     (201) OMITTED

     (202) OMITTED                      FINAL JUDGMENT OF
                                        IN REM TAX FORECLOSURE
     (203) OMITTED

     (204) BLOCK 571.01, LOT 1
ADDRESS: 2-24 MT. PLEASANT AVENUE

FORMER ASS'D. OWNER(S)
MUTUAL INVESTMENT ASSOC. INC.

71

BK5564PG0875

REMMINGTON REALTY INC.

(247) BLOCK 972, LOT 28
ADDRESS: 134 CLIFFORD STREET

FORMER ASS'D. OWNER(S)
REMMINGTON REALTY INC.

(248) OMITTED

(249) OMITTED

(250) OMITTED

(251) OMITTED

(252) OMITTED

(253) BLOCK 1163, LOT 16
ADDRESS: 175 SOUTH STREET

FORMER ASS'D. OWNER(S)
MOLINA, ROSENDO M. & R. DOMING

(254) OMITTED

(255) OMITTED

(256) OMITTED

(257) OMITTED

(258) OMITTED

(259) BLOCK 1275, LOT 6
ADDRESS: 86 AVENUE C

FORMER ASS'D. OWNER(S)
STACOR CORP.

(260) BLOCK 1275, LOT 7
ADDRESS: 78-81 AVENUE C

FORMER ASS'D. OWNER(S)
STACOR CORP.

(261) BLOCK 1779, LOT 42
ADDRESS: 313 ORANGE AVENUE

6

72

FORMER ASS'D. OWNER(S)
LA ONIKI, INC.

(262) BLOCK 1780, LOT 14
ADDRESS: 225 SEVENTH STREET

FORMER ASS'D. OWNER(S)
HOL-SHAW, INC.

~~(263) BLOCK 1780, LOT 38~~
~~ADDRESS: 323 SO. ORANGE AVENUE~~

~~FORMER ASS'D. OWNER(S)~~
~~CROUGHTER, BRENDA K.~~

(264) BLOCK 1780, LOT 42
ADDRESS: 331 SO. ORANGE AVENUE

FORMER ASS'D. OWNER(S)
TAX CERT. FUND/ FLEET FACTORS

(265) BLOCK 1781, LOT 13
ADDRESS: 251 EIGHTH STREET S

FORMER ASS'D. OWNER(S)
RUBIN, RIMON & HOWARD

(266) BLOCK 1782, LOT 13
ADDRESS: 283 NINTH STREET S

FORMER ASS'D. OWNER(S)
TAYLOR, MICHELLE A

(267) BLOCK 1783, LOT 18
ADDRESS: 321 SO. TENTH STREET S.

FORMER ASS'D. OWNER(S)
TILLMAN, MARVIN

(268) BLOCK 1784, LOT 8
ADDRESS: 335 11TH STREET S.

FORMER ASS'D. OWNER(S)
POMONA MORTGAGE CO.

(269) BLOCK 1785, LOT 24
ADDRESS: 369 12TH STREET S.

73

~~FORMER ASS'D. OWNER(S)~~
~~TIDEWATER BAILING CORP.~~

(394) OMITTED

(395) BLOCK 2530, LOT 12
ADDRESS: 661 M.L. KING BLVD.

FORMER ASS'D. OWNER(S)
BROWN, WILBUR

(396) OMITTED

(397) ANSWER

(398) BLOCK 2604, LOT 5
ADDRESS: 427 FAIRMOUNT AVENUE

FORMER ASS'D. OWNER(S)
HOWARD J. McKENZIE

(399) BLOCK 2604, LOT 36
ADDRESS: 334 18TH AVENUE

FORMER ASS'D. OWNER(S)
THOMAS, ARTHUR L. & EMMA

(400) BLOCK 2608, LOT 53
ADDRESS: 376 18TH AVENUE

FORMER ASS'D. OWNER(S)
HAMMONDS, VICTORIA & KERLISTER

    Defendants.

This cause being opened to the Court by Michelle Hollar-Gregory, Corporation Counsel, (Ayesha Freeman, Assistant Corporation Counsel, appearing) attorney for plaintiff, City of Newark, and it appearing that plaintiff filed its Complaint pursuant to R.S. 54:5-104.29, as amended and supplemented, and the rules of the Court governing such practice and procedure to

74

104.29, as amended and supplemented, all persons having a ves
or contingent title or interest in or lien or claim upon
against land more specifically identified in the Schedu
attached hereto and made a part hereof, including the State
New Jersey, and any agency and political subdivision thereof, a
their heirs, devisees and personal representatives and their
any of their heirs, devisees, executors, administrator
grantees, assigns or successors in right, title or intere
notwithstanding any infancy or incompetency of such person o
persons, and all other persons their heirs, devisees and persona
representative and their or any of their heris, devisees
executors, administrators, grantees, assigns or successors i
right, title or interest, be barred on the right of redemptio
and be foreclosed of all prior or subsequent alienations an
descents of said lands and encumbrances thereon, and that a
absolute and indefeasible estate of inheritance in fee simple i
said lands be vested in the plaintiff, City of Newark,
municipal corporation of the State of New Jersey.

Respectfully recommended
R 1:34-6 OFFICE OF FORECLOSURE    Anthony J. PARING, P.J.Ch

I, Donald F. Phelan, Clerk of the Superior Court of New Jersey,
the same being a Court of Record, do hereby certify that the foregoing
is a true copy of the Final Judgment
now on file in my office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and
affixed the seal of said Court at Trenton, this 1st day of
Nineteen hundred and Ninety Five Eight

CLERK

75

La-Oniki Inc./ John D. Black
313-315 South Orange Avenue
Newark, New Jersey 07102

January 11, 1988

United States Senate
Washington, D.C. 20510

Dear Mr. Bradley:

I am an agent for La-Oniki Inc. located in the City of Newark, New Jersey at 313-315
South Orange Avenue, also known as Block 1779, Lot 42, an apartment building with a
laundry mat on the first floor on the second and third floors are four apartments each
Laoniki also owns a one family house known as 266 South 7th Street and a store located
at 313 South Orange Avenue Newark, New Jersey on said premises.

I need your help because on December 4, 1987 at or approximately 8:00 a.m. the State
Senator, Ronald Rice and Donald Tucker and other members of the Municipal
Government    *INVADED*    the above properties and Ronald ordered me to give my
property to the City of Newark and went on to say that if I did not give my properties to
the City he was going to take it and sell it someone that deserves owning property in
Newark. They rushed into and upon my properties like wild animals. I am afraid of what
they are going to do to me. Will you please look into this matter?

Sincerely,

John D. Black

76

BILL BRADLEY
NEW JERSEY

COMMITTEES:
FINANCE
ENERGY AND
NATURAL RESOURCES
SELECT COMMITTEE
ON INTELLIGENCE
SPECIAL COMMITTEE ON
AGING

# United States Senate
### WASHINGTON, DC 20510

January 22, 1988

Mr. John D. Black
315 South Orange Avenue
Newark, New Jersey   07103

Dear Mr. Black:

Thank you for your recent letter requesting assistance regarding the experience you encountered during a building inspection.

I appreciate the confidence you have shown in writing to me on this matter.  However, the situation outlined in your letter does not fall under my jurisdiction as your United States Senator.

I regret that I am unable to be of assistance to you with regard to this matter.  If I can be of service to you in the future, with any other matter, please do not hesitate to contact me.

Best wishes.

Sincerely,

Bill Bradley
United States Senator

BB/jfl

77







**NEW JERSEY**
**DIVISION OF MOTOR VEHICLES**
**COMMERCIAL DRIVERS LICENSE SKILLS TEST**

FACILITY _____
DATE 3-19-93

CANT NAME : J_____ B____ ACK

DRIVER LICENSE NUMBER : B50094076403 4_

| | | | | |
|---|---|---|---|---|
| i leaks | –o– | Fuel tank | –o– | Release arm | o |
| | –o– | Fuel trk leaks | –o– | Reflectors | –o– |
| hield | –o– | Exhaust system | –o– | Sig/Brke light | –o– |
| s | –o– | Air/Elec lines | o | Landing gear | o |
| re | –o– | Safety latch | o | Doors/Ties | –o– |

**SCORING    PRETRIP**

PASS if SCORE is
| BUS | 3 axles | 26 |
| | 2 axles | (22) |
| TRUCK | 3 axles | 24 |
| | 2 axles | 21 |
| TRACTOR | 3 axles | 26 |
| TRAILER | 4 axles | 30 |
| | 5 axles | 34 |

**TOR CHECK**

| | | | | WHEELS | 1 2 3 4 5 |
|---|---|---|---|---|---|
| rake | –o– | Safety equipmt | o | Rims | –o–o– o o |
| ring play | o | Clutch/Gershift | o | Tires | –o–o– o o |
| indicate | o | Oil Pressure | –o– | Axle/Hub seals | –o–o– o o |
| | o | Parking brake | o | Lug nuts | –o–o– o o |

SCORE: 22    PASS [ ]    FAIL [ ]

| | | | |
|---|---|---|---|
| ghts | o | Passenger entry | –o– | Passenger exit | –o– |

**TURN**

| | STRAIGHT LINE BACKING | ALLEY DOCK |
|---|---|---|
| ps  –o–1 2 3 4 5 | Pullups  –o–1 2 3 4 5 | Pullups  –o–1 2 3 4 5 |
| achmts  –o–1 2 3 4 5 | Encroachments  –o–1 2 3 4 5 | Encroachments  –o–1 2 3 4 5 |
| nce  –o–1 2 3 4 5 | STOP AT LINE | Rear Dock (2')–o–1 |
| | Stop (2')  –o–1 | |

**SCORING    BASIC    CONTROL**
FAIL if 12 or more errors

SCORE: 11    PASS [ ]    FAIL [ ]

**Evaluation Points (Circle Failures)**

| Maneuver | | | | | | |
|---|---|---|---|---|---|---|
| roach, rning, lete Turn f Stop | Stop ? [ ] | Traffic Ck | Signal | Decel | Coast | Lane |
| | | Traffic Ck | Gears | Both Hands | Speed | Wide/Short |
| | | Traffic Ck | Correct Ln | Signal | Accel | Right |
| | | Necessary | Gap | Stop Line | Full Stop | Unlstraght |
| roach, rning, lete Turn f Stop | Stop ? [ ] | Traffic Ck | Signal | Decel | Coast | Lane |
| | | Traffic Ck | Gears | Both Hands | Speed | Wide/Short |
| | | (Traffic Ck) | Correct Ln | Signal | Accel | Right |
| | | Necessary | Gap | Stop Line | Full Stop | Unlstraght |
| roach, rning, te Turn Stop | Stop ? [ ] | Traffic Ck | Signal | Decel | Coast | Lane |
| | | Traffic Ck | Gears | Both Hands | Speed | Wide/Short |
| | | (Traffic Ck) | Correct Ln | Signal | Accel | Right |
| | | Necessary | Gap | Stop Line | Full Stop | Unlstraght |
| roach, rning, ete Turn Stop | Stop ? [ ] | Traffic Ck | Signal | Decel | Coast | Lane |
| | | Traffic Ck | Gears | Both Hands | Speed | Wide/Short |
| | | (Traffic Ck) | Correct Ln | Signal | Accel | Right |
| | | Necessary | Gap | Stop Line | Full Stop | Unlstraght |
| | | Proper Gear | Keep Right | 4-ways,slow | Traffic Ck | |
| | | Proper Gear | Brake | Clutch | Steady Spd | Traffic Ck |
| roach, top, ause | | Traffic Ck | Signal On | Correct Ln | Decel | Not Coast |
| | | Parallel | Not roll | Cancl Sigl | 4-/Ways On | Pkg Brake |
| | | Traffic Ck | 4Ways-Off | Signal | Pkg Brake | Not Stall |
| | | Traffic Ck | Accel | | | |
| | | Traffic Ck | Prop Lane | Keeps/Lane | (Follow Dist) | (Speed) |
| Change | Lane ? [ ] | Traffic Ck | Signal | (Spacing) | Smooth Chg | Cancl Sig |
| pping | | Traffic Ck | Coast | (Decel) | Stop/Line | Gap |
| | | Full Stop | | | | |
| hru | | (Traffic Ck) | Yield | Correct Lane | Gear Change | Accel |
| | | Clutch | Brakes | Gears | Steering | |
| | | Accident | Sign/Sigl | | | |

**SCORING    ROAD    TEST**

An applicant "fails" if the number of points circled in Column C exceeds the number of errors allowed. To determine the number of errors allowed, count the number of checks in Column B, then refer to the Error Table. Applicants who exceed the number of errors allowed are given a fail.

**ERROR TABLE**

| Column B Checks | # Errors Allowed |
|---|---|
| 5 | 27 |
| 4 | 26 |
| 3 | 25 |
| 2 | 24 |
| 1 | 23 |
| 0 | 22 |

Comments:

Immediate Fail:

SCORE: 8    PASS [x]    FAIL [ ]

nt Signature: _____    Safety Specialist Signature: _____

# Motor Vehicle Services

STATE OF NEW JERSEY
DEPARTMENT OF LAW AND PUBLIC SAFETY
Division of Motor Vehicles

Driver Control Services
1-609-292-7500

Date Prepared: October 27, 1995
DL Number: B5009 40764 03412
Suspension Effective: Nov. 21, 1995
Suspension Term: Indefinite
Event Code: DMV-S-BS13

John D Black
80 N Munn Ave
E Orange, NJ 07017

### SCHEDULED SUSPENSION

By authority of N.J.S.A. 39:3-10.1, 39:5-30 and N.J.A.C. 13:21-14.5 (c), Motor
Vehicle Services has scheduled the suspension of your New Jersey bus/commerical
driving privilege on November 21, 1995, indefinitely, because you failed to
satisfy the requirements for bus driver licensure, specifically:

Has criminal record which may be disqualifiying:
Bus/Com Disqualified-Arrest/Indict Rec

You may accept this suspension or request a hearing.

To accept this suspension, sign below and return this notice to Motor Vehicles.
Please use the enclosed envelope.

A hearing request must be in writing and mailed before the above suspension
effective date to: Division of Motor Vehicles, Driver Control Services, CN 134,
Trenton, N.J. 08666-0134. Enclose a copy of this notice. The request must
specify all disputed material facts and legal issues you or your attorney intend
to raise at a hearing and must present all arguments of those issues you wish
the Division to consider. If your request fails to set forth any disputed
facts, legal issues or arguments of such issues, the request will be denied and
this suspension will become effective on a date specified by Motor Vehicles and
constitute the Division's final decision in this matter. If you request a
hearing, this suspension will not become effective on the above date pending a
decision on your request. N.J.A.C. 13:19-1.1 et seq. as amended, R. 1991 d.220,
eff. April 15, 1991.

*C. Richard Kamin*
C. Richard Kamin
Director

SUSPENSION ACCEPTANCE.

I accept this suspension of my New Jersey commercial and bus driving privilege.
I understand that I may not operate any commercial passenger/school bus until I
receive written notice of restoration of my commercial and bus driving privilege
from the Director of the Division of Motor Vehicles.

DATE _____    SIGNATURE _____

ML/ls
DI-148/BUS-1 (R8/92)



**Motor Vehicle Services**

STATE OF NEW JERSEY
DIVISION OF MOTOR VEHICLES
225 EAST STATE ST.
TRENTON, NEW JERSEY 08666
(809) 292-7500                                    000008

## NOTICE TO ATTEND

JOHN    D BLACK
80 N MUNN AVE
EAST ORANGE    NJ 07017-4101

D.L. NUMBER: B5009 40764 03412

*T 2 8:45*

MOTOR VEHICLE SERVICES HAS GRANTED YOUR REQUEST FOR A HEARING CONCERNING
THE SCHEDULED SUSPENSION NOTICE(S) SENT TO YOU BY THE DIVISION. YOU ARE
REQUIRED TO ATTEND THE FOLLOWING PREHEARING CONFERENCE:

| DATE | TIME | ROOM | LOCATION |
|------|------|------|----------|
| 10/27/95 | 08:30 AM | | TRENTON REGIONAL SERV CNTR |
| | | | 120 SOUTH STOCKTON STREET |
| | | | SECOND FLOOR |
| | | | |
| | | | TRENTON    NJ |

PLEASE PRESENT THIS NOTICE TO THE RECEPTIONIST.

NO PREHEARING CONFERENCE WILL BE ADJOURNED FROM THE SCHEDULED DATE EXCEPT
FOR GOOD CAUSE. AN ADJOURNMENT REQUEST MUST BE IN WRITING, WITH THE
REASONS SPECIFIED THEREIN, AND MAILED AT LEAST SEVEN (7) DAYS BEFORE THE
DATE SCHEDULED FOR THE PREHEARING CONFERENCE TO: DIVISION OF MOTOR
VEHICLES, DRIVER CONTROL SERVICES, CN 134, TRENTON, N.J. 08666-0134.

THE PURPOSE OF THE PREHEARING CONFERENCE IS TO CLARIFY DISPUTED MATERIAL
FACTS AND LEGAL ISSUES RAISED IN YOUR HEARING REQUEST; TO REVIEW THE
EVIDENCE UPON WHICH YOU BASE YOUR CLAIM; TO ASCERTAIN YOUR DISCOVERY NEEDS;
TO SUPPLY YOU WITH ANY DISCOVERY TO WHICH YOU MAY BE ENTITLED; AND TO
ATTEMPT TO RESOLVE THE ADMINISTRATIVE ACTION(S) TO BE TAKEN.

IF YOU FAIL TO ATTEND YOUR PREHEARING CONFERENCE AND AN ADJOURNMENT HAS NOT
BEEN GRANTED, YOU WILL BE DEEMED TO HAVE ABANDONED YOUR HEARING REQUEST AND
THE PROPOSED ACTION(S) WILL BECOME EFFECTIVE ON THE DATE OF THE SCHEDULED
PREHEARING CONFERENCE.

*C. Richard Kamin*

C. Richard Kamin, Director

# Motor Vehicle Services

STATE OF NEW JERSEY
DIVISION OF MOTOR VEHICLES
PO BOX 127
TRENTON, NEW JERSEY 08666
(609)292-7500

## NOTICE OF SUSPENSION

JOHN      D BLACK
31 WILLIAM   STREET
EAST ORANGE    NJ 07017-5140          D.L. NUMBER      B5009 40764 03412

Your New Jersey passenger endorsement is suspended
as of 10/04/1996 indefinitely.

By authority of NJSA 39:3-10 et seq., 39:5-30 and NJAC 13:21-14.5(a) and (c)
the Division of Motor Vehicles has suspended your New Jersey passenger
endorsement on your commercial driver license. Motor Vehicle Services has
information indicating that you are not qualified to operate a passenger-
carrying motor vehicle specifically because:
WE HAVE RECEIVED INFORMATION THAT YOU HAVE A DISQUALIFYING CRIMINAL
ARREST AND/OR CONVICTION RECORD.

If you have not already done so, you must surrender your current New Jersey
driver license at a Motor Vehicle Agency and obtain a duplicate license
without the passenger endorsement. You may not operate a passenger-carrying
commercial motor vehicle until you receive written notice of restoration of
your passenger endorsement from the Director.

If at some time in the future you qualify for the passenger endorsement, you
must contact the Bus Application Unit for a review of your eligiblity and
submit a $100 restoration fee, check or money order made payable to N.J.
Motor Vehicle Services, using the enclosed envelope. Be sure to include your
New Jersey Driver License number on your check or money order.

Diane Legreide, Director                                    WREMT IR

- - - - - - - - - - - - - - - - - - - - - - - - - - Detach And Return This Part - - - - - - - - - - - - - - - -

JOHN      D BLACK
31 WILLIAM   STREET
EAST ORANGE    NJ 07017-5140          D.L. B5009 40764 03412

SUS O CDLC

Restoration fee due: $100.

Along with your request for an eligibility review with the Bus Application
Unit, submit the restoration fee, check or money order made payable to N.J.
Motor Vehicle Services, using the enclosed envelope. Be sure to include your
New Jersey Driver License number on your check or money order.

VF/B500940764034120000000001000096278EDHFPAIDEDH0013003110000000003.

 **Motor Vehicle Services** 

TRENTON, NEW JERSEY 08666

STATE OF NEW JERSEY
DEPARTMENT OF TRANSPORTATION
Division of Motor Vehicles

May 14, 1997

John D. Black
c/o Hall 31 William Street
East Orange, NJ 07017

   Re: B5009 40764 03412

Dear Mr. Black:

   Recently your correspondence was sent to my attention for review. Our records cannot be changed on an abstract, this information reflects the most recent activity. Since your criminal background check was completed in 1996, and your application for a bus driver license occurred then, this information most remain.

   Your employer is required to obtain a yearly abstract. Any motor vehicle information from 1996 is reflected on a three year abstract until 1999. The Department of Education and the Passenger Denial information will not be reflected after the year 1999 on a three year abstract.

   I regret that this is not the answer you were looking for. If I can be of further assistance, do not hesitate to contact me.

              Sincerely,

              Kathy Higham-Benyon
              Driver Review Unit

DATA OUTPUT REG        Fax:6099439988                Sep  9 2002  11:41    P.03
  6SUS O CDLC        00635  001031



**Motor Vehicle Services**

STATE OF NEW JERSEY
DIVISION OF MOTOR VEHICLES
PO BOX 127
TRENTON, NEW JERSEY 08666
1(800)392-7600

JOHN     D BLACK
80 N MUNN AVE
EAST ORANGE     NJ 07017-6101        D.L. NUMBER:    B5009 40766 03412

Your New Jersey Passenger endorsement is suspended
as of 10/06/1996 indefinitely.

By authority of NJSA 39:3-10.1, 39:5-30 and NJAC 13:21-14.5(c), the Division
of Motor Vehicles has suspended your New Jersey Passenger endorsement
indefinitely. Motor Vehicle Services has information indicating that you
are not qualified to operate a passenger-carrying commercial motor vehicle
due to disqualifying criminal arrest(s) and/or conviction(s).

If you have not already done so, you must surrender your current New Jersey
driver license at a Motor Vehicle Agency and obtain a duplicate license
without the passenger endorsement. You may not operate a passenger-carrying
commercial motor vehicle until you receive written notice of restoration of
your passenger endorsement from the Director.

If at some time in the future you qualify for the Passenger endorsement, you
must contact the Bus Application Unit for a review of your eligibility and
submit a $50 restoration fee, check or money order made payable to N.J.
Motor Vehicle Services, using the enclosed envelope. Be sure to include your
New Jersey Driver License number on your check or money order.

*C. Richard Kamin*
C. Richard Kamin, Director   WK381 N97

Detach And Return This Part

JOHN     D BLACK
80 N MUNN AVE
EAST ORANGE     NJ 07017-6101        D.L. B5009 40766 03412

                                                                    SUS O CDLC

Restoration fee due: $50.00

Along with your request for an eligibility review with the Bus Application
Unit, submit the restoration fee, check or money order made payable to N.J.
Motor Vehicle Services, using the enclosed envelope. Be sure to include your
New Jersey Driver License number on your check or money order.

VF/B5009407640341200000000050009=278EDHFPAIDEDH0008698281000000

**NEW JERSEY MOTOR VEHICLE SERVICES**
**FEE PAYMENT/AUTHORIZATION FORM**

17388

NSE NUMBER

ATE

John D. Black

NUMBER & STREET

STATE    ZIP CODE

ZED BY

Authorization    ☑ (Evt. Code/Eff. Date)    **FEE DUE**

Cust. Arr. _____
Inter. Began _____
Inter. Con. _____
Cust. Dep. _____
Total Time _____

estoration Notice Requested    ☐
Suspension    ☐ (DI-55 Attached)
Letter Required    ☐ (DC-22 Attached)
ion of Restoration    ☐ (DC-22 Attached)
ce Held    ☐

**LICENSE STATUS**
appropriate box
nt DL in possession
er examination required
fee duplicate
newal/Duplicate
iprocity
g. Plate No. _____

**CONDITIONS**
Check appropriate box
☐ Warning
☐ Program: BAC/DIP/PDP
☐ Reexamination
☐ Other

☑ Restoration Fee ($50.00)    $
☐ Intoxicated Driver
   Program Fee ($100.00)    $
☐ Driver Improvement
   Program Fee ($100.00)    $
☐ Probationary Driver
   Program Fee ($100.00)    $
                              $
☐ Dishonored Check    $
☐ UMS Fee

TOTAL DRIVER CONTROL FEES $

| SEQ. NO. | BILLING NO. | AMOUNT PAID |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

**Total Due**          **Install Due**

$          $
$          $
          $
$          $
$          $
$          $
$          $

TOTAL INSURANCE SURCHARGE $

OMMENTS:

TOTAL INSURANCE SURCHARGE/
DRIVER CONTROL FEES    $

SECURITY/UCJ/
AGENCY FEES AMOUNT

TOTAL PAID    $
AMOUNT TENDERED    $    /00



# Motor Vehicle Services

STATE OF NEW JERSEY
DEPARTMENT OF TRANSPORTATION
Division of Motor Vehicles
Bus Application Unit
PO Box 127
Trenton, NJ 08666
609-292-7500

May 21, 2002

John D Black
31 William Street
East Orange, NJ 07107

DL#: B5009 40764 03412
Conference held: 10-27-1995

Dear Mr. Black:

Thank you for your recent letter inquiring into the status of your passenger endorsement.

A review of your driver history shows that a scheduled notice of suspension against your passenger endorsement privilege was sent to you on July 7, 1993. Upon receipt of your request for a pre-hearing conference, you were scheduled to attend on October 27, 1995. You were offered a settlement of a ten-year suspension, which you refused and the case was forwarded to the Office of Administrative Law for a formal hearing. This hearing was scheduled for September 23, 1996, but you failed to appear. Subsequently, your passenger endorsement privilege was suspended on October 4, 1996.

In order to have an opportunity conference scheduled at this time, you will need to provide us with information concerning the charges for assault and possession of a weapon resulting in your arrest on December 8, 1980. You must contact the Newark Municipal Court, Criminal Part and ask them for a letter specifically addressing these charges for that date and that they were dismissed or that their records have been purged and no information is available. Or, in the event that you have had your record expunged, you must send a copy of the filed copy of the expungement order.

If this information cannot be obtained, your passenger endorsement will remain suspended; and you could request a review for restoration in 2005.

I hope this information is helpful.

I am returning the second $50 money order you submitted as it is not required at this time.

Sincerely,

*Kathy Higham*

Kathy Higham, Manager
Driver Review

enclosure
KH/b

1. JOHN D. BLACK
2. 31 WILLIAM STREET
3. EAST ORANGE NEW JERSEY 07017

        a. May 21, 2002

4. MOTOR VEHICLE SERVICE
5. BUS APPIICATION UNIT
6. MANAGER KATHY HIGHAM
7. P .O BOX 127
8. TRENTON NEW JERSEY 08666

9. Dear Ms. HIGHAM:
10. Thankyou,,for your letter dated May 21, 2002 I was SUPPRISED that the issure surrounding my C. D. L. P .was changed from what I was told at the pre-hearing conference on October 27, 1995.
11. I was told that I could  AGREE to accept a five year SUSPENSON on my C D L P by singing to ACCEPT the SUPENSON, I did not sign according to my record I did not have any matter to settle.
12. I was told the motor Vehicle Service and Law AND PUBLIC SAFTY was using an Indictment of a gun charge against me a matter that had been desided in the Superior Court of New Jersey that found me not guilty...
13. I was told, Newark BOAD of Education was my employer. I told you  Newark BOAD of Education was not my Employer any  allege action taken by them to DISQUALFIRE me was done after I resign (quit)  I resign ,October 27,1995.
14. I was told on October that the motor vehicle service was suspending my C D L P ,because I have a criminal record  in your letter dated may14,1997 you stated that the department of education for the state of new jersey and the passenger denial information would not reflect on my record after the year of 1999
15. Your letter EXIBET dated May 14,1979inclosed..
16. I  Do not accept the ten year SUSPENSON that you are attempting to give me, I did make a request to the Newark  Municipal Court for the disposition of the ASSAULT,
17. And possession weapon charge of  weapon resulted in my arrest on DEC 8, 1980 you requested.
18. I do not understand why you and the Department of  TRANSPATION MOTOR VEHICLE SERVICE and  THE ,Department of law and public safety for the state of new jersey are now DEMANDING  that I produce a record before the fact that I obtain a C D L P in the year of  March 3, 1993 a record that is 22 years old.
19. I have never received a notice of suspension in the mail from the motor vehicle service on my non C D L P Driving privilege.
20. The Department of law and public safety Division of Motor vehicle service prepared a Scheduled Suspension on July 7, 1993. WILL you please tell  me what part of my criminal record was used to Disqualify  me  I did not sign to accept a suspension before I do not know of any reason record or other wise reason  WHY I should have been suspended or  disqualified to transport CHILDRENS.
21. MS BENYON will you please tell me the reason

RES D REST    00385  000398                    DATE PREPARED  03/16/06



# Motor Vehicle
# Commission

STATE OF NEW JERSEY
MOTOR VEHICLE COMMISSION
225 EAST STATE STREET
TRENTON, NEW JERSEY  08666
(609)292-7500

## FEE DUE NOTICE

JOHN    D BLACK
31 WILLIAM  STREET                    D.L. NUMBER    B5009 40764 03412
EAST ORANGE    NJ 07017-5140
IIIₙₙIIₙₙIₙIₙₙIIₙIIₙIₙₙIIₙₙIₙₙIIₙₙIII

Because you did not pay a $100 restoration fee to Motor Vehicle Commission,
the current suspension of your New Jersey driving privilege will remain in
effect.

To have your New Jersey driving privilege restored, you must pay a $100
restoration fee. Authority NJSA 39:3-10a and NJAC 13:21-9.3(a) and (b).

You can pay your restoration fee by mail by following the instructions
provided on the bottom portion of this notice or you can visit us online at
www.njmvc.gov to pay your restoration fee by credit card.

---

'2141-0804
.0001172                        ⊕ PNCBANK                No.  00338008      55-7?0/312

ₒNEY ORDER          PNC Bank, National Association
                    New Jersey                          Date  NOVEMBER 07, 2005
'alid Over $1,000.00

ₒ ₜₕₑ   *New Jersey Motor Vehicle Commission*    $  100.00
ₒ ₒ   ₙE HUNDRED AND 00 /100********************************** Dollars

RESTORATION FEE PAID FOR
PASSENGER ENDORSEMENT FOR              *John D. Black*
B5009 04764-0341 2 CDLBP              *31 William Street E O NJ*
SECONd FEE PAId                              ADDRESS

⑈"00338008"⑈ ⑆:0342076071⑆ 801000132q"

WREMT (R 5/04)                                    Sharon A. Harrington, Chief Administrator

Detach And Return This Part

JOHN    D BLACK            D.L. B5009 40764 03412
31 WILLIAM  STREET
EAST ORANGE    NJ 07017-5140                        RES D REST

Restoration fee due: $100.

Return this part with your $100 restoration fee check or money order, made
payable to N.J.Motor Vehicle Commission, using the enclosed envelope.

**CHECK APPROPRIATE BOXES BELOW**

- NON PHOTO
- PHOTO ☑
- ADDRESS CHANGE
  - MAILING ☑
  - STREET ☑
- INITIAL ☐
- RENEWAL ☑
- DUPLICATE ☐
- CHANGE ☐
- UPGRADE ☐
- DOWNGRADE ☐

**NEW JERSEY MOTOR VEHICLE SERVICES APPLICATION FOR DRIVER LICENSE**
**PLEASE COMPLETE BOTH SIDES—PRINT CLEARLY**
**DRIVER LICENSE NUMBER**

B 5 0 0 9 - 4 0 7 6 4 - 0 3 4 1 2

FIRST NAME: JOHN   M.D.   LAST NAME: BLACK

DATE OF BIRTH: 3 10 4 YEAR   SEX: M   EYE COLOR: BR   HEIGHT: 160 5 FEET 6 IN   SOCIAL SECURITY NUMBER

MAILING ADDRESS (STREET, PO BOX, RURAL ROUTE): 31 WILLIAM Street

STREET ADDRESS (IF DIFFERENT FROM MAILING ADDRESS)

CITY: East ORANGE NJ  STATE  ZIP: 07107  COUNTY: ESSEX

1. Do you have a valid driver license in any other state? ☐ YES ☑ NO
2. Is your driving privilege now suspended in any state? ☑ YES ☐ NO
3. Do you suffer from any mental, physical or convulsive disorder? ☐ YES ☑ NO
4. Are you in this country legally? ☑ NO

HAVE ticket N NEWARK
AB 554786

X (signature) John D. Black   DATE 8 6 2

BA-208 (R5/98)   SIGN HERE I, THE APPLICANT, CERTIFY THE STATEMENTS ON BOTH SIDES OF THIS APPLICATION ARE CORRECT.

---

*(Second copy, inverted/upside-down)*

DATE JUNE 3 2002

SIGN HERE I, THE APPLICANT, CERTIFY THE STATEMENTS ON BOTH SIDES OF THIS APPLICATION ARE CORRECT.   08 (R5/98)

X John D. Black   (609) 393-780

1. Do you have a valid driver license in any other state? YES NO
2. Is your driving privilege now suspended in any state? YES NO
3. Do you suffer from any mental, physical or convulsive disorder? YES NO
4. Are you in this country legally? YES NO

CITY: East ORANGE NJ 07167  STATE  COUNTY: ESSEX

MAILING ADDRESS (STREET, PO BOX, RURAL ROUTE): 31 WILLIAM Street

STREET ADDRESS (IF DIFFERENT FROM MAILING ADDRESS)

SOCIAL SECURITY NUMBER: 240 60 0358   HEIGHT: 160 FEET 5 IN   EYE COLOR: BR   SEX: M   DATE OF BIRTH: 3 10 4

LAST NAME: BLACK   M.D.   FIRST NAME: JOHN

DRIVER LICENSE NUMBER: B 5 0 0 9 - 4 0 7 6 4 - 0 3 4 1 2

NEW JERSEY MOTOR VEHICLE SERVICES APPLICATION FOR DRIVER LICENSE
PLEASE COMPLETE BOTH SIDES—PRINT CLEARLY

CHECK APPROPRIATE BOXES BELOW

---

**CHECK APPROPRIATE BOXES BELOW**

- NON PHOTO ☐
- PHOTO ☐
- ADDRESS CHANGE
  - MAILING ☐
  - STREET ☐
- INITIAL ☐
- RENEWAL ☑
- DUPLICATE ☐
- CHANGE ☐
- UPGRADE ☐
- DOWNGRADE ☐

**NEW JERSEY MOTOR VEHICLE SERVICES APPLICATION FOR DRIVER LICENSE**
**PLEASE COMPLETE BOTH SIDES—PRINT CLEARLY**
**DRIVER LICENSE NUMBER**

B 5 0 0 9 - 4 0 7 6 4 - 0 3 4 1 2

FIRST NAME: JOHN   M.D.   LAST NAME: BLACK

DATE OF BIRTH: 3 10 4 YEAR   SEX: M   EYE COLOR: BR   WT: 160   HEIGHT: 5 FEET 6 IN   SOCIAL SECURITY NUMBER

MAILING ADDRESS (STREET, PO BOX, RURAL ROUTE): 31 WILLIAM Street

STREET ADDRESS (IF DIFFERENT FROM MAILING ADDRESS)

CITY: East ORANGE NJ  STATE  ZIP: 07107  COUNTY: ESSEX

1. Do you have a valid driver license in any other state? ☐ YES ☐ NO
2. Is your driving privilege now suspended in any state? ☐ YES ☑ NO
3. Do you suffer from any mental, physical or convulsive disorder? ☐ YES ☑ NO
4. Are you in this country legally? ☐ NO

X (signature) John D. Black   DATE 8 2 20

BA-208 (R5/98)   SIGN HERE I, THE APPLICANT, CERTIFY THE STATEMENTS ON BOTH SIDES OF THIS APPLICATION ARE CORRECT.

# Motor Vehicle Commission

STATE OF NEW JERSEY
MOTOR VEHICLE COMMISSION
BUS APPLICATION UNIT
PO BOX 127
TRENTON, NEW JERSEY 08666

## ORDER OF SUSPENSION

JOHN    D BLACK
31 WILLIAM  STREET
EAST ORANGE    NJ 07017-5140
                                    D.L. NUMBER     B5009 40764 03412

The New Jersey Motor Vehicle Commission (Commission) has received information from the New Jersey Department of Education that you have been disqualified as a school bus operator pursuant to N.J.S.A. 18A:39-19.1 because you have been convicted of an alcohol-related violation as set forth in the statute and/or you have been convicted of one of the disqualifying crimes specified in N.J.S.A. 18A:6-7.1.

Therefore, pursuant to authority under N.J.S.A. 39:5-30 and N.J.A.C. 13:21-14.5(a) and (c), the Commission has suspended your privilege to operate school buses or any other commercial vehicle used in the transportation of school children in New Jersey as of 09/30/2005, for an indefinite period.

You may not operate any commercial passenger-carrying vehicles for the purpose of transporting school children until you have satisfied the requirements established under the Department of Education guidelines. Any questions concerning this suspension must be referred to the Department of Education, Criminal History Unit, PO Box 500, Trenton, NJ 08625.

(Continued on other side)

WREMT (R 5/04)

*Please visit us at www.njmvc.gov*

Sharon A. Harrington, Chief Administrator

- - - - - - - - - - - - - - - - - - - Detach And Return This Part - - - - - - - - - - - - - - - - - - -

JOHN    D BLACK
31 WILLIAM  STREET
EAST ORANGE    NJ 07017-5140
                          D.L. B5009 40764 03412

                                                        BUS O BSED

Restoration fee due:  $100.00

Upon receipt of a reinstatement notice from the Department of Education, your privilege to operate any commercial passenger-carrying vehicles for the purpose of transporting school children is eligible for restoration. To have this privilege restored, please submit a check or money order made payable to the N.J. Motor Vehicle Commission, using the enclosed envelope.  Be sure to include your New Jersey driver license number on your check or money order.

VF/B5009407640341200000000001000005273EDHFPAIDEDH00144052750000002

If at some future time the Department of Education determines that you are qualified to operate commercial passenger-carrying vehicles for the purpose of transporting school children, the Department of Education will notify the Commission in writing of their decision and your privilege may be restored.  Once the Commission has received this information, you will be required to pay the restoration fee.  Payment may be made by check or money order to the Motor Vehicle Commission and returned in the enclosed envelope.  Be sure that your driver license number is on your check or money order.

DRIVING HISTORY RECORD OF JOHN    D BLACK        D.L.NUMBER: B5009 40764 03412

| DATE | EVENT CODE | EVENT DESCRIPTION | STATUS | POINTS |
|------|-----------|-------------------|--------|--------|
| 09/30/2005 | BUS O BSED | DISQUALIFIED SCHOOL BUS DRIVER DOE | ACTIVE | |
| 09/27/2005 | DMV N CDLN | CDL NOTIFICATION - MCSIA | ACTIVE | |
| 08/01/2005 | DMV Z PCO1 | POINT CREDIT-ANNUAL SAFE DRIVING | ACTIVE | -1 |
| 04/04/2005 | DMV M ABRQ | ABSTRACT REQUEST | ACTIVE | |
| 01/14/2005 | DVR M TELE | DRIVER INQUIRY BY PHONE/FAX | ACTIVE | |
| 12/31/2004 | RES F REST | RESTORATION FEE PAID | ACTIVE | |
| 12/31/2004 | RES R RSTR | RESTORATION OF INDICATED PRIVILEGES | ACTIVE | |
| 12/30/2004 | DMV M INFO | MAINTENANCE SUPPORT INFORMATION | ACTIVE | |
| 08/01/2004 | DMV Z PCO3 | POINT CREDIT-ANNUAL SAFE DRIVING | ACTIVE | -3 |
| 08/01/2003 | DMV Z PCO3 | POINT CREDIT-ANNUAL SAFE DRIVING | ACTIVE | -3 |
| 05/19/2003 | DVR M TELE | DRIVER INQUIRY BY PHONE/FAX | ACTIVE | |
| 04/17/2003 | DVR M PAMV | PERSNL APPEAR UNSCHED-RSC TRENTON | ACTIVE | |
| 04/15/2003 | DVR M TELE | DRIVER INQUIRY BY PHONE/FAX | ACTIVE | |
| 04/10/2003 | DMV M INCO | MISC CORRESPONDENCE RECEIVED | ACTIVE | |
| 02/28/2003 | DVR M TELE | DRIVER INQUIRY BY PHONE/FAX | ACTIVE | |
| 02/27/2003 | DVR M TELE | DRIVER INQUIRY BY PHONE/FAX | ACTIVE | |
| 02/11/2003 | DMV M CORR | DMV REPLY TO DRIVER BY MAIL | ACTIVE | |
| 10/28/2002 | CON M OTBH | OPPORTUNITY CONF HELD-RSC TRENTON | ACTIVE | |
| 09/17/2002 | CON C POPP | PASS ENDORSEMENT OPPORTUNITY CONFER | REQ SATS | |
| 09/09/2002 | DVR M PAMV | PERSNL APPEAR UNSCHED-RSC TRENTON | ACTIVE | |
| 09/09/2002 | DVR M TELE | DRIVER INQUIRY BY PHONE/FAX | ACTIVE | |
| 09/06/2002 | DVR M TELE | DRIVER INQUIRY BY PHONE/FAX | ACTIVE | |
| 08/16/2002 | DVR M TELE | DRIVER INQUIRY BY PHONE/FAX | ACTIVE | |
| 08/09/2002 | DMV M INCO | MISC CORRESPONDENCE RECEIVED | ACTIVE | |
| 08/06/2002 | DVR M PAMV | PERSNL APPEAR UNSCHED-RSC TRENTON | ACTIVE | |
| 08/01/2002 | RES R RSTR | RESTORATION OF INDICATED PRIVILEGES | ACTIVE | |
| 06/21/2002 | DMV M TELE | DMV REPLY TO DRIVER BY PHONE/FAX | ACTIVE | |
| 06/19/2002 | DVR M TELE | DRIVER INQUIRY BY PHONE/FAX | ACTIVE | |
| 05/29/2002 | DMV M INCO | MISC CORRESPONDENCE RECEIVED | ACTIVE | |
| 05/10/2002 | RES F REST | RESTORATION FEE PAID | ACTIVE | |
| 04/19/2002 | DVR M TELE | DRIVER INQUIRY BY PHONE/FAX | ACTIVE | |
| 04/18/2002 | DVR M CREQ | CONFERENCE REQUEST - OTBH | ACTIVE | |
| 04/15/2002 | DRT M CASE | BUS CASE MICROFILMED | ACTIVE | |
| 04/08/2002 | DVR M TELE | DRIVER INQUIRY BY PHONE/FAX | ACTIVE | |
| 04/05/2002 | DMV M LSBU | LETTER SENT: BUS LIC UNIT | ACTIVE | |
| 04/03/2002 | DVR M TELE | DRIVER INQUIRY BY PHONE/FAX | ACTIVE | |
| 03/20/2002 | DVR M APPR | BUS DRIVER MEDICAL APPL REVIEWED | ACTIVE | |
| 03/12/2002 | DMV M INCO | MISC CORRESPONDENCE RECEIVED | ACTIVE | |
| 02/19/2002 | DVR M PAMA | PERSNL APPEAR UNSCHED-RSC WAYNE | ACTIVE | |
| 05/27/2001 | SUS O CDLM | FAIL TO SUBMIT PHYSICAL EXAM- PASS | REQ SATS | |

YOU HAVE ACCUMULATED    0 POINT(S)

ONLY 40 MOST RECENT HISTORY RECORDS PRINTED - CONTACT MOTOR VEHICLE IF NEEDED.

United State District Court
For the District of Columbia

| | | |
|---|---|---|
| John D. Black, Pro Se | ) | No 1:07CV01644 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V | ) | CIVIL ACTION |
| | ) | |
| State of New Jersey Government/ | ) | |
| | ) | |
| City of Newark Etc. ET. Al. | ) | |
| | ) | |
| Defendants, | ) | |

MOTION FOR SUMMARY JUDGMENT

Please take notice that on a    date    set by the court the undersign plaintiff

John D Black Pro Se Shall Move on a motion before the HORNORABLE_____ U S D J

In The United State District Court District of  Columbia on a Motion for a Summary

JUDGMENT
PLEASE TAKE FUTHER NOTICE THE MOVENT SHALL RELY ON THE

AFFIDVIT WITH THE ATTACHED RECORD.

October 19, 2007                    Respectfully submitted,

                                   _John D. Black_
                                   John D. Black Pro Se
                                   216 Scotland Avenue
                                   Raeford N. C 28376

## CERTIFICATION OF MAILING

I certify that on 10/19 20 07 I mail a copy of this Motion for a Summary judgment to

All the defendant at the following address State of New Jersey / Ronald Rice N J

Attorney General P O Box 808 Trenton New Jersey /City of Newark Corporation

Counsel 920 Broad Street Newark 07102 N . . . J Home deplore 339  Springfield Ave

Newark, N J.07103

Date_10/12/07                         _John D. Black_

John D. Black pro se
216 Scotland Avenue
Raeford N C 28376