**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JOHN D. BLACK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:07-CV-01644 (RMC)** |
| | ) | |
| CITY OF NEWARK, a municipal | ) | |
| Corporation of the State of New | ) | |
| Jersey; New Jersey State | ) | |
| Government, and Ronald Rice, | ) | |
| State of New Jersey Senator, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF NEWARK'S
MOTION TO DISMISS**

The Defendant, City of Newark, hereby Moves to Dismiss the Complaint in the above-captioned case, pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3), D.C. Code §13-421, and 28 U.S.C. §1391(b).

As described in the accompanying Points of Law and Authorities in support of this Motion, the United States District Court for the District of Columbia does not have personal jurisdiction over the City of Newark because the District of Columbia Long Arm Statute does not apply to the City of Newark, which is not a "person" under the statute, because there are no relevant contacts between the parties to the Complaint or the events described in the Complaint and the District of Columbia, and because assumption of jurisdiction by this Court would offend traditional notions of due process. Similarly, the District of Columbia is not a proper forum for

the allegations in the Complaint and therefore venue is improper.  For these and other reasons

described in the accompanying Points of Law and Authorities, the Defendant City of Newark

requests that the Court dismiss the Complaint in this case with prejudice because this exact

action has been brought before by the Plaintiff and has been dismissed by other courts, and the

facts demonstrate that the Complaint was brought in bad faith.

Respectfully submitted,

By:   __/s/ Kenneth A. Gross_____
KENNETH A. GROSS
Counsel for Defendant
City of Newark
Bar No. 923094


Dated:  December  _5_, 2007

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN D. BLACK, | 1:07-CV-01644 (RMC) |
| Plaintiff, | |
| v. | |
| CITY OF NEWARK, a municipal corporation of the State of New Jersey; NEW JERSEY STATE GOVERNMENT; and RONALD RICE, State of New Jersey Senator, | |
| Defendants. | |

---

## NEWARK'S MEMORANDUM IN SUPPORT OF ITS CROSS-MOTION TO DISMISS AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

## POINTS OF LAW AND AUTHORITY SUPPORTING
## THE CITY OF NEWARK'S CROSS-MOTION TO DIMSISS

1.      Plaintiff's Motion for Summary Judgment should be denied without prejudice because it is procedurally defective under the District Court's Local Rules 7(a), 7(c), and 7(h). Elliott v. United States Dep't. of Agric., No. 06-240, 2007 U.S. Dist. LEXIS 32161, at *1 n1 (D.D.C. May 2, 2007).

2.      The City of Newark's Cross-Motion to Dismiss should be granted because the District Court for the District of Columbia does not have personal jurisdiction over Newark.

      A.      The District of Columbia's long-arm statute is inapplicable to Newark, a municipal corporation of the State of New Jersey.  D.C. CODE § 13-421; Campo Band of Mission Indians v. United States, No. 99-3375, 2000 U.S. Dist. LEXIS 7269, at *21-23 (D.D.C. May 24, 2000).

      B.      Subjecting Newark to the jurisdiction of this court would offend traditional notions of due process because Newark could not have expected to be sued in the District of Columbia for claims arising out of its condemnation of local property. Marshall v. State of Washington, 89 F. Supp. 2d 4, 9-10 (D.D.C. 2000).

3.      Newark's Cross-Motion to Dismiss should be granted because the District Court for the District of Columbia is an improper venue for this action.

      A.      The court is an improper venue because (i) Newark does not reside in D.C.; (ii) the events giving rise to plaintiff's claim did not occur in D.C. (nor is any relevant property located here); and (iii) there is another judicial district where plaintiff's claims could be heard.  28 U.S.C. § 1391(b); Mikkilineni v. Pennsylvania., No. 02-1205, 2003 U.S. Dist. LEXIS 13669, at *21-24 (D.D.C. August 5, 2003).

   B. The court should dismiss the action -- rather transfer it to the district court in New Jersey -- because the complaint was filed in bad faith and in an effort to harass the City of Newark.  Id. at *25-26.

## <u>STATEMENT OF FACTS & PROCEDIAL HISTORY</u>

   Three years ago, the City of Newark, New Jersey acquired real property, located in Newark at 59 Magnolia Street, through eminent domain litigation.  Newark filed the condemnation complaint on March 16, 2004 in the Superior Court of New Jersey.  (<u>See</u> Declaration of John B. Nance ("Nance Dec."), <u>Exhibit A</u>).  The defendant named by Newark was a certain Christopher Evans, the record owner of the property.

   On June 18, 2004, during the pendency of the condemnation litigation, Newark became the owner of the property by filing a Declaration of Taking in the Superior Court.  (<u>See</u> Nance Dec., <u>Exhibit B</u>).  Under New Jersey law, a condemnor is vested with title to property upon the filing of such a Declaration.  <u>See</u> N.J. Stat. Ann. § 20:3-21.

   Several months later, Newark and Evans settled the litigation.  Evans agreed to accept $72,000 as compensation for the Magnolia Street property.  The parties set forth the terms of their settlement in a Consent Judgment, which was executed by the Honorable Patricia K. Costello and filed in the Superior Court on March 11, 2005.  (<u>See</u> Nance Dec., <u>Exhibit C</u>).  The filed Consent Judgment was a final judgment of the condemnation litigation.

   Plaintiff John Black alleges that he, and not Evans, was the owner of the Magnolia Street property, and that, by compensating Evans rather than him, Newark violated Black's constitutional rights.  This is the third litigation in which Black -- who currently shares an

address with Evans -- has alleged that he, rather than Evans, was the owner of Magnolia Street property when Newark acquired it.

Black asserted such a claim in the state court condemnation litigation in a post-judgment motion. Black filed his "Motion to consolidate this motions to quit title With the IN LIEU to be hearted on March 31, 2006 or at At the time according to law should be hearted what ever date come first" on March 3, 2006, almost one year after the Consent Judgment between Newark and Evans was entered by the court. (See Nance Dec., Exhibit D). In the motion, Black, a non-party to the condemnation litigation, sought to quiet title to the Magnolia Street property in his favor pursuant to an alleged sale from Evans to him. The Superior Court administratively dismissed Black's motion on March 31, 2006. (See Nance Dec., Exhibit E).

Several months later, on June 14, 2006, Black filed a complaint in the United States District Court for the Middle District of North Carolina. (See Nance Dec., Exhibit F). In the North Carolina complaint, Black alleged that he was the owner of the Magnolia Street property when Newark acquired it and that Newark violated his Fifth Amendment rights by compensating Evans for it rather than him.

Newark moved to dismiss the North Carolina complaint for lack of standing, lack of subject matter jurisdiction, and improper venue. On December 19, 2006, Magistrate Judge Wallace Dixon recommended granting the motion under Rule 12(b)(3) for improper venue. (See Nance Dec., Exhibit G). Moreover, Magistrate Wallace concluded that the matter should be dismissed rather than transferred to a more appropriate venue because "it appear[ed] that [Black] filed [the North Carolina complaint] in bad faith or in an effort to harass [the City of Newark]." (See id., at 3). United States District Judge William Osteen adopted Magistrate Wallace's

findings and dismissed the North Carolina complaint in an Order dated April 20, 2007.  (See Nance Dec., <u>Exhibit H</u>).

Having lost before the Superior Court of New Jersey and the District Court for the Middle District of North Carolina, Black seeks to renew his claims before this court.  In the latest complaint, filed on September 17, 2007, Black again alleges that the City violated his constitutional rights by compensating Evans for the Magnolia Street property rather than him.  On October 22, 2007, he filed the "Motion for a Summary Judgment" presently before the court.

## LEGAL ARGUMENT

### I.    Plaintiff's Motion for Summary Judgment Should Be Denied Because It Is Defective Under the District Court's Local Rules 7(a), 7(c), and 7(h).

The District Court's local rules contain the following motion-practice requirements:

- Motions must "include [] a statement of the specific points of law and authority that support the motion[.]"  L.Cv.R. 7(a).

- They must "be accompanied by a proposed order."  L.Cv.R. 7(c).

- And, motions for summary judgment must "be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue[.]"  L.Cv.R. 7(h).

Motions that fail to comply with the District Court's local rules -– even where the movant is pro se –- should be denied.  <u>See Elliott v. United States Dep't of Agric.</u>, No. 06-240, 2007 U.S. Dist. LEXIS 32161, at *1 n.1 (D.D.C. May 2, 2007).

Plaintiff's Motion for Summary Judgment is fatally defective under the local rules.  The motion does not include a statement of specific points of law and supporting authority.  It is not accompanied by a proposed form of order.  And, it does not contain a statement of undisputed

material facts.  Moreover, the motion fails to support any facts –-- material or not -–- with any competent evidence; plaintiff offers no sworn statements nor any declarations under Local Rule 11.2.  The motion is little more than a recapitulation of the Complaint.  It should be denied.

II.     **Newark's Cross-Motion to Dismiss Should Be Granted Because the District Court for the District of Columbia Does Not Have Personal Jurisdiction Over the City of Newark and Because the Court Is an Improper Venue for this Action.**

   A.     **The District Court for the District of Columbia Does Not Have Personal Jurisdiction Over the City of Newark.**

   In order to determine whether the court possess "personal jurisdiction over a non-resident," it engages a "two-part inquiry." Marshall v. State of Washington, 89 F. Supp. 2d 4, 8-10 (D.D.C. 2000).  "[The] court must first examine whether jurisdiction is applicable under the [District of Columbia's] long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." Id at 9 (quoting GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000)).

   The District's long-arm statue is inapplicable to the City of Newark.  First, as a matter of law, Newark is not a "person" under the statute. See D.C. CODE § 13-421; see also Mission Indians, supra, 2000 U.S. Dist. LEXIS 7269, at *21-23 (concluding that the city of San Diego, California is not subject to the District's long-arm statute).

   Secondly, even if Newark is a statutory "person," the District's long-arm statute does not apply because there are no relevant contacts between the parties to the Complaint or the events described therein and the District of Columbia, and no such contacts are even alleged in the complaint.  Plaintiff does not allege that Newark harmed him in the course of conducting business in the District or in "supply[ing] services" here. D.C. CODE § 13-423(1) and (2).  Nor does plaintiff allege that Newark caused a tortuous injury in the District. D.C. CODE § 13-423(3)

6

and (4).  Nor does he allege that Newark possesses real property in the District or that Newark acted as a surety here.  D.C. CODE § 13-423(5) and (6).

Even if the District's long-arm statute did apply in this matter, the "assumption of jurisdiction by the court would [nevertheless] offend traditional notions of due process," and would be improper.  Ibid.  When the City of Newark exercised the eminent domain powers statutorily vested in it by the State of New Jersey in order to acquire real property located within the city limits, it could not have "reasonably anticipate[d] being hauled into" the district court for the District of Columbia for doing so.  Marshall, supra, 89 F. Supp. 2d at 9-10 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).  Newark took no actions "by which [it] purposely avail[ed] itself of the privilege of conducting activities in the [District of Columbia]."  Ibid. (quoting Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 108-09 (1987)).  And, no such action is alleged in the complaint.  Thus, the court's assertion of jurisdiction would be improper, and the complaint should be dismissed.

**B.      The District Court for the District of Columbia Is an Improper Venue for this Action.**

Under Rule 12(b)(3), district courts will not hear "a case if venue is improper or inconvenient in the plaintiff's chosen forum."  Mikkilineni v. Pennsylvania., No. 02-1205, 2003 U.S. Dist. LEXIS 13669, at *20 (D.D.C. August 5, 2003).  The venue statute applicable to this matter is 28 U.S.C. § 1391(b):

> A civil action wherein jurisdiction is not founded solely upon diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district

in which any defendant may be found, if there is no district in
which the action may otherwise be brought.

None of the statute's three prongs apply here, and plaintiff does not allege any facts
which would support a conclusion to the contrary.  First, the City of Newark is not a resident of
the District of Columbia; it is a municipal corporation of the State of New Jersey.  Second, the
events "giving rise to the claim" did not occur here, and the property in which plaintiff claims an
interest is not located here.  The events occurred, and the Magnolia Street property is located, as
plaintiff describes, in New Jersey.  Third, because this action could have been filed in the District
Court for the District of New Jersey -– which has jurisdiction over the City of Newark –- "the
third prong is not applicable."  Mikkilineni, at *25.  Failing the three prongs of § 1391(b), the
action is improperly venued in this court.  Ibid.; see also Campo Band of Mission Indians v.
U.S., No. 99-3375, 2000 U.S. Dist. LEXIS 7269, *24 (D.D.C. May 24, 2000).

When venue "is improper, the court 'shall dismiss, or if it be in the interest of justice,
transfer such case to any district or division in which it could have been brought.'"  Mikkilineni,
supra, at *25 (quoting 28 U.S.C. § 1406(a)).  The court should dismiss this matter because
transfer will not serve the interests of justice.[1]  Black has had more than sufficient opportunity to
pursue these claims.  Indeed, this is his third proverbial bite at the apple.  The Middle District of
North Carolina elected to dismiss the 'second bite' because it found that Black's complaint was
filed "in bad faith or in an effort to harass [Newark]."  (See Nance Dec., Exhibit G, at 3).  The

---

[1]  Insofar as resolving this sub-point requires the court to review documents filed in the parties'
prior litigations, the standard of review for the sub-point arguably is supplied by Rule 56 rather
than Rule 12.  But, while the standard of review may be different for this sub-point, the outcome
is the same because there are no genuine issues of material fact that plaintiff filed the complaint
in bad faith and that justice will not be served by transferring the matter and protracting the
harassment.

latest complaint is just more bad faith pleading and more harassment, and the court should dismiss it with prejudice.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the court should deny plaintiff's Motion for Summary Judgment, should grant Newark's Cross-Motion, and should dismiss the action with prejudice.

Respectfully submitted,


By:    /s/ Kenneth A. Gross
KENNETH A. GROSS
Counsel for Defendant
City of Newark
Bar No. 923094


Dated:  December  5  , 2007

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN D. BLACK,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF NEWARK, a municipal corporation of the State of New Jersey; NEW JERSEY STATE GOVERNMENT; and RONALD RICE, State of New Jersey Senator,<br><br>        Defendants. | 1:07-CV-01644 (RMC)<br><br>**DECLARATION OF JOHN B. NANCE IN SUPPORT OF DEFENDANT CITY OF NEWARK'S CROSS-MOTION TO DISMISS** |

Pursuant to Local Rule 11.2, JOHN B. NANCE makes the following declaration in support of the City of Newark's Cross-Motion to Dismiss:

1.    I am an attorney at law of the State of New Jersey.  I am employed by the Law Department of the City of Newark as an Assistant Corporation Counsel.  Although I did not represent the City of Newark in the two prior actions between Newark and plaintiff John Black, I have reviewed the relevant case files and have personal knowledge of the facts set forth herein based on such review.

2.    Appended to my Declaration as <u>Exhibit A</u> is a true and correct copy of a Verified Complaint filed by the City of Newark in the Superior Court of New Jersey on March 16, 2004.

3.    Appended to my Declaration as <u>Exhibit B</u> is a true and correct copy of a Declaration of Taking filed by the City of Newark in the Essex County Register on June 18, 2004.

4.      Appended to my Declaration as <u>Exhibit C</u> is a true and correct copy of a Consent Judgment between the City of Newark and Christopher Evans entered by the Superior Court of New Jersey on March 11, 2005.

5.      Appended to my Declaration as <u>Exhibit D</u> is a true and correct copy of the "Motion to consolidate this motions to quit title With the IN LIEU to be hearted on March 31, 2006 or at At the time according to law should be hearted what ever date come first" which plaintiff filed under the docket number of the condemnation litigation on or about March 3, 2006.

6.      Appended to my Declaration as <u>Exhibit E</u> is a true and correct copy of the Superior Court of New Jersey's Order dated March 31, 2006 administratively dismissing the above motion.

7.      Appended to my Declaration as <u>Exhibit F</u> is a true and correct copy of the complaint plaintiff filed in the United States District Court for the Middle District of North Carolina on June 14, 2006.

8.      Appended to my Declaration as <u>Exhibit G</u> is a true and correct copy of the Recommendation of United States Magistrate Judge Wallace Dixon dated December 19, 2006.

9.      Appended to my Declaration as <u>Exhibit H</u> is a true and correct copy of the Order of the United States District Court for the Middle District of North Carolina dated April 20, 2007 dismissing the Middle District of North Carolina complaint.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

_____

JOHN B. NANCE

EXECUTED ON: December **5**, 2007

EXHIBIT A

JOANNE Y. WATSON, CORPORATION COUNSEL
BY: FREDERICK COLES, III, ASSISTANT CORPORATION COUNSEL
920 BROAD STREET, NEWARK, NEW JERSEY 07102
(973) 733-3880
ATTORNEY FOR PLAINTIFF, CITY OF NEWARK

|  |  |
|---|---|
| CITY OF NEWARK, a municipal corporation of the State of New Jersey, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO. ESX-L-1947-04 |
| Plaintiff, | CIVIL ACTION |
| vs. | (IN CONDEMNATION) |
| CHRISTOPHER EVANS, (BLOCK 2607, LOT 30), | VERIFIED COMPLAINT |
| Defendant. | |

Plaintiff, City of Newark, a municipal corporation in the County of Essex, State of New Jersey, with its principal place of business located at 920 Broad Street, Newark, New Jersey, by way of Complaint, says:

1.     Plaintiff is duly authorized and empowered to take lands and property for public use by virtue of N.J.S.A. 40A:12-5(a)(1) and N.J.S.A. 20:30-1, *et seq.,* ("Eminent Domain Act of 1971").

2.     It is authorized to proceed with clearance, replanning, development and redevelopment of an area in need of redevelopment after the same has been determined as such by the governing body of the City of Newark.

3.     On August 20, 2003, Ordinance 6S&FA was duly adopted by plaintiff, City of Newark, determining that the lands and premises hereinafter described should be acquired for the plaintiff's use in connection with the Home Depot Redevelopment Project. A true copy of said Ordinance is annexed hereto as Exhibit A.

4.    The interest in the land and premise sought to be condemned are described on the Tax Assessment Map of the City of Newark as Block 2607, Lot 30, also known as 59 Magnolia Street, Newark, New Jersey.

5.    The lands and premises were appraised and the record owner was given an opportunity to accompany the appraiser during the inspection of the lands and premises. Pursuant to R. 4:73-1, a copy of the approved Appraisal and Addendum are attached hereto as Exhibit B.

6.    Pursuant to an Ordinance adopted by plaintiff, a value was determined fixing the just compensation to be paid for the taking of fee simple title to the lands and premises, including any improvements thereto, to be the total sum of Seventy Two Thousand Dollars ($72,000.00), which said value was the result of an appraisal by a competent appraiser. Said value was subject to the right of plaintiff's Director of Redevelopment to increase said offer.

7.    Subsequent to said appraisal, an offer was made in writing to the record owner of the lands and premises setting forth the property and interest to be acquired, the compensation offered, and a reasonable disclosure of the manner in which said offer was calculated. Said offer of Seventy Two Thousand Dollars ($72,000.00), being an amount not less than the plaintiff's approved appraisal of the fair market value, was served on the record owner.

8.    Christopher Evans is the owner of said lands and premises. The defendant, Christopher Evans, acquired title to the property from Lee Lordi, unmarried, by Deed dated September 26, 1985, recorded October 3, 1985 in Deed Book 4891 at Page 907 the Essex County Register's Office.

9.    Plaintiff, City of Newark, has been unable to acquire said land from the owner of record, Christopher Evans, through *bona fide* negotiations.

10.    Pursuant to R. 4:73-1, the amount of the compensation offered to the owner of record and the manner in which the amount has been calculated and a description of the property to be acquired is more specifically explained in Exhibit B which is appended hereto.

WHEREFORE, plaintiff demands judgment against defendant, Greater St. Joseph Missionary Baptist Church:

A.    Determining that plaintiff, City of Newark, is authorized to and has duly exercised its power of eminent domain;

B.    Appointing three (3) disinterested condemnation commissioners to make a just and equitable appraisement of the value of said lands and premises and to fix the compensation to be paid for the taking thereof and to assess the damage, if any, to remaining property of defendant, resulting from such taking, and such additional compensation as may be provided by law, in accordance with N.J.S.A. 20:3-12; and

C.    Directing notice to be given to defendant pursuant to law.

JOANNE Y. WATSON
CORPORATION COUNSEL
ATTORNEY FOR CITY OF NEWARK

By:    _____
        Frederick Coles, III
        Assistant Corporation Counsel

Dated: February 6, 2004


## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Frederick Coles, III, Assistant Corporation Counsel, is

3

designated as trial counsel on behalf of plaintiff in the within matter.

JOANNE Y. WATSON
CORPORATION COUNSEL
ATTORNEY FOR CITY OF NEWARK

By: _____
Frederick Coles, III
Assistant Corporation Counsel

Dated: February 6, 2004

## CERTIFICATION PURSUANT TO RULE 4:5-1

1.     I am an attorney at law of the State of New Jersey and an Assistant Corporation Counsel for the City of Newark am familiar with and responsible for the within action.

2.     To the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any court or a pending arbitration proceeding nor is any such proceeding being contemplated at this time.

3.     To the best of my knowledge, information and belief, there are no other parties who must be joined in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Frederick Coles, III

Dated: February 5, 2004

4

**EXHIBIT B**

JOANNE Y. WATSON, CORPORATION COUNSEL
BY: FREDERICK COLES, III, ASSISTANT CORPORATION COUNSEL
920 BROAD STREET, NEWARK, NEW JERSEY 07102
(973) 733-3880
ATTORNEY FOR PLAINTIFF, CITY OF NEWARK

|  |  |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO. ESX-L-1947-04 |
| CITY OF NEWARK, a municipal corporation<br>of the State of New Jersey,<br><br>               *Plaintiff,*<br><br>     vs.<br><br>CHRISTOPHER EVANS, (BLOCK 2607,<br>LOT 30),<br><br>               *Defendant.* | )<br>)<br>)        CIVIL ACTION<br>)<br>)     (IN CONDEMNATION)<br>)<br>)<br>)    DECLARATION OF TAKING<br> |

Instr#    1042286         Carole A. Graves
Recorded/Filed   KPJ   1    Essex County Register
06/18/2004  15:51:0  Bk 6077 Pg 725 #Pgs  6    EV.

Plaintiff, City of Newark, hereby declares that:

1.     Possession of the land and premises described in the Verified Complaint filed in the within matter, is hereby taken by and for the use of the City of Newark.

2.     The City of Newark is entitled to the exclusive possession and use of the premises aforesaid and will forthwith enter into and take possession of them pursuant to the provisions of N.J.S.A. 20:3-17, *et seq.,* and N.J.S.A. 40:1B-20 and N.J.S.A. 40:14B-34.

3.     The land and other property hereby taken are described and shown in Exhibits "A" and "B" annexed hereto.

4.     The estate and interest is either a fee simple absolute, or such lesser interests, or both, as are set forth in Exhibits "A" and "B" annexed hereto.

5.     The sum of money estimated by the plaintiff to be just compensation for the taking is $153,000.00, which sum is deposited with the Clerk of the Superior Court.

| | | |
|---|---|---|
| Consideration: | 0.00 | G |
| County: | 0.00 | |
| State: | 0.00 | |
| N.P.R.F.: | 0.00 | |
| Realty Tax: | 0.00 | |
| Fees: | 0.00 | |

6.     The names and addresses of all condemnees known to the plaintiff and the nature of their alleged interest in said property are as follows:

Christopher Evans is the owner of said lands and premises.  The defendant, Christopher Evans, acquired title to the property from Lee Lordi, unmarried, by Deed dated September 26, 1985, recorded October 3, 1985 in Deed Book 4891 at Page 907 the Essex County Register's Office.

7.     No other person or corporation appears of record to have an interest in the said land and premises, and no other person or corporation which has or may claim to have an interest therein is known to the plaintiff.

JOANNE Y. WATSON
CORPORATION COUNSEL
ATTORNEY FOR CITY OF NEWARK

By:    _____

Frederick Coles, III
Assistant Corporation Counsel

Dated: June 18, 2004

2

SCHEDULE A – LEGAL DESCRIPTION OF LOT 30 BLOCK 2607

BEGINNING at a point in the Southwesterly line of Magnolia Street distant 38.65 feet Northwesterly from the intersection of the same with the Northeasterly line of 18th Avenue, the said BEGINNING point being also on the Northerly side of the frame house standing on the adjoining premises on the South; from thence running

1. Along the aforesaid line of Magnolia Street North 32 degrees 46 minutes West 25.16 feet to the Northerly side of the frame house standing on the premises herein described; thence
2. Along the said side of the house and in continuation thereof South 57 degrees 31 minutes West 38.90 feet to the Northerly side of the frame building adjoining; thence
3. Along the same South 75 degrees 24 minutes East 4.61 feet; thence running
4. Along the Easterly side of the said building South 18 degrees 23 minutes West 3.58 feet; thence
5. Still along the Easterly side of said building South 0 degrees 41 minutes West 10.14 feet to the Northwesterly line of 18th Avenue; thence
6. Along the same South 74 degrees 16 minutes East 19.18 feet to the Westerly side of the frame house adjoining the premises herein described; thence
7. Along the same North 15 degrees 5 minutes East 5.00 feet to an angle in the same; thence
8. Still along the Westerly side of the said building North 57 degrees 45 minutes East 27.74 feet to the Southwesterly line of Magnolia Street and the point and place of BEGINNING.

For informational purposes only: also known as Lot 30 in Block 2607 on the City of Newark Tax Map.



**EXHIBIT C**

FILED

MAR 1 1 2005

PATRICIA K. COSTELLO, JSC

JOANNE Y. WATSON, CORPORATION COUNSEL
BY: FREDERICK COLES, III, ASSISTANT CORPORATION COUNSEL
920 BROAD STREET, NEWARK, NEW JERSEY 07102
(973) 733-3880
ATTORNEY FOR PLAINTIFF, CITY OF NEWARK

| | |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br>DOCKET NO. ESX-L-1947-04 |
| CITY OF NEWARK, a municipal corporation<br>of the State of New Jersey,<br><br>                    *Plaintiff,*<br><br>                    vs.<br><br>CHRISTOPHER EVANS, (BLOCK 2607,<br>LOT 30),<br><br>                    *Defendant.* | )<br>)<br>)<br>)            CIVIL ACTION<br>)<br>)            (IN CONDEMNATION)<br>)<br>)<br>)            CONSENT JUDGMENT<br>)<br>)<br>)<br>) |

The matter in difference in the above entitled action having been amicably adjusted by and between the plaintiff, City of Newark, and defendant, Christopher Evans, it is hereby stipulated and agreed that the same be and is hereby settled and dismissed with prejudice and without costs against either party. The parties agree that the terms of the settlement are as follows, including the Commissioners assigned to preside over this matter; and the Court making no findings as to the adequacy or inadequacy of the Agreement; and for good cause shown;

IT IS, THEREFORE, on this _11th_ day of _March_____, 2005, by the Superior Court of New Jersey, Law Division, ORDERED AND ADJUDGED, that:

1.       The funds deposited with the Clerk of the Superior Court of New Jersey in the amount of $72,000.00, plus interest accruing at the rate of 2% from the date of deposit (June 18, 2004) until release to defendant, Christopher Evans, by the Clerk's Office, exclusive of the following amounts to be withheld and disbursed to the City of Newark: (1) $5.225.04 to satisfy all outstanding real estate taxes, including tax liens due and owing on the property, 59 Magnolia

Street, Newark, New Jersey, through the date of June 18, 2004 (the filing of a Declaration of Taking) and (2) the sum of $119.21 to satisfy all outstanding water and sewer charges owed to plaintiff through June 18, 2994, the date of the filing of a Declaration of Taking (*See* Attached City of Newark Tax and Water and Sewer Schedules which are appended hereto);

2.    The Clerk of the Superior Court of New Jersey shall disburse the sum of $5,225.04 in the form of a check made payable to the City of Newark and disburse the sum of $119.21 in the form of a check made payable to the City of Newark and forward both checks to JoAnne Y. Watson, Corporation Counsel, City of Newark, Law Department, 920 Broad Street, Room 316, Newark, New Jersey 07102;

3.    All remaining funds, including any interest thereon held on deposit by the Clerk of the Superior Court of New Jersey in connection with this matter shall be disbursed directly to defendant, Christopher Evans, whose post office address is 2090 McNeil Farm Road, Raeford, North Carolina, 28376-9709;

4.    The parties acknowledge that defendant has not been represented by counsel, but has been advised by plaintiff's counsel and the Commissioners to seek independent counsel to review the terms of this Consent Judgment;

5.    This Court's Order of September 24, 2004, as amended by the Court's Order of October 8, 2004, appointed the Commissioners and required the Commissioners to provide their report to the Court on or before February 7, 2005 which date is extended until March 30, 2005 so as to afford the Commissioners sufficient time to prepare and submit their

report, to the extent necessary.

I HEREBY CONSENT AS TO FORM AND ENTRY OF THE WITHIN JUDGMENT:

_____

Christopher Evans, Pro Se

JOANNE Y. WATSON
CORPORATION COUNSEL
CITY OF NEWARK

_____

Frederick Coles, III,
Assistant Corporation Counsel

_____

Presiding Commissioner Heather Suarez, Esquire,
On Behalf of the Commissioners

_____

Honorable Patricia K. Costello, A.J.S.C.

**EXHIBIT D**

JOHN BLACK POWER OF ATTORNEY PRO SE
31 WILLIAM STREET
EAST ORANGE NEW JERSEY 07017.
Phone -973-444-2957

SUPERIOR COURT OF NEW JERSEY

CIVIL LAW DIVISION

Docket  NO L 1947-04

Motion to consolidate this motions Motion to quit title
With the IN LIEU to be hearted on March 31, 2006 or at
At the time according to law should hearted what ever date come first

The City of Newark a municipal
Corporation   the State of New Jersey

              Plaintiff                                MAR - 3 2006

Christopher C. Evans
(Dave)  John D. Black

              Defendant

THE COURT

Gentleman:

Please take Notice on a date sat by the court the under sign Defendant shall; move before

Honorable Patricia K. Costello A .J. S.C Superior Court of New Jersey   Judge for an order to declare to

Declare the following deeds to the following Properties located in the city of Newark at 59 magnolia

Street also know as   Block   Lo t Block
TAKE FUTHER Notice Movant shall   rely on the attached Records and Deed and
Ceriification of the power of Attorney /John D. Black / power of Attorney pro se

Date 3  3  2006                    two      John D.  Black PR0 SE

JOHN D BLACK/ POWER OF ATTORNEY /PRO SE
31 William Street
East Orange, New Jersey 07017
Phone No. 973  444-2957

SUPERIOR COURT OF NEW JERSEY

CIVIL ACTION
DOCKET NO L1947-04

Complaint to Quit Title

The city of Newark of the county of Essex a
Municipal corporation of the state of New Jersey

        Plaintiff

Christopher C. Evans
(Dave)John D. Black

        Defendant

This issuer Arises out of the property deed locates in the City of Newark Located at 59-
magnolia Street also known As

Block 2607      and   Lot, 30  there are some hostile rights outstanding N J S 2A:62-20TO  2
A 62 INC R4:62 39 NJ SUPER 486,121 A2D 4231956

On  September 15, 2004 Christopher C. Evans conveyed to the John D.Black plaintiff the
following Described

Land/property/ in the city of Newark Essex New Jersey
Legal description is

 BEGINNING at the point on the southwesterly line of magnolia street distant 38.65
northwesterly front the

Intersection of the same the northeasterly line of 18th Avenue the said beginning point
being also an the

Northerly side the frame house standing on the adjoining premise on the south from thence
running

I alone the aforesaid line of magnolia street north 32 degrees 46 minutes west 25.16 to the
northerly side of the

Frame house standing on the premises herein described thence

1

2 alone the aforesaid   side if the house in continuation thereof south 57 degrees 31 minutes west 38.9 feet to the

Northerly side of the frame building adjoining thence

3 Alone the same south 75 degrees 24 minutes east 4.61 feet Thence running

4 Alone the easterly side to the said building south 18 degree 23 minutes west 3.58feet Thence

5 steel alone the Easley side of the said building o degrees 41 minutes west 10, 14 feet to the northerly line of

18th avenue thence     alone the same south 74 degrees 16 minutes east 19.18 feet to the westerly side of the frame house

Adjoining the promises herein described Thence

7 . Steel in the alone the westerly side of the side of the building north 57 degrees 45 mint its east 27.74 feet to

The southerly line of Magnolia Street and the point and place BEGINNING BEING the same

Premises conveyed to the grantor herein as following (a) Under Deed from Rose Bertio, married, Mary

Everly; married Jennie Bital; married; James Lordi married; Coral Starkey, married and Robert Lordi, dated

March 28, 1984 recorded December2, 1984 Book 4857page 186 under Deed from Dorthy Lordi, Single Routh LE

Boutillier, married and Helen Montgmery, married dated march28, 1984 recored December 28, 1984 in Book

4857 page 192C UNDER Deed from A LMERICA Parent, married jeanett; avor married; Perer Parenty

married Thomas married and Louse Perenty married dated march 28 1994 recored December 28 1984 in book

4857 page 196 under Deed from Lucy Lippey unmarried Julia Lordi widow and peter Lodi married dated
March 28/1994 recorded January 10 1985 in book 4858 page 491.

2

Together with all and singer house building trees, ways water, Profits a Privilege and Advantage with the

Appurtenance to the same or in anywise appertaining

ALSO all of the estate title. Interest property claim and demand whatsoever of the party of the forts part of in every part and every parcel thereof.

Three Plaintiffs had been in peaceable possession of such land since and 5 years before the recording of such Deed

In addition, thereafter has always claimed to be the owner of the same

Plaintiff title to such land or part thereof is denied by the defendant who claim to own the same or part

There of or to some interest therein or to hold some lien or Encumbrance thereon

No action is pending to enforce or test the Validity of the defendant title, Interest or lien or encumbrance there of

## WHEREFORE DEFENDANT- DEMAND JUDGEMENT

1 THAT DEFENDANT has a good and VALID TITLT to such premises insures as the claim of the plaintiff is Concern
2 Defendant Relief
DEDENDANT FUTHER certifies that this matter on controversy is not the

Subject of any other action pending in any other court. In addition, is likewise not

subject of and pending arbitration proceeding?

Defendant father certify that he have no knowledge of compputemplated action pr

Abrasion proceeding which is con contemplated regarding this subject matter ands

are not aware of any other parties should be join in this ACTION

I certify that all if the statement that I made is true and I am aware that if any statement is willfully false I am subject imp punishment.

Date 3  3   2006

John D Black pro se

**EXHIBIT E**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION – ESSEX COUNTY
DOCKET NO: ESX–L–1947-04

**FILED**

MAR 3 1 2006

PATRICIA K. COSTELLO, AJSC

FILED IN ACT?

City of Newark, a Municipal
Corporation of the State of New Jersey
Plaintiff ,

v.                                    O R D E R

Christopher C. Evans,
Defendant,

THIS matter having been opened to the Court by John D. Black, and
Frederick Coles, III, Assistant Corporation Counsel having filed opposition and
the Court having considered all submissions and for good cause shown;

IT IS ON THIS **31**st DAY OF **MARCH**, 2006,

**ORDERED,** that the motion filed by John D. Black is hereby Administratively
Dismissed.

Reasons below.

*Patricia K. Costello*
· PATRICIA K. COSTELLO, A.J.S.C.

Reasons: Movant is not a party to this action. Motion should not have been
accepted for filing. Companion "Motion to Consolidate" was not accepted for
filing.

**EXHIBIT F**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Middle_____ District of **NORTH CAROLINA**

JOHN D. BLACK

**SUMMONS IN A CIVIL CASE**

THE CITY OF NEWARK A MUNICIPAL
CORPORATION OF THE STATE OF N.J.

CASE NUMBER:

## 1:06CV00534

TO: (Name and address of Defendant)

THE CITY OF NEWARK CORPORATION COUNSEL
NEWARK NEW JERSEY
920 BROAD STREET
NEWARK NEW JERSEY 07102

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN D. BLACK
C/O CHRISTOPHER EVANS
2090 McNEIL FORM ROAD
RAEFORD NORTH CAROLINA 28376 97091

an answer to the complaint which is served on you with this summons, within ___20___ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with
the Clerk of this Court within a reasonable period of time after service.

John S. Brubaker

CLERK

JUN 14 2006

DATE

(By) DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE Middle   DISTRICT OF NORTH CAROLINA

**COMPLAINT**

JOHN  D. BLACK

V

THE CITY of NEWARK A
MUNICIPAL CORPORATION
of THE State of NEW JERSEY

FILED
JUN 1 4 2006
IN THIS OFFICE
Clerk, U S District Court
Greensboro, N.C.
By .............

NO. _____

## 1:06CV00534

Plaintiff resides at: JOHN D. BLACK % EVANS
2090 Mc. Neil FORM ROAD
RAEFORD NORTH CAROLINA 28376-9702

Defendant(s)' name(s) and address(es), if known:
THE CITY OF NEWARK of THE COUNTY OF ESSEX
A MUNICIPAL CORPORATION OF THE STATE OF N.J.
920 BROAD STREET NEWARK N.J. 07102

Jurisdiction in this court is based on: RULE 8 PER CP



The facts complained of in this suit concern:

THIS CASE ARISE OUT OF PLAINTIFF CONSTITUTIONAL RISHT TO DUE PROCESS AND THE RISH TO JUST COMPESATION FOR REAL PROPERTYS TAKEN AWAY FROM PLAINTIFF BY THE DEFENDANT WITH OUT DUE PROCESS FOR REAL PROPERTYS LOCATED IN THE CITY OF AT 59 MASNOLIA STREET ALSO KNOWN AS BLOCK       LOT .

ON   OR ABOUT CHRISTOPHER C EVANS DONATET THE ABOVED STATED PROPERTYS TO PLAINTIFF A FAMILY MEMBER AFTER THE FACT THAT THE DEFENDANT HAD TAKEN ALL OF THE PROPERTY THAT PLAINTIFF OWENED IN THE CITY OF NEWARK BY FORCE WITHOUT DUE PROCESS LOCATED AT 519 SOUTH 16th STREET PLAINTIFF HOME AND BUINESSES PROPERTYS LOCATED A 313-315 SOUTH ORANGE AVE ALSO KNOW NS BLOCK 1779 LOT 412 THE PROPERTY WAS TAKEN WITH FRAUD AND SOLD IT TO ANOTHER PERSON TO BUILD.

MR EVANS DONATED TO PLAINTIFF BY DEED ALL OF HIS INTREST. PLAINTIFF LIVE IN THE TWO FAMILY HOUSE AND PAID TO THE DEFENDANT ALL OF THE REAL PROPERTY TAX DUE AND PAYABLE TO THE CITY OF NEWARK ALLNE WITH THE WATER AND SEWERS.

THE CITY OF NEWARK( DEFENDANT) ALLESED A NUMBER OF WAYS OF TAKING THAT THEY WAS SOING TO TAKE THE PROPERTY. EMENT DOMAIN W/ INCOMDENATION / THE TRUE FACT OF THE MIDHER  THE PROPERY WAS TAKEN AWAY FROM THE PLAINTIFF WITHOUT DUE PRODESS AND OR ON NOVEMBER 19, 2004 AND WITHOUT JUST OR ANY COMPESATION AT ALL THE COURT OF NEW JURSEY DOES NOT HAVE A TRUE DUE PROCESS DOCKET CORCENINS RESARDINS MY PROPERTYS (PLAINTIFF)

ON NOV 19, 2004 THE DEFENDANT TOOK OVER THE PROPERTY AND SOLD TO HOME DEPOT AT A SRATE PRICE AND PROMISE AS OF THIS DATE THE DEFENDANT MAY 7, 2006 THE DEFENDANT REFUSE TO PAY TO PLAINTIFF JUST COMPENSATION.

2

THE Defendant HAVE TAKen PlAiNtiff Thou A MAKe Belief
Court Promison TO PAY CASE AND EVEN THOU MR
EVAns HAVE Certified THE FAct THAT He GiVe PiNiNtiff
All of His Intrest And Deed THE Defendand
With MALice WilLing WitfullE REfuse To PAY ANY Money
To PlAiNtiff

*(If you need more space, or wish to include any further information for consideration, please attach additional sheets.)*

I seek the following relief I

1. DemAnd JURY TRiAl
2. JudgmeNt 100. Million DollARS

PlAiNtiff Demand All Relief PRouided UnderTHE LAW But NotLimit To PuNitive
DAMAGe / ComPeNSATORY DAMAGe FOR EConomic Loss
MeNtAl DAMAGe PAin And Suffing
PlAiNtiff - 5 FiVe BilliOn DollARS

I HEREbY CERtiAY THOt All of THE StAtement mAde bY me
Are TRue I AmAwAre THAt if StAtEment Are WilifullY FAlE
I AM Subjed TO PuNiShment.

Signature of plaintiff   JOhN D. Black

Address of Plaintiff   20 MC NEil FARM Rd

City, Code, Zip   RAEfORd N C.

Phone with area code   973 4442957

Date:

(3)

EXHIBIT G

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN D. BLACK                    )
                                 )
            Plaintiff(s),        )
                                 )        NOTICE  1:06CV534
      v.                         )
                                 )
THE CITY OF NEWARK               )
                                 )
            Defendant(s).        )

Enclosed with this Notice is the Magistrate Judge's Recommendation in the above-entitled action, which has been filed and entered upon the docket in this case.

Rule 72(b), Fed. R. Civ. P., provides in pertinent part:
(b) Dispositive Motions and Prisoner Petitions.

* * *

Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Since the time limitation for objections established by Rule 72(b) is less than eleven days, intermediate Saturdays, Sundays, and legal holidays are excluded in computation of the time period. *See* Fed. R. Civ. P. 6(a). Further, since this notice is served by mail, three days are added to the prescribed period. *See* Fed. R. Civ. P. 6(e).

You are hereby notified that unless written objections to the Magistrate Judge's Recommendation are served and filed as provided in the federal rules, the district judge shall enter an appropriate order or judgment but need not make a de novo review of the Magistrate Judge's Recommendation. Therefore, if you fail to serve and file objections within the time limitation provided by the rules, as computed in this notice, you may waive your right to question on appeal the substance of the Recommendation of the Magistrate Judge accepted by the district judge.

Pursuant to Fed. R. Civ. P. 72(b), 6(a), and 6(e), objections to the Magistrate Judge's Recommendation in this case must be filed and served by ____01/08/2007_____.

I hereby certify that on ____12/19/2006_____, I mailed a copy of this notice and the related Magistrate Judge's Recommendation to any non-CM/ECF participants using first class mail. The CM/ECF docketing system will automatically and electronically notify all CM/ECF participants upon the docketing of this notice. For a listing of parties served, refer to this document's Notice of Electronic Filing, which was sent to any non-CM/ECF participants.

John S. Brubaker, Clerk

By: /s/ Abby McClain
        Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOHN D. BLACK,<br><br>Plaintiff, pro se,<br><br>v.<br><br>THE CITY OF NEWARK, A<br>Municipal Corporation of the<br>State of New Jersey,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1:06CV534

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure for lack of standing, lack of subject matter jurisdiction, and improper venue [docket no. 19]. Also pending are Plaintiff's motions to amend his complaint (docket no. 14) and to dismiss "the signed Consent in Lie the order and Demand trial by jury" (docket no. 25). The parties have either responded to the respective motions, or the time to do so has passed, and the matter is ripe for disposition. For the reasons discussed herein, it will be recommended that the court grant Defendant's motion to dismiss based on improper venue. Moreover, the motion to amend the complaint and the motion to dismiss "the signed Consent in Lie the order and Demand trial by jury" should be denied as moot.

## BACKGROUND

Pro se Plaintiff John D. Black, a resident of North Carolina, has filed a complaint in this court, alleging that the City of Newark, New Jersey violated his Fifth Amendment right to just compensation when the City condemned certain property in the City of Newark without paying Plaintiff compensation for the taking of the property. Plaintiff alleges that he is the record owner of the property. The City paid compensation to another person for its taking of the property, and the City maintains that the other person was the record owner of the property. Because this lawsuit has been filed in an improper forum, this case should be dismissed.

## STANDARD OF REVIEW AND DISCUSSION

When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action. *Plant Genetic Sys., N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Pursuant to 28 U.S.C. § 1391(b):

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

-2-

Here, it is clear that this court is not a proper forum. This case was not brought in either the judicial district where Defendant is deemed to reside, in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or where the property is located. As noted, Defendant City of Newark is a municipal corporation of the State of New Jersey, the property at issue is located in Newark, and the events giving rise to the claims all occurred in Newark. Thus, this district is not a proper forum.[1]

Moreover, the court notes that dismissal, rather than a transfer of venue to New Jersey, is appropriate in this case. Courts have established that where venue would be proper in another district under section 1391, transfer is preferred over dismissal unless there is evidence that a case was brought in an improper venue in bad faith or in an effort to harass a defendant. *Jackson v. Leake*, No. 1:05CV00691, 2006 WL 2264027, at *10 (M.D.N.C. Aug. 6, 2006). Defendant has presented evidence showing that Plaintiff has already litigated this very issue in New Jersey state court; thus, it appears that Plaintiff filed his lawsuit in this court in bad faith or in an effort to harass Defendant.[2] (See Def.'s Br., Ex. B.)

---

[1] Since dismissal is clearly proper based on improper venue, the court need not address Defendant's alternative argument that dismissal is proper for lack of standing and for lack of subject matter jurisdiction. Moreover, although Defendant did not move to dismiss based on lack of personal jurisdiction, the Complaint contains no facts whatsoever that would indicate that this court could assert personal jurisdiction over Defendant, a municipality in another State.

[2] The New Jersey state court adjudication obviously raises res judicata concerns, but since the court is dismissing for lack of proper venue, there is no need to delve into the issue of res judicata.

-3-

## CONCLUSION

It is therefore **RECOMMENDED** that the court **DISMISS** the complaint pursuant to FED. R. CIV. P. 12(b)(3) for improper venue (docket no. 19). **To this** extent, Plaintiff's motion to amend his complaint (docket no. 14) should be denied as **MOOT**. Moreover, Plaintiff's motion to dismiss "the signed Consent in Lie the order and Demand trial by jury" (docket no. 25) should likewise be **DENIED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
December 19, 2006

-4-

**EXHIBIT H**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN D. BLACK,                        )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )        1:06CV00534
                                      )
THE CITY OF NEWARK, a municipal       )
corporation of the State of           )
New Jersey,                           )
                                      )
        Defendant.                    )

ORDER AND JUDGMENT

OSTEEN, District Judge

    In this Standing Order 30 proceeding, the Magistrate Judge has

recommended that Plaintiff's complaint be dismissed for improper venue

pursuant to Federal Rule of Civil Procedure 12(b)(3), that Plaintiff's

motion to amend his complaint should be denied as moot, and that

Plaintiff's motion to dismiss "the signed Consent in Lieu the order

and Demand trial by jury" should be denied.  Plaintiff filed a timely

objection to the Recommendation.

    This court has reviewed the file and has determined that the

Recommendation of the Magistrate Judge is appropriate and should be

adopted.

    In the court file, there appears a document called by the

Plaintiff as a "Motion for Summary Judgmenr" (sic) (Doc. No. 31).  The

content of that document alleges no grounds for summary judgment or

any other relief.  It simply contains a collection of exhibits.

There also appears in the court file a document entitled "Motion to Ammend (sic) Inform Brief," (Doc. No. 42) which is not material to this proceeding.

For good cause, IT IS ORDERED that the motions (Doc. Nos. 31 & 42), if in fact they are motions, above mentioned are hereby denied as moot.

For the reasons set forth in the Magistrate Judge's Recommendation of December 19, 2006,

IT IS ORDERED AND ADJUDGED that Plaintiff's complaint is dismissed (Doc. No. 19) pursuant to Federal Rule of Civil Procedure 12(b)(3).

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's motion to amend his complaint (Doc. No. 14) is denied as moot, and that Plaintiff's motion to dismiss "the signed Consent in Lieu the order and Demand trial by jury" (Doc. No. 25) is denied.

This the 20th day of April 2007.

_United States District Judge_

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN D. BLACK,<br><br>               Plaintiff,<br><br>     v.<br><br>CITY OF NEWARK, a municipal corporation of the State of New Jersey; NEW JERSEY STATE GOVERNMENT; and RONALD RICE, State of New Jersey Senator,<br><br>               Defendants. | 1:07-CV-01644 (RMC)<br><br><br><br>**ORDER ON MOTION TO DISMISS** |

On _____, 200__, the Motion of Summary Judgment filed by the plaintiff JOHN D. BLACK and the Cross-Motion to Dismiss filed by defendant CITY OF NEWARK were duly heard.  The Court has considered the papers submitted in favor of and opposed to the motion and cross-motion, has reviewed the authorities cited by the parties, has reviewed the record in the case submitted and cited by the parties, and has considered their arguments.  Being so informed, the court is of the opinion that the CITY OF NEWARK is entitled, as a matter of law, to the relief requested in its cross-motion.  Therefore,

IT IS ORDERED that:

1.     Plaintiff's Motion for Summary Judgment is DENIED;

2.     Defendant CITY OF NEWARK's Cross-Motion to Dismiss is GRANTED;

3.     The Clerk of this Court will enter judgment dismissing the action as against defendant CITY OF NEWARK, with prejudice, and without costs to either party; and

4.      All relief not expressly granted is denied.


_____
HON. ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE


DATED: