# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

JOHN D. BLACK,

        Plaintiff,

   v.

CITY OF NEWARK, a municipal corporation
of the State of New Jersey; NEW JERSEY
STATE GOVERNMENT; and RONALD
RICE, State of New Jersey Senator,

        Defendants.

1:07-CV-01644 (RMC)

---

## NEWARK'S BRIEF IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

## POINTS OF LAW AND AUTHORITY SUPPORTING
## THE CITY OF NEWARK'S CROSS-MOTION TO DIMSISS

1.      Plaintiff's Motion for Summary Judgment should be denied without prejudice because it is procedurally defective under the District Court's Local Rules 7(a), 7(c), and 7(h). Elliott v. United States Dep't. of Agric., No. 06-240, 2007 U.S. Dist. LEXIS 32161, at *1 n1 (D.D.C. May 2, 2007).

2.      The City of Newark's Cross-Motion to Dismiss should be granted because the District Court for the District of Columbia does not have personal jurisdiction over Newark.

    A.      The District of Columbia's long-arm statute is inapplicable to Newark, a municipal corporation of the State of New Jersey.  D.C. CODE § 13-421; Campo Band of Mission Indians v. United States, No. 99-3375, 2000 U.S. Dist. LEXIS 7269, at *21-23 (D.D.C. May 24, 2000).

    B.      Subjecting Newark to the jurisdiction of this court would offend traditional notions of due process because Newark could not have expected to be sued in the District of Columbia for claims arising out of its condemnation of local property. Marshall v. State of Washington, 89 F. Supp. 2d 4, 9-10 (D.D.C. 2000).

3.      Newark's Cross-Motion to Dismiss should be granted because the District Court for the District of Columbia is an improper venue for this action.

    A.      The court is an improper venue because (i) Newark does not reside in D.C.; (ii) the events giving rise to plaintiff's claim did not occur in D.C. (nor is any relevant property located here); and (iii) there is another judicial district where plaintiff's claims could be heard.  28 U.S.C. § 1391(b); Mikkilineni v. Pennsylvania., No. 02-1205, 2003 U.S. Dist. LEXIS 13669, at *21-24 (D.D.C. August 5, 2003).

B.    The court should dismiss the action -- rather transfer it to the district court in New Jersey -- because the complaint was filed in bad faith and in an effort to harass the City of Newark.  Id. at *25-26.


## STATEMENT OF FACTS & PROCEDUAL HISTORY

Three years ago, the City of Newark, New Jersey acquired real property, located in Newark at 59 Magnolia Street, through eminent domain litigation.  Newark filed the condemnation complaint on March 16, 2004 in the Superior Court of New Jersey.  (See Declaration of John B. Nance ("Nance Dec."), Exhibit A).  The defendant named by Newark was a certain Christopher Evans, the record owner of the property.

On June 18, 2004, during the pendency of the condemnation litigation, Newark became the owner of the property by filing a Declaration of Taking in the Superior Court.  (See Nance Dec., Exhibit B).  Under New Jersey law, a condemnor is vested with title to property upon the filing of such a Declaration.  See N.J. Stat. Ann. § 20:3-21.

Several months later, Newark and Evans settled the litigation.  Evans agreed to accept $72,000 as compensation for the Magnolia Street property.  The parties set forth the terms of their settlement in a Consent Judgment, which was executed by the Honorable Patricia K. Costello and filed in the Superior Court on March 11, 2005.  (See Nance Dec., Exhibit C).  The filed Consent Judgment was a final judgment of the condemnation litigation.

Plaintiff John Black alleges that he, and not Evans, was the owner of the Magnolia Street property, and that, by compensating Evans rather than him, Newark violated Black's constitutional rights.  This is the third litigation in which Black -- who currently shares an

address with Evans -- has alleged that he, rather than Evans, was the owner of Magnolia Street property when Newark acquired it.

Black asserted such a claim in the state court condemnation litigation in a post-judgment motion. Black filed his "Motion to consolidate this motions to quit title With the IN LIEU to be hearted on March 31, 2006 or at At the time according to law should be hearted what ever date come first" on March 3, 2006, almost one year after the Consent Judgment between Newark and Evans was entered by the court. (See Nance Dec., Exhibit D). In the motion, Black, a non-party to the condemnation litigation, sought to quiet title to the Magnolia Street property in his favor pursuant to an alleged sale from Evans to him. The Superior Court administratively dismissed Black's motion on March 31, 2006. (See Nance Dec., Exhibit E).

Several months later, on June 14, 2006, Black filed a complaint in the United States District Court for the Middle District of North Carolina. (See Nance Dec., Exhibit F). In the North Carolina complaint, Black alleged that he was the owner of the Magnolia Street property when Newark acquired it and that Newark violated his Fifth Amendment rights by compensating Evans for it rather than him.

Newark moved to dismiss the North Carolina complaint for lack of standing, lack of subject matter jurisdiction, and improper venue. On December 19, 2006, Magistrate Judge Wallace Dixon recommended granting the motion under Rule 12(b)(3) for improper venue. (See Nance Dec., Exhibit G). Moreover, Magistrate Wallace concluded that the matter should be dismissed rather than transferred to a more appropriate venue because "it appear[ed] that [Black] filed [the North Carolina complaint] in bad faith or in an effort to harass [the City of Newark]." (See id., at 3). United States District Judge William Osteen adopted Magistrate Wallace's

findings and dismissed the North Carolina complaint in an Order dated April 20, 2007.  (See Nance Dec., <u>Exhibit H</u>).

Having lost before the Superior Court of New Jersey and the District Court for the Middle District of North Carolina, Black seeks to renew his claims before this court.  In the latest complaint, filed on September 17, 2007, Black again alleges that the City violated his constitutional rights by compensating Evans for the Magnolia Street property rather than him. On October 22, 2007, he filed the "Motion for a Summary Judgment" presently before the court.

## LEGAL ARGUMENT

**I.    Plaintiff's Motion for Summary Judgment Should Be Denied Because It Is Defective Under the District Court's Local Rules 7(a), 7(c), and 7(h).**

The District Court's local rules contain the following motion-practice requirements:

- Motions must "include [] a statement of the specific points of law and authority that support the motion[.]"  L.Cv.R. 7(a).

- They must "be accompanied by a proposed order."  L.Cv.R. 7(c).

- And, motions for summary judgment must "be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue[.]" L.Cv.R. 7(h).

Motions that fail to comply with the District Court's local rules -– even where the movant is pro se –- should be denied.  <u>See</u> <u>Elliott v. United States Dep't of Agric.</u>, No. 06-240, 2007 U.S. Dist. LEXIS 32161, at *1 n.1 (D.D.C. May 2, 2007).

Plaintiff's Motion for Summary Judgment is fatally defective under the local rules.  The motion does not include a statement of specific points of law and supporting authority.  It is not accompanied by a proposed form of order.  And, it does not contain a statement of undisputed

material facts.  Moreover, the motion fails to support any facts –- material or not -– with any competent evidence; plaintiff offers no sworn statements nor any declarations under Local Rule 11.2.  The motion is little more than a recapitulation of the Complaint.  It should be denied.


II.    **Newark's Cross-Motion to Dismiss Should Be Granted Because the District Court for the District of Columbia Does Not Have Personal Jurisdiction Over the City of Newark and Because the Court Is an Improper Venue for this Action.**

    A.    **The District Court for the District of Columbia Does Not Have Personal Jurisdiction Over the City of Newark.**

    In order to determine whether the court possess "personal jurisdiction over a non-resident," it engages a "two-part inquiry."  Marshall v. State of Washington, 89 F. Supp. 2d 4, 8-10 (D.D.C. 2000).  "[The] court must first examine whether jurisdiction is applicable under the [District of Columbia's] long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process."  Id at 9 (quoting GTE New Media Servs., Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000)).

    The District's long-arm statue is inapplicable to the City of Newark.  First, as a matter of law, Newark is not a "person" under the statute.  See D.C. CODE § 13-421; see also Mission Indians, supra, 2000 U.S. Dist. LEXIS 7269, at *21-23 (concluding that the city of San Diego, California is not subject to the District's long-arm statute).

    Secondly, even if Newark is a statutory "person," the District's long-arm statute does not apply because there are no relevant contacts between the parties to the Complaint or the events described therein and the District of Columbia, and no such contacts are even alleged in the complaint.  Plaintiff does not allege that Newark harmed him in the course of conducting business in the District or in "supply[ing] services" here.  D.C. CODE § 13-423(1) and (2).  Nor does plaintiff allege that Newark caused a tortuous injury in the District.  D.C. CODE § 13-423(3)

6

and (4).  Nor does he allege that Newark possesses real property in the District or that Newark

acted as a surety here.  D.C. CODE § 13-423(5) and (6).

Even if the District's long-arm statute did apply in this matter, the "assumption of

jurisdiction by the court would [nevertheless] offend traditional notions of due process," and

would be improper.  Ibid.  When the City of Newark exercised the eminent domain powers

statutorily vested in it by the State of New Jersey in order to acquire real property located within

the city limits, it could not have "reasonably anticipate[d] being hauled into" the district court for

the District of Columbia for doing so.  Marshall, supra, 89 F. Supp. 2d at 9-10 (quoting World-

Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).  Newark took no actions "by

which [it] purposely avail[ed] itself of the privilege of conducting activities in the [District of

Columbia]."  Ibid. (quoting Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 108-

09 (1987)).  And, no such action is alleged in the complaint.  Thus, the court's assertion of

jurisdiction would be improper, and the complaint should be dismissed.

**B.    The District Court for the District of Columbia Is an Improper Venue for this Action.**

Under Rule 12(b)(3), district courts will not hear "a case if venue is improper or

inconvenient in the plaintiff's chosen forum."  Mikkilineni v. Pennsylvania., No. 02-1205, 2003

U.S. Dist. LEXIS 13669, at *20 (D.D.C. August 5, 2003).  The venue statute applicable to this

matter is 28 U.S.C. § 1391(b):

> A civil action wherein jurisdiction is not founded solely upon
> diversity of citizenship may, except as otherwise provided by law,
> be brought only in (1) a judicial district where any defendant
> resides, if all defendants reside in the same State, (2) a judicial
> district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property
> that is the subject of the action is situated, or (3) a judicial district

in which any defendant may be found, if there is no district in
which the action may otherwise be brought.

None of the statute's three prongs apply here, and plaintiff does not allege any facts
which would support a conclusion to the contrary.  First, the City of Newark is not a resident of
the District of Columbia; it is a municipal corporation of the State of New Jersey.  Second, the
events "giving rise to the claim" did not occur here, and the property in which plaintiff claims an
interest is not located here.  The events occurred, and the Magnolia Street property is located, as
plaintiff describes, in New Jersey.  Third, because this action could have been filed in the District
Court for the District of New Jersey -– which has jurisdiction over the City of Newark -– "the
third prong is not applicable."  Mikkilineni, at *25.  Failing the three prongs of § 1391(b), the
action is improperly venued in this court.  Ibid.; see also Campo Band of Mission Indians v.
U.S., No. 99-3375, 2000 U.S. Dist. LEXIS 7269, *24 (D.D.C. May 24, 2000).

When venue "is improper, the court 'shall dismiss, or if it be in the interest of justice,
transfer such case to any district or division in which it could have been brought.'"  Mikkilineni,
supra, at *25 (quoting 28 U.S.C. § 1406(a)).  The court should dismiss this matter because
transfer will not serve the interests of justice.[1]  Black has had more than sufficient opportunity to
pursue these claims.  Indeed, this is his third proverbial bite at the apple.  The Middle District of
North Carolina elected to dismiss the 'second bite' because it found that Black's complaint was
filed "in bad faith or in an effort to harass [Newark]."  (See Nance Dec., Exhibit G, at 3).  The

---

[1]  Insofar as resolving this sub-point requires the court to review documents filed in the parties'
prior litigations, the standard of review for the sub-point arguably is supplied by Rule 56 rather
than Rule 12.  But, while the standard of review may be different for this sub-point, the outcome
is the same because there are no genuine issues of material fact that plaintiff filed the complaint
in bad faith and that justice will not be served by transferring the matter and protracting the
harassment.

latest complaint is just more bad faith pleading and more harassment, and the court should dismiss it with prejudice.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the court should deny plaintiff's Motion for Summary Judgment, should grant Newark's Cross-Motion, and should dismiss the action with prejudice.

Respectfully submitted,


By: __/s/ Kenneth A. Gross_____
KENNETH A. GROSS
Counsel for Defendant
City of Newark
Bar No. 923094


Dated:  December  5 , 2007