UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN D. BLACK, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-1644 (RMC) |
| CITY OF NEWARK, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On September 17, 2007, John D. Black, proceeding *pro se*, filed a Complaint against the City of Newark and several others, alleging violations of his 5th and 14th Amendment rights. Mr. Black claims that he is the owner of property located at 59 Magnolia Street in Newark, that he acquired this property from Christopher C. Evans, a family member, who donated the property to Mr. Black "in order for [Mr. Black] to have a place to reside," and that he was not compensated for the property when it was taken by Newark through eminent domain. Compl. at 2.

Before the Court is Defendant City of Newark's Motion to Dismiss the Complaint ("Def.'s Mem.") [Dkt. # 13]. For the reasons that follow, the Motion will be granted.

### I. BACKGROUND

**A.    The Condemnation Litigation**

In 2004, the City of Newark, New Jersey acquired real property, located in Newark at 59 Magnolia Street, through eminent domain. Newark filed a condemnation complaint on March 16, 2004 in the Superior Court of New Jersey. *See* Def.'s Mem., Decl. of John B. Nance ("Nance Decl."), Ex. A. Newark named Christopher Evans as the defendant, the record owner of the

property.

On June 18, 2004, Newark became the owner of the property upon filing a Declaration of Taking in the Superior Court. *See* Nance Decl., Ex. B. Under New Jersey law, a condemnor is vested with title to property upon the filing of such a Declaration. *See* N.J. Stat. § 20:3-21.

Several months later, Newark and Mr. Evans settled the litigation and Mr. Evans agreed to accept $72,000 as compensation for his Magnolia Street property. The parties set forth the terms of their settlement in a Consent Judgment, which was executed by the Honorable Patricia K. Costello and filed in the Superior Court on March 11, 2005. *See* Nance Decl., Ex. C. The Consent Judgment was a final judgment on the condemnation litigation.

### B. Related Cases

Plaintiff John Black alleges that he, not Mr. Evans, was the owner of the Magnolia Street property, and that by compensating Mr. Evans rather than him, Newark violated Mr. Black's constitutional rights. This is the third in a series of related cases in which Mr. Black has alleged that he was the rightful owner of the Magnolia Street property when Newark acquired it.

Mr. Black asserted his first claim in a post-judgment motion after the state court condemnation litigation, nearly a year after the Consent Judgment between Newark and Mr. Evans was entered by the court. *See* Nance Decl., Ex. D ("Motion to consolidate this motions to quit [sic] title With the IN LIEU to be [heard] on March 31, 2006 or [at] the time according to law should be [heard] what[]ever date come[s] first"). In the motion, Mr. Black, a non-party to the condemnation litigation, sought to quiet title to the Magnolia Street property in his favor pursuant to an alleged sale from Mr. Evans to him. *See id.* ("On September 15, 2004 Christopher C. Evans conveyed to the

John D. Black plaintiff the [Magnolia Street property]."). The Superior Court administratively dismissed his motion on March 31, 2006. *Id*., Ex. E.

Several months later, on June 14, 2006, Mr. Black filed a complaint in the United States District Court for the Middle District of North Carolina. *Id*., Ex. F. In that complaint, Mr. Black again alleged that he was the owner of the Magnolia Street property when Newark acquired it and that Newark violated his Fifth Amendment rights by compensating Mr. Evans for it rather than him. Mr. Black sought $100,000,000 in compensation and $5,000,000,000 in punitive damages for the constitutional violations.

Newark moved to dismiss the North Carolina complaint for lack of standing, lack of subject matter jurisdiction, and improper venue. On December 19, 2006, Magistrate Judge Wallace Dixon recommended granting the motion under Rule 12(b)(3) for improper venue. *Id*., Ex. G. Judge Dixon concluded that the matter should be dismissed rather than transferred to a more appropriate venue because "it appear[ed] that [Mr. Black] filed [the North Carolina complaint] in bad faith or in an effort to harass [Newark]." *Id*., Ex. G at 3. "Defendant has presented evidence showing that Plaintiff has already litigated this very issue in New Jersey state court." *Id*. United States District Judge William Osteen adopted the recommendation and dismissed the complaint by order dated April 20, 2007. *Id*., Ex. H.

Having lost before the Superior Court of New Jersey and the District Court for the Middle District of North Carolina, Mr. Black seeks to renew his claims before this Court. In his Complaint, Mr. Black again alleges that Newark violated his constitutional rights by compensating Mr. Evans for the Magnolia Street Property rather than him. Newark moves to dismiss for lack of personal jurisdiction and improper venue.

3

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(2)

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over the defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). The plaintiff must allege specific acts connecting the defendant with the forum. *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Bare allegations and conclusory statements are insufficient. *Id.*

In determining whether a factual basis for personal jurisdiction exists, the court should resolve factual discrepancies appearing in the record in favor of the plaintiff. *Crane*, 894 F.2d at 456. The court need not treat all of the plaintiff's allegations as true, however. *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). Instead, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Id*.

### B. Federal Rule of Civil Procedure 12(b)(3)

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may, at the lawsuit's outset, test whether the plaintiff "has brought the case in a venue that the law deems appropriate." *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53 (D.D.C. 2006). "If the plaintiff's chosen forum is an improper venue under applicable statutes, or is otherwise inconvenient, the Court may dismiss the action or transfer the case to a district where venue would be proper or more convenient." *Id*. (citing 28 U.S.C. § 1406 (providing for dismissal or transfer when venue is defective)). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the

burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003); *see also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1352 (2d ed. 1987) (noting that placing the burden on the plaintiff "seems correct inasmuch as it is plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue.").

### III. DISCUSSION

#### A. Personal Jurisdiction

In order to determine whether the court possesses "personal jurisdiction over a non-resident," it engages in a "two-part inquiry." *Marshall v. Labor & Indus.*, 89 F. Supp. 2d 4, 8-10 (D.D.C. 2000). "[The] court must first examine whether jurisdiction is applicable under the [District of Columbia's] long-arm statute and then determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *Id*. at 9 (quoting *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000)).

The District's long-arm statute is inapplicable to Newark. First, as a matter of law, Newark is not a "person" under the statute. *See* D.C. Code § 13-421; *see also Campo Band of Mission Indians v. United States*, No. 99-3375, 2000 U.S. Dist. LEXIS 7269, at *21-23 (D.D.C. 2000) (concluding that the city of San Diego, California is not subject to the District's long-arm statute).

Second, even if Newark could be considered a statutory "person," the District's long-arm statute does not apply because there are no relevant contacts between the parties to the Complaint or the events described therein and the District of Columbia, and no such contacts are alleged in the Complaint. *See* D.C. Code § 13-423.

Finally, when Newark exercised its eminent domain powers, it could not have

"reasonably anticipate[d] being haled into" the District of Columbia for doing so. *Marshall*, 89 F. Supp. 2d 4 at 9-10 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Mr. Black has not accused Newark of taking any actions "by which [it] purposely avail[ed] itself of the privilege of conducting activities in the" District of Columbia. *Id*. (quoting *Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102, 108-09 (1987)).

In his Opposition, *see* Dkt. # 19, Mr. Black offers no coherent justification for personal jurisdiction in this Court. Instead, he vaguely argues that he cannot file in New Jersey because of the rampant government-wide "mob style corruption." The Court concludes that it has no personal jurisdiction over Newark or any other named defendant in this matter.[1]

**B.    Venue**

Under Rule 12(b)(3), district courts will not hear "a case if venue is improper or inconvenient in the plaintiff's chosen forum." *Mikkilineni v. Pennsylvania*, No. 02-1205, 2003 U.S. Dist. LEXIS 13669, at *20 (D.D.C. Aug. 5, 2003). Under 28 U.S.C. § 1391(b),

> a civil action wherein jurisdiction is not founded solely upon diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be

---

[1] In his Complaint, Mr. Black named the New Jersey State Government, New Jersey State Senator Ronald Rice, and Homepore, Inc. as defendants, in addition to the City of Newark. *See* Dkt. # 1. There is no evidence that the New Jersey State Government was served with a copy of the summons and Complaint. Homepore, Inc., a New Jersey entity according to the address listed on the summons, and Senator Rice were purportedly served on September 25, 2007. *See* Dkt. # 3. However, there is no personal jurisdiction over any of these defendants because, *inter alia*, Mr. Black has not alleged any relevant contacts between the named defendants and the District of Columbia.

brought.

*Id*. Mr. Black does not establish venue in this District through any of the three statutory prongs. First, Newark is not a resident of the District of Columbia; it is a municipal corporation of the State of New Jersey. Second, the events "giving rise to the claim" did not occur here, and the property at issue is located in New Jersey. Third, this action could have been filed in the United States District Court for the District of New Jersey, which has jurisdiction over the City of Newark.

When venue "is improper, the court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Mikkilineni*, 2003 U.S. Dist. LEXIS 13669, at *25 (quoting 28 U.S.C. § 1406(a)). The Court does not find it to be in the interest of justice to transfer this case. Mr. Black has had ample opportunity to file his action in a proper venue and to date has produced no evidence beyond conclusory statements that his claims have substantive merit. Accordingly, this case will be dismissed.

### IV.  CONCLUSION

Defendant's Motion for Summary Judgment [Dkt. # 13] will be granted. All other pending motions will be dismissed as moot and this case will be dismissed. A memorializing order accompanies this Memorandum Opinion.

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

Date: March 10, 2008